UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN C. TILLEY, | : | |
| | : | No. 3:02CV1312 (JCH) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ANIXTER INCORPORATED, | : | |
| PACER/ANIXTER INC. and | : | |
| DAVID G. TILLEY, | : | October 30, 2003 |
| | : | |
| Defendants. | : | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS
ANIXTER INC. AND PACER/ANIXTER, A DIVISION OF ANIXTER INC.**

Defendants, Anixter Inc. ("Anixter") and Pacer/Anixter, A Division of Anixter Inc. (collectively, "the Corporate Defendants"), as an Answer to the Complaint of plaintiff Susan C. Tilley dated July 29, 2002, state as follows in response to the paragraph-by-paragraph allegations made against defendants. All allegations not specifically addressed herein are denied.

1.      The Corporate Defendants admit that plaintiff's Complaint purports to seek damages under the tort laws of the State of Connecticut.  The Corporate Defendants deny the remaining allegations of the paragraph, including, without limitation, the allegation that they caused any damages to plaintiff or that plaintiff has asserted any proper claims under the tort laws of the State of Connecticut.

2. The Corporate Defendants admit that through this action plaintiff purports to seek relief against defendants. The Corporate Defendants deny the allegation that plaintiff suffered damages as a result of their activities.

**JURISDICTION AND VENUE**

3. The Corporate Defendants deny that plaintiff has properly invoked this Court's jurisdiction pursuant to 28 U.S.C. § 1332. The Corporate Defendants admit that Anixter Inc. is a Delaware corporation with its principal place of business in Illinois. The Corporate Defendants deny that Pacer/Anixter is a foreign corporation. The Corporate Defendants admit that defendant David G. Tilley resides in North Carolina.

4. The Corporate Defendants deny that this Court has jurisdiction by virtue of the diversity of citizenship of the parties. The Corporate Defendants admit that venue is appropriate in this district. The Corporate Defendants deny the remaining allegations of this paragraph.

**THE PARTIES**

5. The Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. The Corporate Defendants admit that Anixter Inc. is a duly authorized Delaware corporation doing business in Connecticut, and that it has a facility in Cheshire, Connecticut. The Corporate Defendants admit that at the time this lawsuit was filed, the headquarters of Anixter Inc. was located in Skokie, Illinois. However, Anixter's principal place of business is now located at 2301 Patriot Boulevard, Glenview, Illinois.

7. The Corporate Defendants deny the allegations of this paragraph.

8. The Corporate Defendants admit that defendant David G. Tilley resides in Denver, North Carolina. The Corporate Defendants also admit that Mr. Tilley is an employee of Anixter Inc., and that Anixter is engaged in the sale and distribution of telecommunication cable and products, among other things. The Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

**FACTUAL BACKGROUND**

9.-10. The Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 9-10.

11. The Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph. The Corporate Defendants deny the allegations of the second sentence of this paragraph and the allegation in the third sentence that Michael Rosa was "President of Pacer/Anixter, Inc." The Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of paragraph 11.

12. The Corporate Defendants deny the allegations of paragraph 12.

13. The Corporate Defendants deny the allegations of paragraph 13.

**FIRST COUNT: FRAUD**

14.-19. Pursuant to the Court's order dated September 19, 2003, the First Count has been dismissed. Accordingly, it is unnecessary to respond to paragraphs 14-19 of the Complaint.

**SECOND COUNT: CONSPIRACY**

20.-24. Pursuant to the Court's order dated September 19, 2003, the Second Count has been dismissed. Accordingly, it is unnecessary to respond to paragraphs 20-24 of the Complaint.

**THIRD COUNT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

25. The Corporate Defendants respond to the allegations of paragraph 25 by incorporating herein their statements in paragraphs 1-24 above, as if set forth fully herein.

26. The Corporate Defendants deny the allegations of this paragraph.

27. The Corporate Defendants deny the allegations of this paragraph.

28. The Corporate Defendants deny the allegations of this paragraph.

29. The Corporate Defendants deny that their actions have caused the plaintiff injuries. The Corporate Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 29.

WHEREFORE, the Corporate Defendants deny that plaintiff is entitled to any relief against them with respect to her Complaint, and respectfully request entry of judgment dismissing with prejudice all claims and requests for relief against them, awarding the Corporate Defendants such costs, disbursements and attorneys' fees as may be allowed by law, and granting them such further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

The Corporate Defendants state the following defenses without assuming any burden of proof that would otherwise rest on the plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part for failure to state a claim upon which relief can be granted, on the basis of, among other things, the common law privilege for communications or testimony in connection with an ongoing judicial proceeding, and the fact that the allegations of the Complaint do not satisfy the legal elements of the tort of intentional infliction of emotional distress.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of release and/or accord and satisfaction, premised on the release executed by Susan Tilley on or about June 17, 1998.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of collateral estoppel and/or res judicata.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the three-year statute of limitations, Conn. Gen. Stat. § 52-577.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part on the grounds that the Corporate Defendants are not liable for the intentional torts or improper conduct of their agents or employees outside the

scope of their employment or agency and/or not in furtherance of their employer's or principal's business.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by plaintiff's failure to avoid, minimize or mitigate her alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the fact that any alleged damages must be "set-off" by the damages caused by plaintiff to defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert other defenses in this action as it proceeds.

## DEFENDANT ANIXTER'S COUNTERCLAIM

Defendant Anixter Inc. ("Anixter") states its counterclaim against plaintiff as follows:

### THE PARTIES

1.  Anixter is a Delaware corporation which, among other things, is engaged in the business of distributing wire and cable. Anixter is a wholly owned subsidiary of Anixter International Inc. ("parent corporation"), a Delaware corporation. Anixter's principal place of business is located at 2301 Patriot Boulevard, Glenview, Illinois. In or around June 1998, the parent corporation of Anixter acquired the shares of stock of Pacer Electronics, Inc. ("Pacer"), and in a subsequent transaction in 1998 transferred the Pacer shares to Anixter. Pacer/Anixter is currently a division of Anixter.

2. Upon information and belief, plaintiff is a resident of the state of Connecticut.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 on the grounds that Ms. Tilley is a resident of Connecticut and a substantial part of the events or omissions giving rise to the counterclaim occurred within Connecticut.

**FIRST COUNTERCLAIM (Breach of Contract)**

1.-4. Paragraphs 1 through 4 above are hereby incorporated in the First Counterclaim as if fully set forth herein.

5. In July 2002, plaintiff filed the Complaint in the instant action ("the July 2002 Complaint"), alleging, among other things, that Anixter is liable in connection with the support orders in plaintiff's divorce case, for damages supposedly arising from the alleged fraudulent concealment of the income of plaintiff's former husband, Anixter employee David Tilley.

6. In June 1998, plaintiff had filed an action in Connecticut Superior Court against, among others, Pacer and Anixter. The complaint in that action ("the June 1998 Complaint") alleged that Pacer had defrauded plaintiff of money due her by supposedly assisting David Tilley in minimizing and avoiding support payments in connection with their divorce case.

7. At the time of the June 1998 Complaint, the parent corporation of Anixter was on the verge of completing the acquisition of Pacer. While denying the truth of plaintiff's allegations, to avoid

the possibility that her pursuit of a temporary injunction might cause a costly delay in the acquisition of Pacer, Pacer paid plaintiff $10,000 to settle that case.

8. In return for the $10,000 payment, plaintiff signed an agreement pledging to release Pacer, Anixter, the parent corporation of Anixter, and others not only from the fraud allegations alleged in the June 1998 Complaint, but also, more generally, "from all debts, obligations, reckonings, . . . controversies, suits, actions, causes of actions, trespasses, variances, . . . damages, claims or demands, in law or in equity, which . . . [she] ever had, now has or hereafter can, shall, or may have . . . . arising or asserted in or in connection with" her action.

9. Plaintiff's filing of the July 2002 Complaint, and her pursuit of the claims in the instant action against Anixter and its division, Pacer/Anixter, constitute a breach of contract.

10. Anixter has been harmed by plaintiff's breach of contract, and it is entitled to an award of damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Anixter respectfully asks the Court for the following relief:

(a) entry of judgment in Anixter's favor on its counterclaim;

(b) award of compensatory damages in an amount to be determined at trial;

(c) award of such costs, disbursements, interest, penalties and attorneys' fees as may be allowed by law; and

(d) such other relief as the Court deems just and proper.

.

        Respectfully submitted,

        DEFENDANTS
        ANIXTER INC. and PACER/ANIXTER, A
        DIVISION OF ANIXTER INC.


By: /s/ James R. Smart
        James R. Smart (ct20982)
        Steven D. Ecker  (ct03762)
        Cowdery, Ecker & Murphy L.L.C.
        750 Main Street
        Hartford, CT  06103
        (860) 278-5555
        (860) 249-0012 Fax
        E-mail: jsmart@cemlaw.com

 -- Their Attorneys

## **CERTIFICATE OF SERVICE**

       This is to certify that on October 30, 2003, a copy of the foregoing was mailed, postage prepaid, to:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106

William M. Bloss, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
P.O. Box 606
New Haven, CT 06503-0606.


                                              /s/ James R. Smart
                                              James R. Smart