UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN C. TILLEY, | : |
| | : No. 3:02CV1312 (JCH) |
| Plaintiff, | : |
| v. | : |
| | : |
| ANIXTER INCORPORATED, | : |
| PACER/ANIXTER, INC. and | : |
| DAVID G. TILLEY, | : OCTOBER 30, 2003 |
| | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
ANIXTER INC. AND PACER/ANIXTER, A DIVISION
OF ANIXTER INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**Preliminary Statement**

The Court should enter judgment on the pleadings in favor of defendants because plaintiff's one remaining claim -- for intentional infliction of emotional distress -- is barred by the common law privilege for communications in connection with a judicial proceeding. Plaintiff's claim is that defendants' alleged misrepresentations to the divorce court regarding the income of Mr. Tilley caused plaintiff to receive an unduly low support award, which supposedly resulted in severe emotional distress. Under well established precedent, such a claim is barred by the doctrine of absolute privilege. See, e.g., Petyan v. Ellis, 200 Conn. 243, 245 (1986) ("[i]t has long been established that there is an absolute privilege for statements made in judicial proceedings"); DeLaurentis v. New Haven, 220 Conn. 225, 264 (1991) ("statements in pleadings or in court . . . cannot independently be made the basis for an action in . . . intentional infliction of emotional distress"); Bieluch v. Dobensky, No. CV940138893S, 1997 WL 32778 (Conn. Super. Jan. 17, 1997) (striking intentional infliction of

emotional distress claim based on allegedly false evidence delivered by defendant as an expert witness in plaintiff's divorce case). Accordingly, as explained further below, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Court should enter judgment on the pleadings in favor of defendants Anixter Inc. and Pacer/Anixter, a division of Anixter Inc. ("the Corporate Defendants") and dismiss plaintiff's complaint, with prejudice.[1]

## I.    MATERIAL ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint itself makes clear that plaintiff has failed to state an intentional infliction of emotional distress claim upon which relief can be granted. The operative allegation is simple: plaintiff suffered emotional distress as a result of receiving too low a support award because at the time of the 1994 divorce of plaintiff and Mr. Tilley, the state family court was deceived by defendants as to the actual earnings of Mr. Tilley. Complaint, ¶¶ 11-13, 26-29. The court was allegedly deceived "by the testimony of Defendant, David G. Tilley and the then President of Pacer/Anixter, Inc., Michael Rosa," Complaint, ¶ 11, and through documentation supposedly falsified by the Corporate Defendants to misreport Mr. Tilley's salary as the lower salary of "Mr. Tilley's then girl friend, Terri Stephenson . . . ." Complaint, ¶ 12; see also id., ¶ 13. As a result of defendants' allegedly fraudulent communications, plaintiff supposedly received an award of child support substantially less than she should have gotten, Complaint, ¶¶ 11, 13, 26, and consequently suffered emotional distress, humiliation and depression for which she now seeks damages. Complaint, ¶¶ 27-29. These claims cannot state a claim upon which

---

[1] Following the Court's September 19, 2003 ruling dismissing plaintiff's fraud and conspiracy claims on the grounds of the domestic relations exception to diversity jurisdiction, the intentional infliction of emotional distress claim in the Third Count is plaintiff's only remaining claim.

2

relief can be granted because they run headlong into the common law privilege for communications or testimony in connection with an ongoing judicial proceeding.

## II. ARGUMENT

### A. Intentional Infliction Of Emotional Distress Claims Based On Communications In Connection With Ongoing Judicial Proceedings Are Barred By The Doctrine Of Absolute Privilege.

Testimony or communications in connection with ongoing judicial proceedings are absolutely privileged, under long-standing Connecticut precedent. See, e.g., Petyan, 200 Conn. at 245-6 ("there is a long-standing rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy" (internal quotation marks omitted)); see also DeLaurentis, 220 Conn. at 263-265. In circumstances where the factfinding process of a tribunal is directly affected, as it is here, "[t]here has been no abrogation . . . of the common law protection of absolute privilege for communications or testimony elicited in connection with and pertinent to an ongoing judicial proceeding." Petyan, 200 Conn. at 252.

The privilege applies not only to sworn testimony, but to any written or verbal statement, report or communication made in connection with a judicial proceeding. Id. at 251-52 (applying privilege to unsworn "factfinding supplement" submitted by defendant to regulatory agency, stating, "The common law absolute privilege itself is not confined to the testimony of a witness but extends to any statement made in the course of a judicial proceeding, whether or not given under oath . . . Thus it applies to statements made in pleadings or other documents prepared in connection with a court proceeding.")

This privilege is based on the policy that "[w]itnesses and parties to judicial proceedings must be permitted to speak freely without subjecting their statements and intentions to later scrutiny by an

3

indignant jury, if the judicial process is to function." DeLaurentis, 220 Conn. at 264; see also Petyan, 200 Conn. at 246 ("[t]he policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements"). As noted by the Connecticut Supreme Court, although "a witness is required to testify under oath and, therefore, is subject to criminal penalties for perjury, which presumably inhibit falsification[,] . . . . [t]here is . . . no really effective civil remedy against perjurers; that lack is simply part of the price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say." Petyan, 200 Conn. at 251 (internal quotation marks omitted).

Under clear and binding precedent, this absolute privilege bars claims based on intentional infliction of emotional distress arising out of testimony or other communications in connection with court proceedings. See, e.g., Petyan, 200 Conn. at 253-55 (intentional infliction claim barred by absolute privilege); DeLaurentis, 220 Conn. at 264 ("statements in pleadings or in court . . . cannot independently be made the basis for an action in . . . intentional infliction of emotional distress"). Moreover, the privilege applies to claims of intentional infliction of emotional distress based not only on statements of a defamatory nature, but also false communications that supposedly result in improper rulings in a prior proceeding. See, e.g., Bieluch, No. CV940138893S, 1997 WL 32778 at *3-*4 (Tobin, J.) (striking intentional infliction of emotional distress claim based on alleged loss of a property interest due to false evidence delivered by defendant as an expert witness in earlier divorce

proceedings)[2]; Mascia v. Faulkner, No. CV930349036S, 1994 WL 185588 at *1, *3-*4 (Conn. Super. April 28, 1994) (summary judgment for defendants as to, among other claims, intentional infliction of emotional distress claim, because defendants' allegedly perjured statements in previous CUTPA action were absolutely privileged); see also Knudsen v. Buettner, No. 320708, 1998 WL 422072 (Conn. Super. July 20, 1998) ("[a]lthough Petyan involved a defamation claim, Connecticut courts have held that the privilege covers false statements that allegedly caused a court to make an improper decision").

### B. Judgment On The Pleadings In Defendants' Favor Is Required Because Plaintiff's Intentional Infliction Of Emotional Distress Claim Is Clearly Barred By The Doctrine Of Absolute Privilege.

In light of Connecticut law on this issue, judgment on the pleadings in favor of defendants is clearly warranted.[3] Plaintiff's claim for intentional infliction of emotional distress is based entirely on the assertion that she suffered financial hardship from an adverse judicial decision because of defendants' false testimony or communications in connection with an ongoing judicial proceeding. See Complaint, ¶¶ 11-13, 26-29. Defendants allegedly made misrepresentations to the divorce court as to Mr. Tilley's earnings, which allegedly led the court to make the problematic, unduly low child support award. Id.

---

[2] Although Judge Tobin's decision refers to the count at issue generically as alleging "extreme emotional distress," an earlier decision in the same case by Judge Dean makes clear that the count alleged intentional infliction of emotional distress. See Bieluch v. Dobensky, No. CV 940138893S, 1996 WL 457031, *2 (Conn. Super. July 17, 1996).

[3] The standard applicable to a motion for judgment on the pleadings pursuant to Rule 12(c) is "identical to that of a [R]ule 12(b)(6) motion for failure to state a claim. . . . In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." See, e.g., Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). However, as with a motion under Rule 12(b)(6), the Court may dismiss the case if it is satisfied that the complaint cannot state any set of facts that would entitle plaintiff to relief. Id.

5

Under the binding precedents described above, such communications are absolutely privileged, and therefore cannot support a claim for intentional infliction of emotional distress.  See Petyan, 200 Conn. at 251-55; DeLaurentis, 220 Conn. at 264; Bieluch, No. CV940138893S, 1997 WL 32778 at *3-*4; Mascia, No. CV930349036S, 1994 WL 185588 at *1, *3-*4.  Accordingly, the complaint fails to state a claim upon which relief can be granted and must therefore be dismissed.

## Conclusion

For the foregoing reasons, the Court should enter judgment on the pleadings in favor of the Corporate Defendants and dismiss plaintiff's complaint, with prejudice.

Respectfully submitted,

DEFENDANTS
ANIXTER INC. and PACER/ANIXTER, A
DIVISION OF ANIXTER INC.


By: /s/ James R. Smart
James R. Smart (ct20982)
Steven D. Ecker (ct03762)
Cowdery, Ecker & Murphy L.L.C.
750 Main Street
Hartford, CT  06103
(860) 278-5555
(860) 249-0012 Fax
E-mail: jsmart@cemlaw.com

– Their Attorneys

## CERTIFICATE OF SERVICE

      This is to certify that on October 30, 2003, a copy of the foregoing Memorandum of Law In Support Of Motion To Dismiss was mailed, postage prepaid, to:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106;

William M. Bloss, Esq.
350 Orange Street
P.O. Box 606
New Haven, CT 06503.

                                               /s/ James R. Smart
                                               James R. Smart