UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV -3  P 12: 20
US DISTRICT COURT
BRIDGEPORT CT

SUSAN C. TILLEY,

   Plaintiff,

v.

ANIXTER INCORPORATED,
PACER/ANIXTER, INC. and
DAVID G. TILLEY,

   Defendants.

No. 3:02CV1312 (JCH)

OCTOBER 31, 2003

## ANSWER BY DEFENDANT DAVID G. TILLEY

1. This allegation does not make a factual representation and no response is required.

2. This allegation does not make a factual representation and no response is required.

3. Defendant denies that federal jurisdiction is proper but admits that he resides in North Carolina.

4. This defendant admits these allegations based on present information and belief.

5. This defendant admits these allegations based on present information and belief.

6. This defendant admits these allegations based on present information and belief.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Defendant admits that the parties were divorced and denies all other allegations of this paragraph.

12. Denied.

13. Denied

FIRST COUNT

14. -19. No answer necessary

SECOND COUNT

20.-24. No answer necessary.

THIRD COUNT

25. The responses to paragraphs 1-24 (which should be 1-13 as paragraphs 14-24 were dismissed counts) are incorporated by reference.

26. Denied.

27. Denied.

28. Denied.

29. Defendant denies that any alleged actions have caused any of the injuries listed in paragraph 29.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The cause of action is barred in whole or in part for failure to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Any alleged representations by the defendant are absolutely privileged as being made within an ongoing judicial proceeding.

THIRD AFFIRMATIVE DEFENSE

The cause of action is barred in whole or in part by the doctrines of waiver and/or estoppel.

FOURTH AFFIRMATIVE DEFENSE

The cause of action is barred in whole or in part by the doctrines of collateral estoppel and/or res judicata.

FIFTH AFFIRMATIVE DEFENSE

The cause of action is barred in whole or in part by the statute of limitations contained in Conn. Gen. Stat. § 52-577.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate her alleged damages including her failure to pursue a pending motion for modification of the judgment of the Superior Court.

                       DEFENDANT
                       DAVID G. TILLEY

By: _____
William M. Bloss (CT01008)
JACOBS, GRUDBERG, BELT & DOW, P.C.
P.O. Box 606
New Haven, CT 06503-0606
(203) 772-3100
(203) 772-1691 fax
bbloss@jacobslaw.com

William M. Bloss

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV -3 P 12: 20
US DISTRICT COURT
BRIDGEPORT CT

SUSAN C. TILLEY,

    Plaintiff,

v.

ANIXTER INCORPORATED,
PACER/ANIXTER, INC. and
DAVID G. TILLEY,

    Defendants.

No. 3:02CV1312 (JCH)

OCTOBER 31, 2003

## ANSWER BY DEFENDANT DAVID G. TILLEY

1. This allegation does not make a factual representation and no response is required.

2. This allegation does not make a factual representation and no response is required.

3. Defendant denies that federal jurisdiction is proper but admits that he resides in North Carolina.

4. This defendant admits these allegations based on present information and belief.

5. This defendant admits these allegations based on present information and belief.

6. This defendant admits these allegations based on present information and belief.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Defendant admits that the parties were divorced and denies all other allegations of this paragraph.

12. Denied.

13. Denied

FIRST COUNT

14. -19. No answer necessary

SECOND COUNT

20.-24. No answer necessary.

THIRD COUNT

25. The responses to paragraphs 1-24 (which should be 1-13 as paragraphs 14-24 were dismissed counts) are incorporated by reference.

26. Denied.

27. Denied.

28. Denied.

29. Defendant denies that any alleged actions have caused any of the injuries listed in paragraph 29.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The cause of action is barred in whole or in part for failure to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Any alleged representations by the defendant are absolutely privileged as being made within an ongoing judicial proceeding.

THIRD AFFIRMATIVE DEFENSE

The cause of action is barred in whole or in part by the doctrines of waiver and/or estoppel.

FOURTH AFFIRMATIVE DEFENSE

The cause of action is barred in whole or in part by the doctrines of collateral estoppel and/or res judicata.

FIFTH AFFIRMATIVE DEFENSE

The cause of action is barred in whole or in part by the statute of limitations contained in Conn. Gen. Stat. § 52-577.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate her alleged damages including her failure to pursue a pending motion for modification of the judgment of the Superior Court.

                      DEFENDANT
                      DAVID G. TILLEY

By: _____
William M. Bloss (CT01008)
JACOBS, GRUDBERG, BELT & DOW, P.C.
P.O. Box 606
New Haven, CT 06503-0606
(203) 772-3100
(203) 772-1691 fax
bbloss@jacobslaw.com

## CERTIFICATE OF SERVICE

    This is to certify that on October 31, 2003, a copy of the foregoing Answer was mailed, postage prepaid, to:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106

James Smart, Esquire
Cowdery, Ecker & Murphy L.L.C.
750 Main Street
Hartford, CT 06103

_____
William M. Bloss

4