UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Susan C. Tilley,<br>    Plaintiff, | : **Civil Action Number**<br>: 3:02cv1312(JCH) |
| v. | : |
| Anixter Incorporated,<br>Pacer/Anixter, Inc., and<br>David G. Tilley,<br>    Defendants. | :<br>:<br>:<br>: November 20, 2003 |

**Memorandum of Law In Opposition to Defendants' Anixter Inc.
and Pacer/Anixter, A Division of Anixter, Inc.
Motion for Judgment on the Pleadings dated October 30, 2003**

**PRELIMINARY STATEMENT**

The Defendants Anixter, Inc. and Pacer/Anixter, A Division of Anixter, Inc. (hereinafter "Anixter") have moved for judgment on the pleadings because they alleged that the Plaintiff's remaining claim of Intentional Infliction of Emotional Distress is barred by the common law privilege for communications in connection with a Judicial proceeding. Anixter has been joined in their motion by co-defendant, David G. Tilley. Defendant's motion should be denied. Anixter was not a party to the Tilley's 1994 divorce nor did Anixter have any involvement with the proceeding. In fact, Anixter had no contact with the Plaintiff until its attempted acquisition in June of 1998 of the then Pacer Electronics. Plaintiff's complaints against Anixter arise from the fact that Anixter, *beyond June of 1998*, caused Defendant David Tilley's income to be underreported on the records of the company and that this fact was concealed from the Plaintiff, David Tilley's

former wife. Plaintiff's claims against defendant David Tilley stem from the same actions.

## I. MATERIAL ALLEGATIONS IN THE COMPLAINT.

On October 18, 1994, Susan C. Tilley and David G. Tilley were divorced in the State of Connecticut in the Judicial District of Hartford (Complaint paragraph "11"). The defendants... combined to conceal David G. Tilley's true earnings from the Plaintiff by altering the payroll records and by attributing David Tilley's income to his wife, Terry J. Tilley and the Wife's income to Mr. Tilley." (Complaint paragraph "21"). "Pacer/Anixter, Inc. and Anixter Incorporated did in fact conceal the true income of Mr. Tilley pursuant to a scheme and in furtherance of the object of the scheme to enable Mr. Tilley to represent to courts and authorities, both in Connecticut and North Carolina, that he earned less than he actually did in order to reduce the amount of his liability for his child support payments to the Plaintiff, Susan C. Tilley." (Complaint at paragraph "23"). "In or around June 1998, the parent corporation of Anixter acquired the shares of stock of Pacer Electronics, Inc. ("Pacer"), and in a subsequent transaction in 1998 transferred the Pacer shares to Anixter. Pacer/Anixter is currently a division of Anixter". (Paragraph "1" of Anixter's Counterclaim). "At the time of the June 1998 complaint, the parent corporation of Anixter was on the verge of completing the acquisition of Pacer." (Paragraph "7" of Anixter's Counterclaim). "Plaintiff's claim against Anixter, Inc. and its division Pacer/Anixter, arose after Anixter completed its acquisition of Pacer in or around June of 1998 and was subsequent to an agreement and release signed by Plaintiff in early June 1998." (Plaintiff's reply to Defendant's Counterclaim Paragraph "9").

Plaintiff claims that these acts by the Defendants have caused her severe emotional distress and has so stated in paragraphs "25 through "29" of the Complaint. Defendant Anixter claims that these claims cannot state a claim upon which relief can be granted because "they run headlong into the common law privilege for communications or testimony in connection with an ongoing judicial proceeding." Anixter was never part of an ongoing judicial proceeding with the Plaintiff prior to June of 1998. Plaintiff was divorced in October of 1994 and Anixter did not come into contact with the Plaintiff until June of 1998. Anixter's acts continued beyond June of 1998 and were not in connection with any ongoing judicial proceeding but concerned internal company payroll records altered to deceive any party entitled to this information.

## II.    ARGUMENT

### A.    Anixter Is Not Entitled to the Doctrine Of Absolute Privilege For Its Actions.

Most statements made by participants in a judicial proceeding enjoy a privilege. "It has long been established that there is an absolute privilege for statements made in judicial proceedings. *Briscoe v. Lahue*, 460 U.S. 325, 331-32. "There is a long standing common law rule that communications uttered or published during the course of judicial proceedings are absolute privileged so long as they are in some way pertinent to the subject of the controversy. ...The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." *Petyan v. Ellis*, supra, 200 Conn. at 243, 246, 510 A.2d 1337.

The privilege can even extend to the pleadings and documents of the case.

"The common law privilege itself does not confine to the testimony of a witness but extends to any statement made in the course of a judicial proceeding, whether or not given under oath, so long as its pertinent to the controversy... thus it applies to statements made in pleadings or other documents prepared in connection with a court proceeding." *Petyan* at 251-252.

"Witnesses and parties to judicial proceedings must be permitted to speak freely, without subjecting their statements and intentions to later scrutiny by an indignant jury, if the judicial process is to function.... While no civil remedies can guard against lies, the oath and the fear of being charged with perjury are adequate to warrant an absolute privilege for a witness' statements." *DeLaurentis v. New Haven*, 220 at 225, 264.

The privilege may also be extended to case preparation. "The right of private parties to combine and make presentations to an official meeting and, as a necessary incident thereto, to prepare materials to be presented is a fundamental adjunct to the right of access to judicial and quasijudicial proceedings. To make such preparations and presentations effective, there must be an open channel of communication between the persons interested and the forum, unchilled by the thought of subsequent judicial action against such participants; provided always, of course, that such preliminary meetings, conduct and activities are directed toward the achievement of the objects of the litigation or other proceedings." *Kelley v. Bonney*, 221 Conn. 549, 573-74.

In *Circuit Circuit Hotels, Inc. et al v. Jerry Witherspoon*, 99 NEV. 56 (1983), a letter from Mr. Witherspoon's former employer to the Unemployment Security

Department that accused the plaintiff Witherspoon of embezzling from the casino was found to be absolutely privileged.

However as one becomes more removed from a judicial or quasijudicial procedure, the protection of the doctrine of absolute privilege begins to erode. In *Walsh v. Consolidated Freightways, Inc.,* 563 E.2d 1205 (OR 1977) the Court held that a former employer has a privilege to make otherwise defamatory communications about the character or conduct of former employees to present or prospective employers, as they have a common interest in the subject matter of the statements, however, the privilege was determined to be qualified and conditional.

In *David Galligan v. Edward D. Jones & Company* et al. 2000 WL 1785041, a Connecticut Superior Court case, Judge Levin found that where there is no pending or impending quasijudicial proceeding, only a qualified privilege exists regarding comments made on a document filed with the National Association of Security Dealers and The New York Stock Exchange, two groups that monitor the activities of security dealers, concerning a former security dealer.

In *Heim v. California Federal Bank,* 78 Conn. App. 351, (2003) the Connecticut Appellate Court found the doctrine of Absolute Judicial Immunity did not apply and did not bar plaintiff's claim for intentional infliction of emotional distress (although it was defeated on other grounds). The court found that some of the allegations in the case were based on non-verbal conduct that occurred outside the scope of judicial proceedings concerning the collection activities of a law firm prosecuting a foreclosure.

Robert B. Muchinsky, Attorney at Law
39 Russ Street, Hartford, CT 06106 * Tel: 860-297-0037 * Fax: 297-0040

### B.     Judgment On the Pleadings Should Be Denied.

In the present matter, Anixter engaged in acts well removed from the judicial forum. Anixter, while not a party to any judicial or quasijudicial proceeding, altered the payroll records of the Defendant, David G. Tilley and his wife Terry Tilley. Anixter's actions set in motion a plan so that some time in the future, when it became necessary to report Mr. Tilley's income to a judicial proceeding or otherwise, a clerk could inquire of the payroll records and make his report as to Mr. Tilley's income to the said judicial, quasijudicial authority or other authority. Those safeguards used to justify the existence of the privilege such as penalties for perjured testimony or statements or scrutiny of pleadings made in ongoing litigations would never confront the type of conduct employed by Anixter. As in *Hiem v. California Federal Bank*, Anixter's actions were based on non-verbal conduct that occurred outside the scope of judicial proceedings and the doctrine of absolute privilege does not apply.

Therefore, since the absolute privilege does not apply, Plaintiff's allegations support the claim of Intentional Infliction of Emotional Distress and Defendants' Motion for Judgment on the Pleadings should be denied.

                                            Respectfully submitted,
                                            **The Plaintiff,**
                                            **Susan C. Tilley**

                                            By: /s/ Robert B. Muchinsky
                                                   Robert B. Muchinsky
                                                   *HER ATTORNEY*
                                                   39 Russ Street
                                                   Hartford, CT 06106
                                                   Telephone: (860) 297-0037
                                                   Federal Bar No. CT12702

## Certification

I hereby certify that a true and correct copy of the foregoing was mailed, postage pre-paid to the parties and counsel of record on November 20, 2003.

**Defendant,**
**Anixter Inc. & Pacer/Anixter**

Steven D. Ecker, Atty.
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103
Federal Bar No. ct03762

**Defendant**
**David G. Tilley**

William M. Bloss, Esq.
350 Orange Street
PO Box 606
New Haven, CT 06503

_____
ROBERT B. MUCHINSKY

Robert B. Muchinsky, Attorney at Law
39 Russ Street, Hartford, CT 06106 * Tel: 860-297-0037 * Fax: 297-0040