UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
:
SUSAN C. TILLEY,                         :        No. 3:02CV1312 (JCH)
          Plaintiff,                     :
                                         :
v.                                       :
                                         :
ANIXTER INCORPORATED,                    :
PACER/ANIXTER, INC. and                  :
DAVID G. TILLEY,                         :        DECEMBER 5, 2003
          Defendants.                    :
_____:

## ANIXTER INC. AND PACER/ANIXTER'S REPLY
## BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff's Complaint is irremediably defective, and her opposition brief proves it.
Confronted with the common law privilege for communications in connection with judicial
proceedings, plaintiff abandons the Complaint's allegations of defendants' false communications
to the divorce court, effectively conceding that the Complaint in its present form must be
dismissed. Instead, she apparently wishes to substitute claims focusing on the alleged post-
dissolution alteration of payroll records. However, because her distress claim remains based
solely on the allegedly low support award that resulted from her 1994 divorce proceeding, the
conduct described by her new claims simply has no causal nexus to the alleged harm.

Caught between the common law privilege for communications in connection with a
judicial proceeding on the one hand, and the lack of causation on the other, both the allegations
in the Complaint and the substitute assertions in her opposition brief are legally deficient.
Accordingly, pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2), the Court should grant judgment on
the pleadings in favor of the Corporate Defendants.

I.    **PLAINTIFF'S CONCESSIONS REGARDING THE ABSOLUTE PRIVILEGE DOOM HER CASE, WHICH IS BASED ON DEFENDANTS' SUPPOSEDLY FALSE COMMUNICATIONS IN CONNECTION WITH HER DIVORCE PROCEEDINGS.**

Plaintiff concedes the Corporate Defendants' claims of law.  She explicitly acknowledges that under Connecticut common law, testimony or other communications in connection with ongoing judicial proceedings are absolutely privileged, and this privilege extends to statements made in reports to the court or other "documents of the case."  Pl.'s 11/20/03 Opp. Br., pp. 4-5.[1] Plaintiff also does not contest defendants' well-supported contention that this privilege bars claims based on intentional infliction of emotional distress arising out of communications in connection with court proceedings, as well as claims based on supposedly false communications that resulted in allegedly improper rulings in prior proceedings.  See cases cited in Corp. Defs.' 10/30/03 Br., pp. 4-5, including DeLaurentis v. City of New Haven, 220 Conn. 225, 264 (1991); Petyan v. Ellis, 200 Conn. 243, 245, 253-55 (1986); Bieluch v. Dobensky, No. CV 940138893S, 1997 WL 32778, *3-*4 (Conn. Super. Jan. 17, 1997), 1996 WL 457031, *2 (July 17, 1996); Mascia v. Faulkner, No. CV939349036S, 1994 WL 185588 at *1, *3-*4 (Conn. Super. April 28, 1994); and Knudsen v. Buettner, No. 320708, 1998 WL 422072 (Conn. Super. July 20, 1998).

These legal concessions are fatal to plaintiff's case:  notwithstanding plaintiff's after-the-fact attempt to disguise the nature of her claim, the essence of the Complaint remains that she allegedly suffered emotional distress as a result of receiving too low a support award due to the

---

[1]  Plaintiff cites Petyan v. Ellis, 200 Conn. 243 (1986), and DeLaurentis v. City of New Haven, 220 Conn. 225 (1991).  Pl.'s 11/20/03 Opp. Br., pp. 4-5.  See also Bieluch v. Dobensky, No. CV 940138893S, 1997 WL 32778, *3-*4 (Conn. Super. Jan. 17, 1997) (striking intentional infliction of emotional distress claim based on allegedly false evidence presented by defendant as an expert witness in plaintiff's divorce case), 1996 WL 457031, *2 (July 17, 1996) (defendant was alleged to have, among other things, "made false statements with respect to the quit claim deed and created distortions in a copy of the deed at issue" (emphasis added)).

<u>false information provided to the divorce court during her 1994 divorce proceedings</u>.  In the

central paragraph of the "Factual Background," the Complaint asserts plainly that:

> <u>At the time of plaintiff's divorce</u>, the [state divorce] court and the plaintiff <u>were deceived</u> as to the actual earnings of the defendant, David G. Tilley, <u>by the defendants</u> and <u>as a result</u> the plaintiff was awarded an amount of child support substantially less than should have been awarded . . . .  The Court <u>was deceived by</u> the testimony of Defendant, David G. Tilley and <u>the then President of Pacer/Anixter, Inc.</u>, Michael Rosa.

Complaint, ¶ 11 (emphasis added).

Nothing anywhere else in the Complaint changes or extends the exclusive focus of the

allegations on the judicial proceedings for child support and the alleged loss due to receiving too

low an award.  Thus, paragraphs 12 and 13 allege that the Corporate Defendants altered payroll

records by attributing Mr. Tilley's income to his "then-girlfriend," again, "in order to minimize

the amount in child support payments he would have to pay to the Plaintiff."  <u>Id.</u>  ¶¶ 12- 13.

Paragraphs 15 through 19, part of the dismissed fraud allegations, plainly address the

representations to the Court at the time of the divorce, and the alleged harm flowing from the

Court's reliance on those representations in its support award.[2]  Likewise, paragraphs 21 through

23, part of the dismissed conspiracy claim, complain about the alleged misconduct perpetrated

"in order to reduce the amount of his liability for child support payments to the Plaintiff."  <u>Id.</u> at

¶ 23.

The Complaint's focus on the judicial proceedings for child support and the alleged

receipt of too low an award is logical, because the <u>only</u> damages sought by plaintiff are for her

_____

[2]  Insofar as the counts containing the allegations in paragraphs 15 through 23 have been dismissed, and given that the Complaint has not been amended to reincorporate those allegations, such allegations need not even be considered.  In any event, these allegations do not change the fact that the sole basis for plaintiff's claim is the outcome of the judicial proceedings for child support.

alleged emotional distress resulting from financial hardships caused by the improperly low
support award.  Specifically, plaintiff alleges that she suffered emotional distress associated with
financial hardships such as the loss of her business, the loss of "the family home, [the lack of]
adequate money to properly care for her children[, and the lack of] adequate money to provide
her children with medical treatment." Id. ¶ 27; see generally id. ¶¶ 27-29.  Given this theory of
causation, only allegations regarding defendants' conduct as it affected the divorce court's
support determination can be material.  No other allegations are made.

    Thus, the fundamental problem for plaintiff remains unchanged:  the claims set forth in
her Complaint are barred by the absolute common law privilege for communications in
connection with a judicial proceeding, in this case the Tilley's divorce proceedings.  Petyan, 200
Conn. at 251-55; DeLaurentis, 220 Conn. at 264; Bieluch, No. CV940138893S, 1997 WL 32778
at *3-*4, 1996 WL 457031, *1-*2 (July 17, 1996); Mascia, No. CV930349036S, 1994 WL
185588 at *1, *3-*4.  Indeed, by completely failing to address this issue in her opposition
memorandum, plaintiff effectively concedes the legal insufficiency of her claims.  See, e.g.,
Grandon v. Merrill Lynch and Co., Inc., 95CIV.10742 (SWR), 2001 WL 826092, *9 (S.D.N.Y.
July 20, 2001) (concluding that plaintiffs had abandoned their claim, because their brief in
opposition to defendants' motion to dismiss failed to respond to defendants' arguments).
Judgment on the pleadings in favor of defendants should be granted.[3]

---

[3]  Although plaintiff now purports not to be pursuing any claims concerning defendants'
alleged false communications to the divorce court itself, she nonetheless suggests that the
common law absolute privilege is inapplicable to the Corporate Defendants because they were
not a party to the divorce proceeding.  See Pl.'s 11/20/03 Opp. Br. at 1, 3, 6.  Unsurprisingly,
plaintiff offers no legal authority to support this claim.  The rule is to the contrary:  the privilege
applies fully to non-party witnesses and others who offer evidence or make communications in
connection with judicial proceedings.  See, e.g., Bieluch, No. CV940138893S, 1997 WL 32778
at *3-*4 (intentional infliction of emotional distress claim against former expert witness in
plaintiff's earlier divorce proceeding, based on allegation that expert had presented false

## II.    PLAINTIFF'S ATTEMPT TO RELY ON ALLEGED POST-DISSOLUTION ALTERATION OF PAYROLL RECORDS FAILS.

Ignoring the Complaint's focus on defendants' alleged misrepresentations to the divorce court, plaintiff seeks to salvage her case by refocusing her claims on the alleged post-dissolution alteration of payroll records of defendant David Tilley and Terry Tilley. See Pl.'s 11/20/03 Opp. Br. at 2-3, 6. This belated reformulation of her case theory is unavailing, because the reformulated claim lacks any causal nexus to plaintiff's damages claim. Without the critical connection provided by the support award -- which is off-limits under the privilege for communications in a judicial proceeding, as discussed above, and which plaintiff now disavows -- plaintiff cannot plead that the supposed alteration of records caused her any distress, as is required for a claim for intentional infliction of emotional distress. Petyan, 200 Conn. at 253 ("[i]n order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress] . . . . it must be shown that [among other things] the defendant's conduct was the cause of the plaintiff's distress" (first bracketed phrase in original)).[4]

Plaintiff herself makes clear that there is no causal link between the payroll records and her claimed distress. She makes absolutely no claim that either she or the divorce court (or

---

evidence, is barred by absolute privilege); Knudsen, No. 320708, 1998 WL 422072, *2 (absolute privilege applies to utterances of non-party attorney in former proceeding).

[4] In addition, plaintiff's attempt to change her legal theory in mid-stream is procedurally improper. She relies largely on new assertions set forth in her memorandum without any reference to her Complaint at all. See, e.g., Pl.'s 11/20/03 Opp. Br. at 3, 6. Indeed, most of these new assertions are in outright contradiction to the allegations of the Complaint, including her new claim that the Corporate Defendants were "never part of an ongoing judicial proceeding with the Plaintiff prior to June of 1998," Pl.'s 11/20/03 Opp. Br. at 3, her assertion that they "did not come into contact with the Plaintiff until June of 1998," id., and her claims that defendants' allegedly actionable deeds "were not in connection with any ongoing judicial proceeding," id., and "were based on non-verbal conduct that occurred outside the scope of judicial proceedings." Id. at 6. Plaintiff cannot avoid judgment on the pleadings by reference to assertions that are not set forth in, and are patently inconsistent with, her Complaint.

anyone else) ever relied on the records. To the contrary, she asserts plainly that the Corporate Defendants' alleged alteration of payroll records was "not in connection with any ongoing judicial proceeding," Pl.'s 11/20/03 Opp. Br. at 3, and that she had no contact with the Corporate Defendants (and therefore no exposure to their payroll records) until long after the 1994 divorce proceeding. Id. at 3. Plaintiff's claim of alleged distress arises solely from her supposed financial hardship due to the inadequate support payments fixed by the judicial authority in the 1994 divorce proceeding. See Complaint ¶¶ 26-29. Thus, independent of any testimony, report or communication to the divorce court concerning Mr. Tilley's income (which would be privileged in any event, as explained in Part I above), defendants' alleged alteration of the payroll records simply cannot have caused plaintiff's supposed distress. Cf. Abraham v. Young & Rubicam, 240 Conn. 300 (1997) (plaintiff barred from asserting CUTPA claim because, although defendants' bribery scheme may have violated CUTPA, it did not cause the alleged harm to plaintiff's reputation; rather the alleged harm was caused by defendants' confession, which was not actionable).

Indeed, plaintiff unintentionally concedes that any harm flowing from the alleged alteration of records is purely fanciful, hypothetical -- and privileged. She postulates that the Corporate Defendants' conduct "set in motion a plan so that some time in the future, when it became necessary to report Mr. Tilley's income to a judicial proceeding or otherwise, a clerk could inquire of the payroll records and make his report as to Mr. Tilley's income to the said judicial, quasijudicial authority or other authority." Pl.'s 11/20/03 Opp. Br. at 6 (emphasis added). Significantly, this purely hypothetical suggestion of a "report" concerning Mr. Tilley's income "to a judicial proceeding," a "judicial authority" or a "quasijudicial authority," is the only specific manner suggested by plaintiff as to how the alleged alteration of records could have

potentially had any impact on her. Hypothetical "might-be" scenarios do not state a claim. But, even if they did, plaintiff's scenario would still leave her far from having a viable cause of action because, again, had such a report actually been made, it would have been absolutely privileged. See, e.g. Petyan, 200 Conn. at 249-52 (applying privilege to unsworn "factfinding supplement" submitted by defendant to quasijudicial agency).

Clearly, even if plaintiff's assertions are taken as true and construed favorably to the plaintiff -- in precisely the manner in which plaintiff herself construes them -- she can prove no set of facts in support of her claim that would entitle her to relief. Caught between the absolute privilege on the one hand, and the lack of causation on the other, plaintiff simply has no viable claim. Accordingly, judgment on the pleadings in favor of the defendants should be granted.

III.  ***HEIM V. CALIFORNIA FEDERAL BANK* IS INAPPLICABLE TO THIS MATTER; THE CASE LAW THAT IS APPLICABLE REQUIRES DISMISSAL.**

Finally, the one case that plaintiff attempts to rely on, Heim v. California Federal Bank, 78 Conn. App. 351, 367-69 (2003), is clearly inapplicable to this matter. See Pl.'s 11/20/03 Opp. Br. at 5-6. The precedent that actually is directly applicable, Bieluch v. Dobensky, No. CV 940138893S, 1997 WL 32778, *3-*4 (Conn. Super. Jan. 17, 1997), 1996 WL 457031, *2 (July 17, 1996), receives no comment from plaintiff. As discussed further below, the relevant Connecticut case law compels dismissal.

Heim is distinguishable because it involves non-communicative conduct of a vexatious or abusive nature. The conduct at issue in Heim, whether occurring inside or outside the judicial proceedings, was not privileged because it was not testimonial in nature. See Heim, 78 Conn. App. at 367-69 (listing non-testimonial conduct). By contrast, the present case is premised on the contention that defendants made allegedly false communications (verbal or documentary) in

connection with a judicial proceeding.  <u>Heim</u> has absolutely nothing to do with the present

situation.[5]

It is not <u>Heim</u>, but rather <u>Bieluch</u>, No. CV 940138893S, 1997 WL 32778, *3-*4, 1996

WL 457031, *1-*2, which is most analogous to this case.  Although we cited <u>Bieluch</u> repeatedly

in our October 30, 2003 motion papers, <u>see</u> Corp. Defs.' 10/30/03 Br. at 1, 4, 5, 6, plaintiff says

not a word about it in her opposition brief.  Her silence speaks volumes.  The parallels between

<u>Bieluch</u> and this case are striking:

- As is alleged in regard to the Corporate Defendants here, the defendant in <u>Bieluch</u> was a nonparty witness in plaintiff's earlier divorce proceeding; <u>Bieluch</u>, 1997 WL 32778, *3-*4, 1996 WL 457031, *2;

- As is alleged here, the defendant in <u>Bieluch</u> supposedly presented false evidence to the divorce court; <u>id.</u>;

- As is alleged here, the defendant in <u>Bieluch</u> had supposedly falsified certain documents beyond the courtroom proceedings; <u>see id.</u>, 1996 WL 457031, *2 (defendant was alleged to have "created distortions in a copy of the deed at issue"); and

- As is alleged here, the supposedly false evidence presented by defendant allegedly resulted in a decision that was adverse to plaintiff, causing him emotional distress.  <u>Id.</u>, 1997 WL 32778, *3-*4, 1996 WL 457031, *1-*2.

Moreover, when the defendant in <u>Bieluch</u> sought to dismiss the intentional infliction of

emotional distress claim on the grounds of the absolute privilege, Mr. Bieluch, like plaintiff here,

countered that the doctrine of absolute immunity did not apply because the case supposedly

involved conduct outside the judicial proceedings.  <u>Id.</u>, 1997 WL 32778, *1.

The Superior Court  rejected plaintiff's argument.  Sweeping aside plaintiff's assertion

that the case involved conduct outside the divorce proceedings, the court concluded that the

---

[5]  Moreover, <u>Heim</u> (in which the alleged misconduct had a clear causal connection to the plaintiff's harm) does nothing to remedy the fatal lack of causation that dooms Ms. Tilley's extraneous assertions concerning alleged alteration of payroll records.

essence of the claim was the alleged false communications in the course of the dissolution action, and therefore the common law absolute privilege barred the complaint.  Id., 1997 WL 32778, *1, 1996 WL 457031, *1-*2.  Clearly, under the closely analogous facts of this case, this Court should reach the same conclusion.

## CONCLUSION

For the foregoing reasons, pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2), the Court should enter judgment on the pleadings in favor of the Corporate Defendants and dismiss plaintiff's Complaint, with prejudice.

Respectfully submitted,

DEFENDANTS
ANIXTER INC. and PACER/ANIXTER, A
DIVISION OF ANIXTER INC.


By: /s/ James R. Smart
    James R. Smart (ct20982)
    Steven D. Ecker (ct03762)
    Cowdery, Ecker & Murphy L.L.C.
    750 Main Street
    Hartford, CT  06103
    (860) 278-5555
    (860) 249-0012 Fax
    E-mail: jsmart@cemlaw.com

    -- Their Attorneys --

### CERTIFICATE OF SERVICE

This is to certify that on December 5, 2003, a copy of the foregoing was mailed, postage prepaid, to:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106

William M. Bloss, Esq.
350 Orange Street
P.O. Box 606
New Haven, CT 06503


/s/ James R. Smart
James R. Smart