UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN C. TILLEY, | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | 3-02-CV-1312 (JCH) |
| | : | |
| ANIXTER INCORPORATED, | : | |
| PACER/ANIXTER, INC., AND | : | |
| DAVID G. TILLEY, | : | |
| Defendants. | : | MAY 20, 2004 |

**RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS [DKT. NO. 29]**

The plaintiff, Susan Tilley, filed this tort action alleging that the defendants,

Anixter, Inc., Pacer/Anixter, Inc., and her former husband, David G. Tilley,

conspired to, and did, alter the record of Mr. Tilley's income in connection with the

1994 divorce proceedings of Susan and David Tilley.  The plaintiff alleges federal

jurisdiction based on diversity, pursuant to section 1332 of title 28 of the United

States Code.

The court previously dismissed plaintiff's claims of fraud and conspiracy to

commit fraud.  [Dkt. No 23].  The corporate defendants Anixter Incorporated and

Pacer/Anixter, Inc. now move, pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure, for a judgment on the pleadings as to the only remaining count,

intentional infliction of emotional distress. [Dkt. No. 29].  The individual defendant,

David G. Tilley, joins in this motion. [Dkt. Nos. 32 and 33].  For the reasons that

follow, the court denies the defendants' motion.

## I.    BACKGROUND

In her July 29, 2002 complaint, the plaintiff makes the following allegations which the court accepts as true solely for the purpose of this motion.[1]

In October 1994, David and Susan Tilley were divorced in Connecticut Superior Court.  Compl. [Dkt. No. 1], ¶ 11.  In order to minimize the amount of child support Mr. Tilley would have to pay, the corporate defendants altered their payroll records.  Id., ¶¶ 12, 13.  The records, as altered, attributed income earned by Mr. Tilley to his then-girlfriend, Terri Stephenson, while her lower income was attributed to him.  Id.  As a result, the plaintiff received an award of substantially less child support payment than she would have if the payroll records had not been altered.  Id., ¶ 11.

In August 1999, during discovery related to contempt proceedings in Connecticut Superior Court, the plaintiff discovered that the payroll records had been altered.  Id., ¶ 16.  The plaintiff alleges that the alteration of the payroll records, among other acts and omissions of the defendants, were extremely

---

[1]The court notes that the defendants have failed to answer the allegations contained in paragraphs 14 through 24 paragraph in spite of the express inclusion of those paragraphs in Count Three.  See Compl., ¶ 25; Ans. and Counterclaims of Corp. Defs. [Dkt. No. 28], ¶ 25; Ans. by Def. Tilley [Dkt. No. 31], ¶ 25.  They are ordered to amend their answer no later than 10 days after this Ruling.

outrageous and intentionally or recklessly caused severe emotional distress to the plaintiff.  Id., ¶ 28.

The complaint also contains several allegations of misrepresentations made to the Superior Court during the divorce proceedings.  Id., ¶¶ 11, 15, 17, and 23.  For the reasons stated below, however, the court does not consider these allegations in its adjudication of the pending motion.

## II.    STANDARD

The defendants have moved, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings as to plaintiff's only remaining claim, intentional infliction of emotional distress.  The court considers Rule 12(c) motions using the same standard as it does for Rule 12(b)(6) motions to dismiss for failure to state a cause of action.  D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93, 99 (2d Cir. 2001).  As such, the court must accept all allegations in the complaint as true and draw all inferences in the plaintiff's favor.  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  The court is to evaluate whether the plaintiff is entitled to offer evidence to support the cause of action, not whether she will ultimately prevail on the claim.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Ultimately, the complaint must be sustained if relief could be granted under any set of facts the plaintiff could prove consistent with

3

his allegations.  National Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994).

## III.  DISCUSSION

The defendants argue that the intentional infliction of emotional distress claim cannot survive because it is premised on alleged misrepresentations made by the defendants during the course of a judicial proceeding.  These misrepresentations, the defendants argue, cannot be the basis for civil liability because they are cloaked with the absolute privilege afforded testimony in a judicial proceeding.  Mem. in Supp. of Mot. For Judgment [Dkt. No. 30], p. 1.  In opposition, the plaintiff argues that some of the alleged acts on which her claim is based were non-verbal and occurred outside the scope of judicial proceedings and, consequently, the doctrine of absolute privilege does not defeat her claim.  Mem. in Opp. to Mot. For Judgment [Dkt. No. 35], p. 6.  Specifically, she argues that the act of falsifying the payroll records is not protected by the privilege and, thus, a proper basis for a claim of emotional distress. Id.

The defendants reply that plaintiff's only source of injury was the allegedly inadequate child support award.  Thus, they argue, without the ability to present evidence of defendants' conduct at the divorce proceedings, plaintiff cannot establish that the falsified records caused the allegedly inadequate award.

4

In Connecticut, the elements of a claim for intentional infliction of emotional distress are: (1) that the defendants intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of their conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants' conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.  Petyan v. Ellis, 200 Conn. 243, 253 (1986).  "Liability for intentional infliction of emotional distress requires 'conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'"  DeLaurentis v. City of New Haven, 220 Conn. 225, 266 (1991)(quoting Petyan, 200 Conn. at 254 n.5).  In the instant motion, defendants challenge only the plaintiff's ability to prove causation.  Accordingly, the court will only consider the adequacy of the plaintiff's complaint with respect to causation.

The defendants argue that the plaintiff cannot prove causation because she is precluded from relying on any representations made during the course of the Superior Court divorce proceeding.  Indeed, "there is an absolute privilege for statements made in judicial proceedings."  Petyan, 200 Conn. at 245.  The effect of the privilege "is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously."  Id. at 246.  Connecticut's privilege "does not

5

protect statements made outside of official proceedings, even when they concern such proceedings." Arochem Int'l, Inc. v. Buirkle, 968 F.2d 266, 269 (2d Cir. 1992). Further, "nonverbal conduct that occurred outside the scope of judicial proceedings" does not benefit from the privilege. Heim v. California Fed. Bank, 78 Conn. App. 351, 367, cert. denied, 266 Conn. 911 (2003)

Accordingly, the court's task is to parse the complaint to determine which allegations are cloaked with the testimonial privilege, and are thus barred, and which allegations are not. See id. at 368-69. Thereafter, the court must determine if the plaintiff's claim can survive the motion to dismiss without the benefit of those statements protected by the privilege.

Certainly, several of the plaintiff's allegations fall squarely within the scope of the privilege. As an initial matter, plaintiff alleges that, during the Superior Court divorce proceedings, Mr. Tilley and the then-president of Pacer/Anixter, Inc., Michael Rosa, deceived the court as to Mr. Tilly's actual earnings. Compl., ¶ 11. Further, the plaintiff alleges that "the representations to the amount of defendant David G. Tilley's salary at the time of the divorce made by Defendant Pacer/Anixter, Inc. to Hartford Superior Court . . . were false." Compl., ¶ 15. Several additional paragraphs include allegations that are expressly based on those representations made during the Superior Court proceedings. Compl., ¶¶ 16 - 19, 23. These references

6

will not be considered by the court in determining whether the plaintiff has stated a cause of action for intentional infliction of emotional distress.  Nevertheless, the court finds that the cause has been adequately plead.

The defendants erroneously limit the plaintiff's distress claim as one "based <u>solely</u> on the allegedly low support award that resulted from her 1994 divorce proceeding."  Corp. Defs. Reply Brf. [Dkt. No. 36], p. 6.  However, the plaintiff's allegations are susceptible of a broader reading than merely injury resulting from an inadequate award in a divorce proceeding.  For example, she alleges "emotional distress, humiliation and depression" as a result of defendants' conspiracy to defraud by means of falsely altering employment records.  While it is possible that a jury would find that any injury, economic or non-economic, was caused by the proceeding in court, based on this record, the court cannot conclude at this stage of the pleadings, based on the plaintiff's complaint, that she will be unable to prove her claim before a jury.

The defendants rely upon an unreported Connecticut Superior Court case, <u>Bieluch v. Dobensky</u>, No. CV940138893S, 1997 Conn. Super. LEXIS 136 (Conn. Super. Jan. 17, 1997), for the proposition that "the privilege applies to claims of intentional infliction of emotional distress based not only on statements of a defamatory nature, but also false communications that supposedly result in improper

rulings in a prior proceeding." Mem. in Supp. Mot. for Judgment, p. 4. However,

the court finds the <u>Bieluch</u> decision unpersuasive. As an initial matter, as noted by

defendants, in <u>Bieluch</u>, the Superior Court swept aside the plaintiff's argument that

his claim involved conduct outside of the judicial proceedings. Mem. in Supp. Mot.

for Judgment, pp. 8-9. This court cannot speculate about the Superior Court's

failure to address the plaintiff's argument. Further, the court does recognizes that, in

<u>Bieluch</u>, the Superior Court construed the plaintiff's allegations as "essentially

alleg[ing] that the defendant gave false and misleading testimony at the plaintiff's

divorce trial." 1997 Conn. Super. LEXIS 136, at *10. In the case at bar, however,

this court finds that plaintiff has pled more broadly than that and the liberal rules of

federal pleading afford her an opportunity to develop facts in support of those

allegations.

The court finds that the plaintiff has fairly and adequately alleged that, as a

result of learning about the falsification of the payroll records, she suffered severe

emotional distress. While it remains to be seen if the plaintiff can prove facts in

support of such a claim and whether the alleged conduct is indeed extreme and

outrageous, those issues are not before the court today.

## III.   CONCLUSION

For the foregoing reasons the defendants' motion for judgment on the

pleadings is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of May, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge