UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN C. TILLEY, <br><br> Plaintiff, <br><br> v. <br><br> ANIXTER INCORPORATED, PACER/ANIXTER INC. and DAVID G. TILLEY, <br><br> Defendants. | No. 3:02CV1312 (JCH) <br><br><br><br><br> August 17, 2004 |

**MOTION OF DEFENDANTS ANIXTER INC. AND PACER/ANIXTER,
A DIVISION OF ANIXTER INC. TO COMPEL PLAINTIFF
TO COMPLY WITH DISCOVERY REQUESTS DATED JUNE 16, 2004**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, defendants Anixter Inc. and Pacer/Anixter, a Division of Anixter Inc. (the "Corporate Defendants") hereby move for an order compelling plaintiff Susan Tilley to comply with her discovery obligations under Fed. R. Civ. P. 26, 33 and 34. Judicial intervention is sought because, over two months after service of the Corporate Defendants' discovery requests, plaintiff has not responded to a single interrogatory or come close to completing her responses to defendants' production requests. The close of the discovery period under the schedule prescribed by the Court is October 4, 2004. Without plaintiff's participation and compliance with the rules, the case cannot advance, jeopardizing defendants' ability to complete discovery within the time allotted by the Court.

In support hereof, undersigned counsel represents as follows:

1. The Complaint in this case was filed on or about July 30, 2002. On or about October 2, 2002, the Corporate Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that the Court lacks subject matter jurisdiction due to the bar on diversity jurisdiction with respect to domestic relations matters. [Doc. 10] Defendant David G. Tilley

**NO ARGUMENT REQUESTED**

joined in that motion. On or about September 22, 2003, the Court granted that motion with respect to Counts I & II (alleging fraud and conspiracy to commit fraud). [Doc. 23] The Court did not dismiss Count III (alleging intentional infliction of emotional distress). [Id.] On or about October 30, 2003, pursuant to Fed. R. Civ. P. 12(c), the Corporate Defendants moved for judgment on the pleadings as to the remaining count, on the grounds that plaintiff's claims are barred by the common law privilege for communications in connection with a judicial proceeding. [Doc. 29] Defendant David Tilley subsequently joined in that motion.

 2. In the meantime, on or about October 3, 2003, the parties filed a Rule 26(f) report on their planning meeting. [Doc. 25] The Court held a teleconference on the status of the case on October 14, 2003. On October 20, 2003, the Court ordered that all discovery be completed by four-and-a-half months following the ruling on the then-pending motion for judgment on the pleadings. [Doc. 27][1]

 3. On May 20, 2004, the Court ruled on the Corporate Defendants' motion for judgment on the pleadings. [Doc. 38] Although the Court's ruling significantly narrowed the scope of plaintiff's claims, the Court denied defendants' motion. [Id.] Given the date of that ruling and given the Court's earlier scheduling order, the discovery period closes on October 4, 2004.

 4. On June 16, 2004, pursuant to Fed. R. Civ. P. 26, 33, and 34, the Corporate Defendants issued a set of interrogatories and requests for production directed to plaintiff. See Tabs A & B. Responses to this discovery were due on July 17, 2004. July 17, 2004 passed with no response from plaintiff: no request for an extension; no objections; and no substantive responses.

 5. On June 16, 2004, the Corporate Defendants also issued a deposition notice setting plaintiff's deposition for July 28, 2004, which was approximately ten days after discovery

---

[1] The Court's order stated: "All discovery will be completed by May 31, 2004, or 4 1/2 months after a decision has been rendered on the Motion for Judgment on the Pleadings." Order Re: Rule 26(f) Report, dated October 20, 2003. [Doc. 27] Given the Court's May 20, 2004 ruling on the Motion for Judgment on the Pleadings, the deadline for discovery is October 4, 2004.

responses were supposed to have been provided by plaintiff.  See Tab C.  In light of the fact that plaintiff had not responded to the Corporate Defendants' discovery, on July 26, 2004, it was necessary for the Corporate Defendants to reschedule plaintiff's deposition.  See Tab D.  The deposition was re-noticed for August 19, 2004.  See id.  Given that plaintiff's response to defendants' paper discovery is still far from complete, plaintiff's deposition is today being rescheduled yet again, for September 3, 2004.  See Tab E.

6. Undersigned counsel has sought to resolve this situation without judicial intervention. On July 19, 2004, July 22, 2004, August 11, 2004, and August 17, 2004, undersigned counsel wrote to counsel for plaintiff seeking compliance.  See Tab F.  Counsel for plaintiff responded by letter dated July 19, 2004.  See Tab G.  Counsel have also had a number of telephone conversations regarding this issue.  Essentially, counsel for plaintiff has advised, repeatedly, that he and his client have been gathering and sorting documents in preparation for production.[2]  Yet, until the undersigned advised plaintiff's counsel of the imminent filing of this motion, see Letter from James Smart, Esq. to Robert Muchinsky, Esq., dated August 17, 2004, Tab F, no response had been received.  Although plaintiff has today -- for the first time -- produced documents purporting to be responsive to certain of the Corporate Defendants' requests for documents, see Letter from Robert Muchinsky, Esq. to James Smart, Esq., dated August 17, 2004, Tab H, plaintiff has made no response to over 3/4 of defendants' requests for documents, and she still has provided no response to any of the interrogatories.

7. Based on the foregoing, undersigned counsel certifies that he has in good faith conferred with plaintiff's counsel in an effort to obtain full compliance with the outstanding interrogatories and requests for production without Court action.  With the limited time available for discovery continuing to slip by, the Corporate Defendants cannot afford to wait any longer for plaintiff's responses to the very first step in the discovery process.

---

[2] On July 27, 2004, plaintiff filed a motion for an extension of time, seeking a 45 day extension of the discovery period. [Document #41]  The Court has not ruled on that motion.

WHEREFORE, the Corporate Defendants move this court to order that: (1) plaintiff provide the Corporate Defendants with full and complete answers to all interrogatories in accordance with Fed. R. Civ. P. 33, within ten days; (2) plaintiff provide the Corporate Defendants with full and complete responses to all requests for production of documents in accordance with Fed. R. Civ. P. 34, within ten days; (3) plaintiff's action be dismissed if she fails to provide full and complete responses to all of the Corporate Defendants' requests for production and interrogatories within ten days; and (4) plaintiff pay the Corporate Defendants reasonable costs of making this motion, in the amount of $500.00.[3]

        Respectfully submitted,

        DEFENDANTS
        ANIXTER INC. and PACER/ANIXTER, A
        DIVISION OF ANIXTER INC.


By: /s/ James R. Smart
        James R. Smart (ct20982)
        Steven D. Ecker (ct03762)
        Cowdery, Ecker & Murphy L.L.C.
        750 Main Street
        Hartford, CT 06103
        (860) 278-5555
        (860) 249-0012 Fax
        E-mail: jsmart@cemlaw.com

-- Their Attorneys

---

[3] Due to the delay in the discovery process caused by plaintiff's non-responsiveness, the Corporate Defendants may need an extension of time in which to complete discovery. Defendants reserve the right to move for such an extension, if necessary.

## CERTIFICATE OF SERVICE

_____This is to certify that on August 17, 2004, a copy of the foregoing was mailed, postage prepaid, to:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106

William M. Bloss, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
P.O. Box 606
New Haven, CT 06503-0606.

  /s/ James R. Smart
James R. Smart