UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN C. TILLEY, | : | |
| Plaintiff, | : | No. 3:02CV1312 (JCH) |
| v. | : | |
| | : | |
| ANIXTER INCORPORATED, | : | |
| PACER/ANIXTER INC. and | : | |
| DAVID G. TILLEY, | : | June 16, 2004 |
| | : | |
| Defendants. | : | |

**CORPORATE DEFENDANTS' FIRST SET OF REQUESTS**
**FOR PRODUCTION DIRECTED TO PLAINTIFF**

**TO:    Plaintiff Susan Tilley**

PLEASE TAKE NOTICE that plaintiff Susan C. Tilley ("Ms. Tilley" or you) is hereby

required, pursuant to Fed. R. Civ. P. 26 and 34 to serve upon the undersigned counsel for

defendants Anixter Inc. and Pacer/Anixter, a division of Anixter Inc., at his offices located at 750

Main Street, 9th Floor, Hartford, Connecticut, 06103, responses or objections to the following

requests for production of documents or other materials within 30 days of the date of service

hereof, and simultaneous therewith at said time and place, to produce for inspection and copying

all documents responsive to the requests contained herein.  The procedures set forth in Rules 26

and 34 of the Federal Rules of Civil Procedure shall govern.

These requests are intended to cover all documents in the possession, custody or control

of plaintiff and her agents, employees, and attorneys, and are considered to be continuing in

accordance with Fed. R. Civ. P. 26(e).   To the extent that documents are responsive to more than

one request, such documents need be provided only one time.

These requests do not replace or diminish plaintiff's obligation to provide "initial disclosures" as required by Fed. R. Civ. P. 26(a). That obligation remains, regardless of the service of these requests.

## Definitions and Instructions

The definitions set forth in Local Rule of Civil Procedure 26 shall govern this request. Without limiting the generality of the foregoing, it is expressly stated that the word "documents" shall include, without limitation, any responsive, non-privileged document of any kind, including without limitation communications, writings, drawings, graphs, charts, photographs, recordings, data compilations from which information can be obtained, correspondence, memoranda, drafts, files, reports, test results, video tapes, transcripts, contracts, invoices, bids, receipts, calendars, diaries, daybooks, notes, handbooks, standards, procedures, guidelines, manuals, accountings, inventories, cancelled checks, evaluations, reviews, e-mail, computer records on drive, disk or hard copy, and all data of any kind stored, kept or recorded electronically, by any means. In addition to the foregoing, the following definitions and instructions shall apply to this request:

1. If you claim that the subject matter of a responsive document is privileged or protected from disclosure on any grounds, you shall, notwithstanding any such claim, at the time of your response to this request produce a "privilege log" in accordance with the requirements of Local Rule 37(a).

2. The term "Litigation" refers to the above-captioned action.

3. The term "Complaint" refers to the Complaint filed on behalf of plaintiff in this Litigation, dated July 29, 2002.

2

## Requests For Production

Please produce the following:

1.   All documents concerning divorce proceedings involving yourself and David Tilley in
     Superior Court, docket number FA-92-0513362-S, including without limitation:

     A.   Copies of all transcripts concerning testimony submitted to the court by any party
          or person, whether prior to issuance of the memorandum of decision in October
          1994, or subsequent to issuance of that ruling;

     B.   Copies of all evidence or exhibits used or submitted by any party or person,
          whether prior to issuance of the October 1994 memorandum of decision or
          subsequent to issuance of that ruling;

     C.   All documents concerning the award or modification of support or alimony
          payments;

     D.   All documents concerning all motions for modification or contempt;

     E.   All documents concerning the settlement or stipulation between yourself and

3

David Tilley reached in November 2000;

F.    All documents concerning communications with, between or among <u>any</u> persons concerning the divorce proceedings;

G.    All notes, daybooks, calendars or diaries containing writing or entries concerning, in whole or in part, the divorce proceedings;

H.    All documents concerning communications with any support enforcement personnel or office.

2.    All documents concerning the 1998 action, <u>Susan Tilley v. Pacer Electronics, Inc., et al.,</u> docket number CV-98-580678S, including without limitation:

A.    All documents concerning the Settlement/Release dated June 17, 1998;

B.    All documents concerning the underlying claims raised in that action;

C.    All documents concerning communications with, between or among any persons concerning the action or the claims raised therein;

4

D.    All notes, daybooks, calendars or diaries containing writing or entries concerning, in whole or in part, the action or the claims raised therein.

3.    All documents concerning David Tilley's income, earnings or assets at any time from the beginning of his employment with Pacer Electronics in 1993 to the present, including without limitation:

A.    All documents concerning compensation received from his employment;

B.    All communications with, between or among any persons concerning Mr. Tilley's income or financial condition;

C.    All documents concerning any bankruptcy or insolvency proceedings concerning Mr. Tilley;

D.    All documents filed or created in connection with any court proceeding, which documents concern Mr. Tilley's income or financial condition;

E.    All documents concerning any investigations or inquiries concerning Mr. Tilley's income or financial condition.

4.    All documents concerning Terry Tilley (aka Terry Stevenson)'s income or earnings at any

time from 1993 to the present, including without limitation:

A.     All documents concerning compensation received from her employment;

B.     All communications with, between or among any persons concerning her income or financial condition;

C.     All documents concerning any bankruptcy or insolvency proceedings concerning Ms. Tilley/Stevenson;

D.     All documents concerning her income or financial condition and connected to any court proceedings;

E.     All documents concerning any investigations or inquiries concerning her income or financial condition.

5.     All documents concerning your assets, income or earnings at any time from January 1993 to the present, including without limitation:

A.     All documents concerning childcare and/or alimony payments received from Mr. Tilley at any time from January 1993 to the present;

B.   All documents reflecting your income each year from January 1993 to the present, including federal and state tax returns, W-2s and 1099 forms;

C.   All documents concerning any loan applications filed by you at any time from January 1993 to the present;

D.   All documents concerning any unpaid debts owed by you anytime after January 1993;

E.   All documents concerning any bankruptcy, insolvency or foreclosure proceedings involving you or any property owned by you at any time from January 1993 to the present;

F.   All documents concerning any savings, checking, CD, or other bank accounts that you have held at any time from January 1993 to the present, including all statements and cancelled checks concerning the same;

G.   All documents concerning any stocks, mutual funds, real estate or other assets held by you at any time from January 1993 to the present;

H.   All documents concerning any loans or indebtedness held by you at any time from January 1993 to the present;

I.     All documents concerning all credit card transactions, purchases or payments made by you at any time from January 1993 to the present, including without limitation all credit card statements reflecting transactions during this period;

J.     All documents concerning welfare, medicaid, medicare, general assistance, unemployment assistance or other government assistance or subsidy payments made to you or your family at any time from January 1993 to the present;

K.     All documents concerning any loans or gifts with a value of $500 or more that have been received by you at any time from January 1993 to the present;

L.     All documents concerning any assets with a value of $2000 or more that have been owned by you at any time from January 1993 to the present;

M.     All documents concerning or constituting financial statements or affidavits, whether signed or unsigned, concerning your assets, income, debts or liabilities at any time from January 1993 to the present.

6.     All documents concerning alleged false representations made by Anixter Inc., Pacer Electronics, or Pacer/Anixter concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

7.     All documents concerning alleged false representations made by Michael Rosa

concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

8.    All documents concerning alleged falsification or alteration of payroll records by Anixter Inc., Pacer Electronics, or Pacer/Anixter concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

9.    All documents concerning alleged falsification or alteration of payroll records by Michael Rosa concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

10.    All documents concerning the alleged false reporting to any support enforcement office by Anixter Inc., Pacer Electronics, Pacer/Anixter or Michael Rosa concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

11.    All documents concerning the alleged conspiracy among defendants to conceal David Tilley's earnings from the plaintiff, to alter payroll records concerning David Tilley or Terry Tilley/Terry Stevenson's salary or compensation, and/or to defraud plaintiff or the divorce court.

12.    All documents concerning the loss of the family home referenced in paragraphs 27 & 29 of the Complaint, including without limitation:

    A.    All documents concerning any foreclosure proceedings concerning said property;

9

B.    All documents concerning any mortgages or other loans secured by said property, including all documents concerning payments made or due on said mortgages at any time, whether before or after the dissolution of your marriage with David Tilley;

C.    All documents concerning the reasons that payments on said loans/mortgages/ property were not made.

13.    All documents concerning plaintiff's loss of her business, as alleged in paragraph 29 of the Complaint, including without limitation:

A.    All documents concerning the income, expenses or assets of this business from 1987 to the present, including without limitation financial statements, checking account statements, cancelled checks, tax returns, payroll or distribution records, incorporation and/or dissolution papers;

B.    All documents concerning debts or liabilities of this business from 1987 to the present, including without limitation financial statements, checking account statements, cancelled checks, tax returns, payroll or distribution records, incorporation and/or dissolution papers.

14.    All documents concerning any alleged emotional distress, humiliation, and/or depression that you claim to have suffered due to the conduct of defendants.

15.   All documents concerning any psychological, psychiatric, counseling, or emotional or mental therapy or treatment that you have received at any time since June 1990, including without limitation all care-provider's records, notes, opinions of treatment providers or communications concerning such therapy, treatment or your psychological, emotional, or mental condition(s).

16.   All documents concerning any medical care, treatment, diagnosis or therapy that you have received at any time since June 1990, including without limitation all medical records, notes, opinions of treatment providers or communications concerning such care, treatment, diagnosis, therapy or your medical conditions(s).

17.   Fully executed Authorizations for Release of Information (6 in number), in substantially the form of the Authorization attached hereto at Tab A.

18.   All documents concerning any child care expenses and/or medical treatment for your children that you could not afford due to the alleged conduct of defendants.

19.   All documents concerning your alleged loss of ability to meet daily living expenses due to the alleged conduct of defendants.

20.   All documents supporting any claim of damages asserted by you in connection with the intentional infliction of emotional distress claim advanced in this Litigation, including without limitation all documents concerning plaintiff's calculation of damages.

11

Respectfully submitted,


DEFENDANTS

ANIXTER INC. and PACER/ANIXTER, A
DIVISION OF ANIXTER INC.


By: _____

James R. Smart (ct20982)
Steven D. Ecker  (ct03762)
Cowdery, Ecker & Murphy L.L.C.
750 Main Street
Hartford, CT  06103
(860) 278-5555
(860) 249-0012 Fax

E-mail: jsmart@cemlaw.com

--  Their Attorneys

12

A

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

TO:

Patient Name: _____    Date of Birth: _____

Dates of Service: _____

I hereby authorize you to release to my attorneys, Cowdery, Ecker & Murphy, L.L.C., 750 Main Street, Hartford, CT 06103, or any designated representative thereof, my complete medical record pertaining to care and treatment rendered to me, including but not limited to reports, bills, x-rays, charts, graphs, clinical studies and any other related information. The information to be released is for legal purposes. I understand that:

1.    Information to be released or obtained may include mental health, substance abuse or HIV/AIDS-related information.

2.    I may revoke this authorization at any time by notifying the providing organization in writing, and it will be effective on the date notified except to the extent action has already been taken in reliance upon it.

3.    Information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by privacy regulations.

4.    There may be a fee for a copy of my medical record.

5.    This authorization has no expiration date.

6.    The disclosure of this health information is voluntary.

7.    I may request a copy of this signed authorization.

YOU ARE HEREBY AUTHORIZED TO DISCLOSE NO INFORMATION TO ANY INSURANCE ADJUSTER OR OTHER PERSON WITHOUT WRITTEN AUTHORITY TO DO SO. ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELLED.

Dated this _____ day of _____, 2003.

A photocopy of this authorization shall be treated as and the equivalent of the original.

Patient Signature: _____

Patient Address: _____

<u>AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION</u>

TO:

Patient Name: _____     Date of Birth: _____

Dates of Service: _____

    I hereby authorize you to release to my attorneys, Cowdery, Ecker & Murphy, L.L.C., 750 Main Street, Hartford, CT 06103, or any designated representative thereof, my complete medical record pertaining to care and treatment rendered to me, including but not limited to reports, bills, x-rays, charts, graphs, clinical studies and any other related information. The information to be released is for legal purposes. I understand that:

1.    Information to be released or obtained may include mental health, substance abuse or HIV/AIDS-related information.

2.    I may revoke this authorization at any time by notifying the providing organization in writing, and it will be effective on the date notified except to the extent action has already been taken in reliance upon it.

3.    Information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by privacy regulations.

4.    There may be a fee for a copy of my medical record.

5.    This authorization has no expiration date.

6.    The disclosure of this health information is voluntary.

7.    I may request a copy of this signed authorization.

    YOU ARE HEREBY AUTHORIZED TO DISCLOSE NO INFORMATION TO ANY INSURANCE ADJUSTER OR OTHER PERSON WITHOUT WRITTEN AUTHORITY TO DO SO. <u>ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELLED.</u>

    Dated this _____ day of _____, 2003.

    A photocopy of this authorization shall be treated as and the equivalent of the original.

Patient Signature: _____

Patient Address: _____

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

TO:

Patient Name: _____     Date of Birth: _____

Dates of Service: _____

     I hereby authorize you to release to my attorneys, Cowdery, Ecker & Murphy, L.L.C., 750 Main Street, Hartford, CT 06103, or any designated representative thereof, my complete medical record pertaining to care and treatment rendered to me, including but not limited to reports, bills, x-rays, charts, graphs, clinical studies and any other related information.  The information to be released is for legal purposes.  I understand that:

    1.    Information to be released or obtained may include mental health, substance abuse or HIV/AIDS-related information.

    2.    I may revoke this authorization at any time by notifying the providing organization in writing, and it will be effective on the date notified except to the extent action has already been taken in reliance upon it.

    3.    Information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by privacy regulations.

    4.    There may be a fee for a copy of my medical record.

    5.    This authorization has no expiration date.

    6.    The disclosure of this health information is voluntary.

    7.    I may request a copy of this signed authorization.

    YOU ARE HEREBY AUTHORIZED TO DISCLOSE NO INFORMATION TO ANY INSURANCE ADJUSTER OR OTHER PERSON WITHOUT WRITTEN AUTHORITY TO DO SO. ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELLED.

    Dated this _____ day of _____, 2003.

    A photocopy of this authorization shall be treated as and the equivalent of the original.

Patient Signature: _____

Patient Address: _____

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

TO:

Patient Name: _____     Date of Birth: _____

Dates of Service: _____

     I hereby authorize you to release to my attorneys, Cowdery, Ecker & Murphy, L.L.C., 750 Main Street, Hartford, CT 06103, or any designated representative thereof, my complete medical record pertaining to care and treatment rendered to me, including but not limited to reports, bills, x-rays, charts, graphs, clinical studies and any other related information. The information to be released is for legal purposes. I understand that:

1.     Information to be released or obtained may include mental health, substance abuse or HIV/AIDS-related information.

2.     I may revoke this authorization at any time by notifying the providing organization in writing, and it will be effective on the date notified except to the extent action has already been taken in reliance upon it.

3.     Information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by privacy regulations.

4.     There may be a fee for a copy of my medical record.

5.     This authorization has no expiration date.

6.     The disclosure of this health information is voluntary.

7.     I may request a copy of this signed authorization.

     YOU ARE HEREBY AUTHORIZED TO DISCLOSE NO INFORMATION TO ANY INSURANCE ADJUSTER OR OTHER PERSON WITHOUT WRITTEN AUTHORITY TO DO SO. <u>ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELLED.</u>

    Dated this _____ day of _____, 2003.

    A photocopy of this authorization shall be treated as and the equivalent of the original.

Patient Signature: _____

Patient Address: _____

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

TO:


Patient Name: _____    Date of Birth: _____

Dates of Service: _____

     I hereby authorize you to release to my attorneys, Cowdery, Ecker & Murphy, L.L.C., 750 Main Street, Hartford, CT 06103, or any designated representative thereof, my complete medical record pertaining to care and treatment rendered to me, including but not limited to reports, bills, x-rays, charts, graphs, clinical studies and any other related information.  The information to be released is for legal purposes.  I understand that:

    1.    Information to be released or obtained may include mental health, substance abuse or HIV/AIDS-related information.

    2.    I may revoke this authorization at any time by notifying the providing organization in writing, and it will be effective on the date notified except to the extent action has already been taken in reliance upon it.

    3.    Information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by privacy regulations.

    4.    There may be a fee for a copy of my medical record.

    5.    This authorization has no expiration date.

    6.    The disclosure of this health information is voluntary.

    7.    I may request a copy of this signed authorization.

    YOU ARE HEREBY AUTHORIZED TO DISCLOSE NO INFORMATION TO ANY INSURANCE ADJUSTER OR OTHER PERSON WITHOUT WRITTEN AUTHORITY TO DO SO. ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELLED.

    Dated this _____ day of _____, 2003.


    A photocopy of this authorization shall be treated as and the equivalent of the original.

Patient Signature: _____

Patient Address: _____

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

TO:

Patient Name: _____    Date of Birth: _____

Dates of Service: _____

    I hereby authorize you to release to my attorneys, Cowdery, Ecker & Murphy, L.L.C., 750 Main Street, Hartford, CT 06103, or any designated representative thereof, my complete medical record pertaining to care and treatment rendered to me, including but not limited to reports, bills, x-rays, charts, graphs, clinical studies and any other related information.  The information to be released is for legal purposes.  I understand that:

1.    Information to be released or obtained may include mental health, substance abuse or HIV/AIDS-related information.

2.    I may revoke this authorization at any time by notifying the providing organization in writing, and it will be effective on the date notified except to the extent action has already been taken in reliance upon it.

3.    Information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by privacy regulations.

4.    There may be a fee for a copy of my medical record.

5.    This authorization has no expiration date.

6.    The disclosure of this health information is voluntary.

7.    I may request a copy of this signed authorization.

    YOU ARE HEREBY AUTHORIZED TO DISCLOSE NO INFORMATION TO ANY INSURANCE ADJUSTER OR OTHER PERSON WITHOUT WRITTEN AUTHORITY TO DO SO. ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELLED.

    Dated this _____ day of _____, 2003.

    A photocopy of this authorization shall be treated as and the equivalent of the original.

Patient Signature: _____

Patient Address: _____

## CERTIFICATE OF SERVICE

This is to certify that on June 16, 2004, a copy of the foregoing was faxed and mailed, postage prepaid, to:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106

William M. Bloss, Esq.
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604.

_____
James R. Smart