UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Susan C. Tilley, | : | Civil Action Number |
| Plaintiff | : | 3:02cv1312(JCH) |
| | : | |
| v. | : | |
| | : | |
| Anixter Incorporated, | : | |
| Pacer/Anixter, Inc., and | : | |
| David G. Tilley, | : | |
| Defendants. | : | September 8, 2004 |

**Plaintiff's Reponses to Defendant Anixter Inc. and Pacer/Anixter, Inc.**
**A Division of Anixter, Inc.'s Motion to Compel the Plaintiff to Comply with Defendants**
**First Requests for Production dated June 16, 2004**

On August 17, 2004 the Defendant, Anixter Inc. and Pacer/Anixter, Inc., a Division of

Anixter Inc, (the "Corporate Defendants") moved for an order compelling Plaintiff, Susan C.

Tilley, to comply with the Corporate Defendant's Discovery Requests dated June 16, 2004.

The Plaintiff and the undersigned counsel, in order to comply with Corporate

Defendant's Request for Production, in as a complete way as possible, required Plaintiff and her

counsel to sort through twelve years of accumulated documents in order to satisfy Corporate

Defendant's request. Corporate Defendant was alerted on several occasions that producing what

was requested was taking longer than anticipated despite diligent efforts by both Plaintiff and her

counsel.

On August 17, 2004, Plaintiff provided responses to the first five Requests for

Production of the Corporate Defendants consisting of 1254 pages of documents. (Tab 1).

On September 3, 2004, Plaintiff provided to the Corporate Defendants the balance of

its request for production as well as responses to Corporate Defendant's First Set of

Interrogatories dated June 16, 2004.  Copies were also provided to counsel for Defendant David

Tilley via express mail on the same date. (Tabs 2, 3 and 4).

Plaintiff has yet to provide copies of statements of her personal bank account to

Corporate Defendant.  Copies of statements and canceled checks of Plaintiff's personal accounts

had been requested from the Manchester Savings Bank.  Manchester Savings Bank is now the

New Alliance Bank and despite Plaintiff's requests, New Alliance has yet to provide copies of

her checks and statement of accounts for the last ten (10) years.  New Alliance Bank has

informed Plaintiff that they will have these documents ready by September 15, 2004. At that

time, Plaintiff will provide copies of those documents in response to Corporate Defendants'

Request for Production # 5f.

Plaintiff did have difficulty in producing the requested documents, the request having

been particularly burdensome.  However, the Plaintiff has produced all documents requested with

the exception of the Plaintiff's personal checking account statements and copies of canceled

checks for the past ten (10) years.   Plaintiff has also provided full and complete Answers to the

Corporate Defendant's First Set of Interrogatories.

On August 20, 2004, discovery was extended by the Court to November 8, 2004,

giving Corporate Defendant ample time to depose the Plaintiff.

WHEREFORE, Corporate Defendant's Motion to Compel should be denied as moot.

Respectfully submitted,
**The Plaintiff**,
**Susan C. Tilley**

By: _____
Robert B. Muchinsky
*HER ATTORNEY*
39 Russ Street
Hartford, CT 06106
Telephone: (860) 297-0037
Federal Bar No.  CT12702

## Certification

I hereby certify that a true and correct copy of the foregoing was mailed, postage pre-paid to

the parties and counsel of record on September 8, 2004.

**Defendant,**
**Anixter Inc. & Pacer/Anixter**

Steven D. Ecker, Atty.
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103
Federal Bar No. ct03762

**Defendant**
**David G. Tilley**

William M. Bloss, Esq.
Kosskoff, Kosskoff & Beider
PO Box 1661
Bridgeport, CT 06604

**Filing Location**

Clerk of Court
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

ROBERT B. MUCHINSKY



LAW OFFICES

# Robert B. Muchinsky, LLC

FACSIMILE
(860) 297-0040

39 RUSS STREET
HARTFORD, CONNECTICUT 06106

———————

(860) 297-0037

August 17, 2004

**Via Hand Delivery**

James Smart, Esq.
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103

Re:  **Susan C. Tilley v. Anixter Incorporated, et al.**
       **Docket No. 3:02cv1312 (JCH)**

**Plaintiff's Initial Production**

Dear Attorney Smart:

Enclosed herewith please find Plaintiff's initial production in response to Corporate Defendant's Requests for production 1 through 5, dated June 16, 2004, as follows:

Request #1 – See plaintiff's initial production dated August 17, 2004, specifically, bates-stamped "00001 through 000230".

Request #2 – See plaintiff's initial production dated August 17, 2004, specifically, bates-stamped "000749 through 000778".

Request #3 - See plaintiff's initial production dated August 17, 2004, specifically, bates-stamped "000231 through 000748".

Request #4 - See plaintiff's initial production dated August 17, 2004, specifically, bates-stamped "000779 through 000918".

Request #5 - See plaintiff's initial production dated August 17, 2004, specifically bates-stamped "000919 through 001254".  Please note that items "f", "g", "h", "i", "j" and

"l" have been requested of the Plaintiff and said items will be provided to Corporate
Defendant upon receipt.

Very truly yours,

ROBERT B. MUCHINSKY

RBM/car
Encs.

2

*LAW OFFICES*

# Robert B. Muchinsky, LLC

FACSIMILE
(860) 297-0040

39 RUSS STREET
HARTFORD, CONNECTICUT 06106

———————

(860) 297-0037

September 3, 2004

**Via Hand Delivery**

James Smart, Esq.
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103

   Re: **Susan C. Tilley v. Anixter Incorporated, et al.**
     **Docket No. 3:02cv1312 (JCH)**

     **Plaintiff's Supplemental Production #1**

Dear Attorney Smart:

  Enclosed herewith please find Plaintiff's Reply to Corporate defendant First Set of Interrogatories dated June 16, 2004 together with Plaintiff's Reply to Corporate Defendant's First Set of Request to Production dated June 16, 2004. Also enclosed please find Plaintiff's Supplemental Production #1 dated September 2, 2004.

  Request #1 a – See plaintiff's supplemental production #1 dated September 2, 2004 , specifically, bates-stamped "001620 through 1637.

  Request #1 b – See plaintiff's supplemental production #1 dated September 2, 2004 , specifically, bates-stamped "001255 through 001329".

  Request #1 h - See plaintiff's supplemental production #1 dated September 2, 2004 , specifically, bates-stamped "001685 through 001698".

  Request #5 a  - See plaintiff's supplemental production #1 dated September 2, 2004 , specifically, bates-stamped "001638 through 001650".

Request #5 d - See plaintiff's supplemental production #1 dated September 2, 2004, specifically bates-stamped "001651 through 001663".

Request #5 f - See plaintiff's supplemental production #1 dated September 2, 2004, specifically bates-stamped "001330 through 001618".

Request #5 g - See plaintiff's supplemental production #1 dated September 2, 2004, specifically bates-stamped "001664 through 001684".

Request #5 j - See plaintiff's supplemental production #1 dated September 2, 2004, specifically bates-stamped "001694 through 001699".

Request # - See plaintiff's supplemental production #1 dated September 2, 2004, specifically bates-stamped "001700 through 001742".

Request #17 - See plaintiff's supplemental production #1 dated September 2, 2004, specifically bates-stamped signed authorizations (unnumbered).

Very truly yours,

ROBERT B. MUCHINSKY

RBM/car
Encs.



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Susan C. Tilley, | : | Civil Action Number |
| Plaintiff | : | 3:02cv1312(JCH) |
| | : | |
| v. | : | |
| | : | |
| Anixter Incorporated, | : | |
| Pacer/Anixter, Inc., and | : | |
| David G. Tilley, | : | |
| Defendants. | : | September 2, 2004 |

**Plaintiff's Reply to Corporate Defendant's
First Set of Requests for Production dated June 16, 2004.**

Plaintiff, Susan C. Tilley's Reply to Corporate Defendant's First Set of Requests for

Production dated June 16, 2004.


## REQUEST FOR PRODUCTION

1. All documents concerning divorce proceedings involving yourself and David Tilley in

Superior Court, docket number FA-92-0513362-S, including without limitation:

    a. Copies of all transcripts concerning testimony submitted to the court by any party

    or person, whether to issuance of the memorandum of decision in October 1994 or

    subsequent to issuance of that ruling.

    b. Copies of all evidence used or submitted by any party or person, whether prior to

    issuance of the October 1994 memorandum of decision or subsequent to issuance

of that ruling.

c.  All documents concerning the award or modification of support of alimony

   payments;

d.  All documents concerning all motions for modification or contempt;

e.  All documents concerning the settlement or stipulation between yourself and

   David Tilley reached in November 2000;

f.  All documents concerning communications with, between or among <u>any</u> persons

   concerning the divorce proceedings;

g.  All notes, daybooks, calendars or diaries containing writing or entries concerning,

   in whole or in part, the divorce proceedings;

h.  All documents concerning communications with any support enforcement

   personnel or office.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004, bates-stamped 00001 to 000230.  In addition plaintiff provides in its Supplemental Production #1 dated September 2, 2004, documents bates-stamped, 001620-001637, 001685-001690, 001691-001693 and 001698.**

2.  All documents concerning the 1998 action, <u>Susan Tilley v Pacer Electronics. Inc. et al.</u>,

docket number CV-98-580678-S, including without limitation;

   a.  All documents concerning the Settlement/Release dated June 17, 1998;

b.  All documents concerning the underlying claims raised in that action;

c.  All documents concerning communications with, between or among any persons

concerning the action or the claims raised therein;

d.  All notes, daybooks, calendar or diaries containing writing or entries concerning,

in whole or in part the action or the claims raised therein.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004, bates-stamped**
**000749 to 000778.**

3.  All documents concerning David Tilley's income, earnings or assets at any time from the

beginning of his employment with Pacer Electronics in 1993 to the present, including without

limitations:

a.  All documents concerning compensation received from his employment;

b.  All communications with, between or among any persons concerning Mr. Tilley's

income or financial condition;

c.  All documents concerning any bankruptcy or insolvency proceedings concerning

Mr. Tilley;

d.  All documents filed or created in connection with any court proceeding, which

documents concern Mr. Tilley's income or financial condition;

e.  All documents concerning any investigations or inquiries concerning Mr. Tilley's

income or financial condition.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004, bates-stamped 000231 to 000748.**

4.  All documents concerning Terry Tilley (aka Terry Stevenson's) income or earnings at any time from 1993 to the present, including without limitation:

      a.  All documents concerning compensation received from her employment;'

      b.  All communications with, between or among any persons concerning her income or financial condition;

      c.  All documents concerning any bankruptcy or insolvency proceedings concerning Ms. Tilley/Stevenson;

      d.  All documents concerning her income or financial condition and connected to any court proceedings;

      e.  All documents concerning any investigations or inquiries concerning her income or financial condition.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004, bates-stamped 000779 to 000918.**

5.  All documents concerning your assets, income or earnings at any time from January 1993 to the present, including without limitation:

a.  All documents concerning childcare and/or alimony payments received from Mr.
    Tilley at any time from January 1993 to the present;

b.  All documents reflecting your income each year from January 1993 to the present,
    including federal and state tax returns, W-2s and 1099 forms;

c.  All documents concerning any loan applications filed by you at any time from
    January 1993 to the present;

d.  All documents concerning any unpaid debts owed by you anytime after January
    1993;

e.  All documents concerning any bankruptcy, insolvency or foreclosure proceedings
    involving you or any property owned by you at any time from January 1993 to the
    present;

f.  All documents concerning any savings, checking, CD, or other bank accounts that
    you have held at any time from January 1993 to the present, including all
    statements and cancelled checks concerning the same;

g.  All documents concerning any stocks, mutual funds, real estate or other assets
    held by you at any time from January 1993 to the present;

h.  All documents concerning any loans or indebtedness held by you at any time from
    January 1993 to the present;

i.  All documents concerning all credit card transactions, purchases or payments
    made by you at any tie from January 1993 to the present, including without

limitation all credit card statements reflecting transactions during this period;

j.   All documents concerning welfare, Medicaid, medicare, general assistance,

unemployment assistance or other government assistance or subsidy payments

made to you or your family at any time from January 1993 to the present;

k.   All documents concerning any loans or gifts with a value of $500 or more that

have been received by you at any time from January 1993 to the present;

l.   All documents concerning any assets with a value of $2000 or more that have

been owned by you at any time from January 1993 to the present;

m.   All documents concerning or constituting financial statements or affidavits,

whether signed or unsigned, concerning your assets, income, debts or liabilities at

any time from January 1993 to the present.

**ANSWER:**

a.   Please see plaintiff's initial production dated August 17, 2004, bates-
stamped  for identification, 000919 to 001254, as well as documents
produced by way of supplemental production #1 dated September 2,
2003, specifically items bates-stamped, 001638-001650.

b.   With regard to income from 1993 to the present, please see plaintiff's
income tax returns for 1997, 1998, 2000, 2001, 2002 and 2003 which have
been provided in Supplemental Production #1 dated September 2, 2003
and bates-stamped for identification "001255 through 001329".  Please
note that plaintiff does not possess income tax returns for tax years 1993
through 1996 and 1999.  Upon inquiry to the IRS, plaintiff was informed
that they will only provide copies of the current tax year plus the prior
three years, therefore copies of said tax returns for 1993-1996 and 1999
are unavailable.

c.   Please see plaintiff's initial production dated August 17, 2004 and bates-
stamped for identification, 000919 to 001254.

d.    Please see plaintiff's initial production dated August 17, 2004 and bates-stamped for identification, 000919 to 001254.

e.    Please see plaintiff's initial production dated August 17, 2004 and bates-stamped for identification, 000919 to 001254.

f.    <u>Business Accounts.</u> Plaintiff provides herewith copies of statements and canceled checks from checking account numbers 07-460000015436 and 07-460000015416, plaintiff's business accounts, which represent the checking account activities for plaintiff's business from January 1997 to July 2004 with the exclusion of December 1999 which plaintiff has been unable to locate. Bates-stamped for identification 001330 through 001619, 001733 through 001735.

      <u>Personal Accounts.</u> Copies of statements and canceled checks of plaintiff's personal accounts have been requested from the Manchester Savings Bank, however Manchester Savings Bank has delayed in providing copies of said statement to the plaintiff. The statements for plaintiff's personal checking accounts will be produced upon receipt.

g.    Plaintiff does not own any stocks or mutual funds.

      Plaintiff produces herewith a copy of her mortgage documents, bates-stamped for identification 001672-001684, a copy of her mortgage commitment letter is provided herewith and bates-stamped 001666-1671. Plaintiff also produces herewith copies of evidence of property insurance, bates-stamped 001664-1665.

h.    Please see plaintiff's initial production dated August 17, 2004 and bates-stamped for identification, 000919 to 001254.

i.    Plaintiff is not in possession of any credit card statements.

j.    Please see plaintiff's initial production dated August 17, 2004 and bates-stamped for identification, 000919 to 001254. See also plaintiff's supplemental production #1 dated September 2, 2004 and bates-stamped for identification, 001694-001699.

k.    Plaintiff has from time to time received monetary gifts from her mother

but she does not have documentation of same, except, for documents relating to her mortgage, which have been produced by way of supplemental production #1 dated September 2, 2004 and bates-stamped for identification, 001664 through 001684.

l.      Plaintiff's only asset other than real estate with a value of $2,000 or more is her automobile, a 2001 Pontiac Grand Am with a book value of approximately $6,000.00.

m.      Plaintiff has produced the supporting documentation in its initial disclosure dated August 17, 2004.

6.  All documents concerning alleged false representations made by Anixter, Inc., Pacer Electronics, or Pacer/Anixter concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

**ANSWER:  Please see plaintiff's initial disclosure dated August 17, 2004, bates-stamped for identification, 000214 and 001691-1693.**

7.  All documents concerning alleged false representations made by Michael Rosa concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

**ANSWER:  Please see the transcript of the testimony of Michael Rosa produced by way of supplemental production #1 dated September 2, 2004, bates-stamped for identification, 001620-1637 and included in plaintiff's response to request for production #1 herein.**

8.  All documents concerning alleged falsification or alteration of payroll records by Anixter

Inc., Pacer Electronics, or Pacer/Anixter concerning David Tilley or Terry Tilley/Terry

Stevenson's salary and/or compensation.

**ANSWER:  Please see the payroll records of David Tilley and Terri Tilley from 1994 to 2001 produced by way of plaintiff's initial disclosure dated August 17, 2004, in response to request for production #s 3 and 4.  Please see also the transcript of the testimony of Michael Rosa, produced by way of supplemental production #1 dated September 2, 2004, bates-stamped  for identification 001620-1637, included in request for production #1 above, as well as documents bates-stamped  000170, 000214, 000243, 000575, 000601 and 000630 produced by way of plaintiff's initial disclosure dated August 17, 2004.**

9.  All documents concerning alleged falsification or alteration of payroll records by Michael

Rosa concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

**ANSWER:   Please see the payroll records of David Tilley and Terri Tilley from 1994 to 2001 produce by way of plaintiff's initial disclosure dated August 17, 2004, in response to request for production #s 3 and 4 as well as documents bates-stamped  000214, 000243, 000575 and 000601.  Please see also the transcript of the testimony of Michael Rosa, produced herewith by way of supplemental production #1 dated September 2, 2004, bates-stamped for identification, 001620-1637, included in response to production #1 a above.**

10. All documents concerning the alleged false reporting to any support enforcement office

by Anixter Inc., Pacer Electronics, Pacer/Anixter or Michael Rosa concerning David Tilley or

Terry Tilley/Terry Stevenson's salary and/or compensation.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004 bates-stamped for identification, 000214 and 001691-001693.**

11. All documents concerning the alleged conspiracy among defendants to conceal David

Tilley's earnings from the plaintiff, to alter payroll records concerning David Tilley or Terry

Tilley/Terry Stevenson's salary or compensation, and/or to defraud plaintiff or the divorce court.

**ANSWER: Please see plaintiff's responses to request for productions #s 6, 7, 8, 9 and 10
above, materials provided by way of initial production dated August 17, 2004 and
supplemental production #1 dated September 2, 2004.**

12. All documents concerning the loss of the family home referenced in paragraphs 27 & 29

of the Complaint, including without limitation:

a. All documents concerning any foreclosure proceedings concerning said property;

b. All documents concerning any mortgages or other loans secured by said property,

including all documents concerning payments made or due on said mortgages at

any time, whether before or after the dissolution of your marriage with David

Tilley;

c. All documents concerning the reasons that payments on said

loans/mortgages/property were not made.

**ANSWER: Please see response to plaintiff's request for production # 5 above, wherein all
documents relating to the plaintiff's foreclosure have been produced by way of initial
disclosure dated August 17, 2004 and by way of supplemental production #1 dated
September 2, 2004.**

13. All documents concerning plaintiff's loss of her business, as alleged in paragraph 29 of
the Complaint, including without limitation:

    a.  All documents concerning the income, expenses or assets of this business from
1987 to the present, including without limitation financial statements, checking
account statements, cancelled checks, tax returns, payroll or distribution records,
incorporation and/or dissolution papers;

    b.  All documents concerning debts or liabilities of his business from 1987 to the
present, including without limitation financial statements, checking account
statements, cancelled checks, tax returns, payroll or distribution records,
incorporation and/or dissolution papers.

**ANSWER:**    **a.**  **Plaintiff has provided income tax returns for tax years 1997 through 2003
in her Supplemental Production #1 dated September 2, 2004, bates-stamped for
identification , "001255 through 001329" as well as checking account statements and
canceled checks for the years 1997 through 2004 in response to request for production # 5 f
above, bates-stamped, 001330 through 001619, 001733 through 001735.**

    **b.**  **Plaintiff has no other documents regarding her business with the
exception of her checking account and income tax returns produced in response to request
for production #5 f above and 13 a above produced by way of plaintiff's initial production
dated August 17, 204 and supplemental production #1 dated September 2, 2004.**

14. All documents concerning any alleged emotional distress, humiliation, and/or depression
that you claim to have suffered due to the conduct of defendants.

**ANSWER:  Plaintiff produces herewith by way of supplemental production #1 dated**

September 2, 2004, the records of Karen S. Devassy, M.D., bates-stamped for identification, 001700-1732.

15. All documents concerning any psychological, psychiatric, counseling or emotional or mental therapy or treatment that you have received at any time since June 1990, including without limitation all care-provider's records, notes, opinions of treatment providers or communications concerning such therapy, treatment or your psychological, emotional, or mental condition(s).

**ANSWER:  Plaintiff has sought treatment from the Community Child Guidance Clinic in or about year 1992 and/or 1993.  Plaintiff has requested said records from the provider and will produce said documents upon receipt.**

16. All documents concerning any medical care, treatment, diagnosis, or therapy that you have received at any time since June 1990, including without limitation all medical records, notes, opinions of treatment providers or communications concerning such care, treatment, diagnosis, therapy or your medical condition(s).

**ANSWER:  Please see the records of Karen S. Devassy, M.D. produced herewith by way of supplemental production #1 dated September 2, 2004 and in response to request for production #14 above, bates-stamped for identification, 001700-1732.**

17. Fully executed Authorizations for Release of Information (6 in number), in substantially

the form of the Authorization attached hereto at Tab A.

**ANSWER:  Said authorizations have been executed by the plaintiff and are produced
herein.**


18. All documents concerning any child care expenses and/or medical treatment for your

children that you could not afford due to the alleged conduct of defendants.

**ANSWER:  Please see documents produced in plaintiff's initial disclosure dated August 17,
2004 as well as documents produced by way of supplemental production #1 dated
September 2, 2004, in response to request for production #5 above.**


19. All documents concerning your alleged loss of ability to meet daily living expenses due to

the alleged conduct of defendants.

**ANSWER:  Please see documents produced in plaintiff's initial disclosure dated August 17,
2004 and in response to request for production #5 above including collection letters and
shut off notices which were produced therein.**


20. All documents supporting any claim of damages asserted by you in connection with the

intentional infliction of emotional distress claim advanced in this Litigation, including without

limitation all documents concerning plaintiff's calculation of damages.

**ANSWER:   Plaintiff has no such documentation.**

Respectfully submitted,
**The Plaintiff,**
**Susan C. Tilley**

By: _____
        Robert B. Muchinsky
        *HER ATTORNEY*
        39 Russ Street
        Hartford, CT 06106
        Telephone: (860) 297-0037
        Federal Bar No.  CT12702



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Susan C. Tilley,<br>**Plaintiff** | : | **Civil Action Number** |
| | : | 3:02cv1312(JCH) |
| | : | |
| v. | : | |
| | : | |
| Anixter Incorporated, | : | |
| Pacer/Anixter, Inc., and | : | |
| David G. Tilley, | : | |
| **Defendants.** | : | **September 2, 2004** |

### Plaintiff's Answer to Corporate Defendant's
### First Set of Interrogatories dated June 16, 2004

Plaintiff, Susan C. Tilley, hereby provides the following Answer's to Corporate

Defendant's First Set of Interrogatories dated June 16, 2004.

1. Provide the name and address of any and all therapists, psychologists, counselors,

psychiatrist or other emotional or mental healthcare providers who have treated, counseled,

diagnosed, or performed any services for you, or conducted any diagnostic or other testing on

you, at any time from June 1990 to the present.

ANSWER: Ms. Tilley received counseling treatment at Community Child Guidance Clinic,
located at 317 North Main Street, Manchester, CT 06040 sometime in 1992 and/or 1993.
Plaintiff's counsel has requested a copy of the medical records and provides herewith a
copy of its letter of request. Documents in connection with the Community Child Guidance
Clinic will be provided upon receipt.

2.  Provide the name and address of any and all doctors or medial care providers who

examined, treated, diagnosed, or performed any medical services for you, or conducted any

diagnostic or other medical testing on you, at any time from June 1990 to the present.

**ANSWER:  Ms. Tilley's primary physician is Karen Devassy MD of the Connecticut Multispecialty, 112 Main Street, Suite 1B, Broad Brook, CT 06016.**

**Ms. Tilley has also been treated by the following physicians:**

**Ronald J. Bloom, MD**
**Cottage Grove Cardiology**
**701 Cottage Grove Road**
**Bloomfield, CT  06002**

**Raymond Kurker, MD**
**South Windsor Medical Arts**
**23 Oakland Road**
**South Windsor, CT**

3.  Identify all persons whom you intend to call as expert witnesses at trial.

**ANSWER:  Plaintiff does not intend to call any expert witnesses to testify in connection with this matter.**

4.  For each witness identified in response to Interrogatory #3, provide the information

required by Fed. R. Civ. P. 26 (a)(2)(B), including, "a complete statement of all opinions to be

expressed and the basis and reasons therefore; the data or other information considered by the

witness in forming the opinions; the qualifications of the witness, including a list of all

publications authorized by the witness within the preceding of ten years; the compensation to be

paid for the study and the testimony; and a listing of any other cases in which the witness has

testified as an expert at trial or by deposition within the preceding four years."

**ANSWER:  Please see response to Interrogatory "3" above.**



5.  List all cases in which you have testified at trial or by deposition, provide the dates of

such testimony, and describe the nature of your testimony.

**ANSWER:  Plaintiff testified in her divorce trial matter entitled Tilley v. Tilley, docket number FA-92-0513362-S) in late 1994 before The Honorable Thelma Santos in the Hartford Superior Court.**



6.  Identify all witnesses whom you believe have any knowledge concerning the allegations

of the Complaint, and describe the nature and basis of that knowledge.

**ANSWER:  Valerie Slayton, Becky Harris, Denise Moran, Michael Cavasino, Betty L. Pongraf and Nathan Tilley.  Ms. Pongraf is Plaintiff's mother and will testify as to her knowledge, observation and involvement in Plaintiff's affairs and claims in this action.**

**Nathan Tilley is the Plaintiff's son and will also testify as to his knowledge and observations of the Plaintiff and/or her claims in this action.**

**All others are friends, family and witnesses who have knowledge concerning the plaintiff's claims in this action.**

7.  Identify all witnesses whom you intend to call at trial of this matter, and describe the anticipated subject matter of their testimony.

**ANSWER:  Please see response to Interrogatory #6 above.  In addition to those witnesses identified in paragraph 6 above, plaintiff intends to call but is not limited to the following witnesses:**

**David Tilley.  Mr. Tilley has knowledge of the events surrounding the falsification of his payroll records.**

**Terri Tilley.  Ms. Tilley has knowledge of the events surrounding the falsification of her payroll records as well as the payroll records of David Tilley's payroll.**

**Michael Rosa.  Mr. Rosa has knowledge of the events surrounding the falsification of the payroll records of David Tilley and Terri Tilley.**

**Thomas Perrozzi.  Mr. Perrozzi has knowledge of the events surrounding the falsification of the payroll records of David Tilley and Terri Tilley.**

**George Fan.   Mr. Fan is Support Enforcement Officer for the State of Connecticut and participated in plaintiff's case and has knowledge of matters relative thereto.**

**Karen S. Devassy, M.D.  Dr. Devassy is plaintiff's treating physician and will testify as to her treatment of the plaintiff.**

Respectfully submitted,
**The Plaintiff,**
**Susan C. Tilley**

By:  _____
      Robert B. Muchinsky
      *HER ATTORNEY*
      39 Russ Street
      Hartford, CT 06106
      Telephone: (860) 297-0037
      Federal Bar No.  CT12702