SEP 21 2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 SEP 22 A
U.S. DIST
BRIDGE

SUSAN C. TILLEY,

       Plaintiff,

v.

ANIXTER INCORPORATED,
PACER/ANIXTER INC. and
DAVID G. TILLEY,

       Defendants.

No. 3:02CV1312 (JCH)

September 20, 2004

## REPLY OF DEFENDANTS ANIXTER INC. AND PACER/ANIXTER, A DIVISION OF ANIXTER INC. TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL

Defendants Anixter Inc. and Pacer/Anixter, a Division of Anixter Inc. (the "Corporate Defendants") hereby reply to Plaintiff's Opposition to the Corporate Defendants' Motion to Compel. Plaintiff argues that the Motion to Compel should be denied as moot because she supposedly has provided full and complete answers to the Corporate Defendants' Interrogatories and, with certain exceptions that were supposed to have been remedied by now, has produced all documents responsive to their Requests for Production. In fact, however, significant deficiencies remain in Plaintiff's discovery responses. Accordingly, as further explained below, the Court should order Plaintiff to comply with the Corporate Defendants' Requests for Production and Interrogatories dated August 16, 2004.

Among the deficiencies in the Plaintiff's responses to the Interrogatories are the following:[1]

    Plaintiff has not personally signed her interrogatory answers nor subscribed to an oath with respect thereto, as required by Fed. R. Civ. P. 33;

    Plaintiff has failed to "identify" the witnesses that she lists in response to Interrogatories 6 & 7, in compliance with the definition of that term in D. Conn. L. Civ. R. 26(c); and

    Plaintiff's response to the Corporate Defendants' request in Interrogatory 6 for a

---

[1] The deficiencies discussed here are in addition to the omitted bank records acknowledged by Plaintiff in her Opposition. Although Plaintiff indicated that those records would be provided by September 15, 2004, they have not yet been produced.

description of "the nature and basis of th[e] knowledge" of the listed witnesses is unacceptably vague.

Among the deficiencies in Plaintiff's responses to the Corporate Defendants' Requests for Production are the following:

The omission of over 20 pages of documentation specifically promised by Plaintiff's response dated September 2, 2004, as further detailed in the attached letter from the undersigned to counsel for Plaintiff, dated September 20, 2004 (Tab A);

The production of certain documents in an improperly redacted form, with portions inexplicably blacked out, as detailed in the letter at Tab A, and as illustrated in the attachments at Tab B;

The production of numerous documents in an illegible or cropped fashion, as detailed in the letter at Tab A;

The failure to make complete production with respect to certain categories of documentation requested and purportedly produced, such as the obviously incomplete medical records provided in response to Request 16, as further detailed in the letter at Tab A.

The Corporate Defendants are continuing to work with Plaintiff's counsel in an effort to obtain full compliance. See, e.g., letter to counsel for Plaintiff, Tab A. However, at this point – in light of the ongoing deficiencies in Plaintiff's responses, and given the short discovery schedule applicable to this case[2] – the Court should order Plaintiff promptly to provide full and complete responses to Defendants' discovery.

For the foregoing reasons, the Court should grant the Corporate Defendants' Motion to Compel.

---

[2] On August 20, 2004, the Court granted Plaintiff's Motion for an extension of the discovery period, to November 8, 2004, and stated that no further extensions would be granted.

Respectfully submitted,

DEFENDANTS
ANIXTER INC. and PACER/ANIXTER, A
DIVISION OF ANIXTER INC.

By: _____
James R. Smart (ct20982)
Steven D. Ecker (ct03762)
Cowdery, Ecker & Murphy L.L.C.
750 Main Street
Hartford, CT 06103
(860) 278-5555
(860) 249-0012 Fax
E-mail: jsmart@cemlaw.com

-- Their Attorneys

Ex. A

LAW OFFICES OF

## COWDERY, ECKER & MURPHY, L.L.C.

750 MAIN STREET

HARTFORD, CONNECTICUT 06103-2703

www.cemlaw.com

JAMES T. COWDERY
STEVEN D. ECKER
THOMAS J. MURPHY
JAMES R. SMART
SARAH A.L. MERRIAM
GEORGE C. JEPSEN, OF COUNSEL

TELEPHONE (860) 278-5555
FACSIMILE (860) 249-0012

WRITER'S E-MAIL:
jsmart@cemlaw.com

September 20, 2004

**BY FACSIMILE AND U.S. MAIL**

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106

Re:   Susan C. Tilley v. Anixter Incorporated, et al.
      No. 3:02CV1312 (JCH)

Dear Robert:

I appreciate your efforts to respond to the Corporate Defendants' Requests for Documents and Interrogatories dated June 16, 2004. However, there remain substantial omissions and defects in Plaintiff's responses, as discussed further below. In light of the short time for discovery and the fact that Plaintiff's deposition is currently scheduled for September 22, 2004, I would ask that you take steps immediately to make sure your responses are full, complete and proper.

**Corporate Defendants' Requests For Production dated June 16, 2004**

Specific problems include the following:

> **Request 1:**
> Your Answer dated September 2, 2004 states that you have provided documents Bates stamped 000001-000230, 001620-001637, 001685-001690, 001691-001693 and 001698.
>
> However, the following pages are missing:
>
> > 000003, 000017, 000018 (pages 1, 15, and 16 of Ed Stephens testimony on May 31, 1994);
> >
> > 000093;
> >
> > 001698 (or 001699 - last digit of Bates number illegible, but I only have one of

COWDERY, ECKER & MURPHY, L.L.C.

Robert B. Muchinsky, Esq.
September 20, 2004
Page 2

   the two; 001699 is referred to in your Answer to Request 5(j));

The following pages are illegible in whole or in part, or appear to have been improperly redacted:

   000058 (order by Santos, J., 6/9/94);

   000206 (form from Lincoln County Child Support Enforcement, handwitten note blacked out);

   000154 (handwritten note illegible on form from Lincoln County Child Support Enforcement -- print is too light)

   000166-000167 (handwritten portion of communication to Congressman Rob Simmons illegible -- print is too light);

   0001685 (portion of page cut off).

**Request 3:**
Your Answer dated September 2, 2004 states that you have provided documents Bates stamped 000231-000748.

However, the following pages are missing:

   000343, 399, 405, 406, 446 (pages 15, 71, 77, 78, 118 from April '94 deposition of David Tilley);

   000508, 510, 561, 689.

The following pages are illegible in whole or in part, or appear to have been improperly redacted:

   000231 (statement regarding Mr. Tilley's salary in 1994; portion of page is cut off);

   000244 ('93 1099 form for David Tilley; handwritten note too faint);

   000518-520, 612-14, 623-25 (tax return documents from David and Terri Tilley, 1998, '99, '00; portion of pages cut off);

   000558 (document concerning David Tilley's bankruptcy filing; handwritten notes

COWDERY, ECKER & MURPHY, L.L.C.

Robert B. Muchinsky, Esq.
September 20, 2004
Page 3

are too faint);

000563 (document concerning Mr. Tilley's pay records; handwritten note is cut off);

000734 (David Tilley pay record and handwritten notes illegible - distorted copy).

**Request 4:**
Your Answer dated September 2, 2004 states that you have provided documents Bates stamped 000779-000918.

However, the following pages are missing:

000859, 860;

The following pages are illegible in whole or in part, or appear to have been improperly redacted:

000779 (portion of statement regarding wages of Terri Tilley; portion of page cut off).

**Request 5(a):**
Your Answer dated September 2, 2004 states that you have provided documents Bates stamped 000912-001254, 001638-001650.

However, the following pages are missing:

001228 ;

The following pages are illegible in whole or in part, or appear to have been improperly redacted:

000935-36 (pages are blank);

001209 (black marker obscures part of the document).

**Request 5(f):**
Your Answer dated September 2, 2004 states that you have provided documents Bates stamped 001330 through 001619, 001733 through 001735.

However, the following pages are missing:

COWDERY, ECKER & MURPHY, L.L.C.

Robert B. Muchinsky, Esq.
September 20, 2004
Page 4

> 001454, 1504-08, 1573;
>
> 001613 (or 001614 -- last digit illegible, but I have only one of the two);
>
> 001618 (or 001619 -- last digit illegible, but I have only one of the two).

**Request 5(j):**
Your Answer dated September 2, 2004 states that you have provided documents Bates stamped 00919 to 001254, and 001694-1699.

However, the following pages are missing:

> 001698 (or 001699 - last digit of Bates number illegible, but I only have one of the two; 001698 is referred to in your Answer to Request 1).

**Request 8:**
In your response to Request 8, which calls for "All documents concerning alleged falsification or alteration of payroll records by [the Corporate Defendants]," you refer to Bates number 000170, which appears to be completely unresponsive to that request. (It seems to be a portion of a letter from an attorney for Ms. Tilley to an insurance company, regarding a denial of coverage.)

Insofar as your responses to other requests cross-reference the responses described above, these same specific problems apply to them, as well.

More generally, your responses and the content of the documents produced suggest that certain documents should have been included but were omitted. For example:

> While you have provided me with partial transcripts from the divorce proceeding in response to Request 1, including the testimony of Michael Rosa and a portion of the testimony of Ed Stephens, you have not provided complete transcripts. Are further transcripts in your possession?
>
> Similarly, Request 16 calls for "[a]ll documents concerning any medical care, treatment, diagnosis, or therapy that you have received at any time since June 1990, including without limitation all medical records, etc." In response you state that you have provided the records of Karen S. Devassy, M.D. This is obviously inadequate, insofar as your response to Interrogatory 2 states that Plaintiff has also been treated by Drs. Ronald Bloom and Raymond Kurker, whose records have not been produced.
>
> Request 15 calls for "[a]ll documents concerning any psychological, psychiatric,

COWDERY, ECKER & MURPHY, L.L.C.

Robert B. Muchinsky, Esq.
September 20, 2004
Page 5

> counseling or emotional or mental therapy or treatment that you have received at any time since June 1990." In response you state that Plaintiff received treatment in or about year 1992 or 1993 from the Community Child Guidance Clinic in Manchester. You promise to produce the records upon receipt. I am still waiting for these records. (The urgency of this is sharpened by the fact that the clinic has advised my office that they will not produce the documents, despite our presenting a signed authorization for release of information.)

These omissions suggest to me there may be others that I have not detected. For example, have complete sets of plaintiff's bankruptcy documents, foreclosure documents, home ownership/mortgage documents been provided? Please examine your production carefully to ensure that I have been given all responsive documents.

## Corporate Defendants' Interrogatories dated June 16, 2004

To begin with, there has been an oversight with respect to the signing of the Interrogatory Answers. Under Rule 33, Plaintiff must sign them, under oath. This has not been done.

Additional specific issues include the following:

**Interrogatory 1:**
Your Answer dated September 2, 2004 states that a letter requesting documents from the Community Child Guidance Clinic is being provided to me. I have received no such letter, nor any documents from the clinic.

**Interrogatory 6:**
Your answer lists numerous witnesses who supposedly have knowledge concerning the allegations of the Complaint, but it fails to "identify" them as my Interrogatory requested. Under Local Rule 26(c), which was specifically incorporated into my Interrogatory, "Indentify (With Respect to Persons) . . . means to provide, to the extent known, the person's full name, present or last known address, and . . . the present or last known place of employment." In addition, your response to my request for a description of "the nature and basis of [their] knowledge [concerning the allegations of the Complaint]" is unacceptably vague.

**Interrogatory 7:**
Again, your answer lists numerous witnesses whom you intend to call at trial, but it fails to "identify" them as required by Local Rule 26(c) and my Interrogatory.

Please contact me once you have reviewed the foregoing, so that we may discuss the timing of

COWDERY, ECKER & MURPHY, L.L.C.

Robert B. Muchinsky, Esq.
September 20, 2004
Page 6

Plaintiff's deposition, currently scheduled for September 22.

I appreciate your prompt attention to this matter. Thank you.

Very truly yours,

*[signature]*

James R. Smart

JRS:

cc:  William Bloss, Esq.



Ex. B

PEDIATRIC DENTAL ASSOCIATES P.C.
192 MAIN ST
MANCHESTER CT 06040

| ACCOUNT NO. | DATE | PAGE |
|---|---|---|
| 4003 | 11-13-1998 | 2 |

| ACCT BALANCE | AMT. DUE | AMT. REMITTED |
|---|---|---|
| 286.18 | 13.18 | |

BILL MY: ☐ MC  ☐ VISA
CARD #: _____  EXP DATE: _____
SIGNATURE: _____

TO:
SUSAN TILLEY
14 PILLSBURY HILL
VERNON CT 06066

MAKE CHECK PAYABLE TO:

PEDIATRIC DENTAL ASSOCIATES P.C.
192 MAIN ST
MANCHESTER CT 06040

We *always* welcome new patients to our practice. Your referrals are greatly appreciated.

INSURANCE STATUS EXPLANATIONS
1=Primary Coverage, 2=Secondary Coverage, etc.
$=Paid   P=Pending   N=Not Submitted

| DATE | PATIENT NAME | DESCRIPTION | INSURANCE STATUS | SERVICES BY | REF # | CHARGES | PMTS | DUE NOW |
|---|---|---|---|---|---|---|---|---|
| -24-98 | | Insurance Payment  ( BCBSMA ) | | | | | -58.42 | -23.42 |
| -22-98 | | Charge: Periodic Exam | 1P | | 115103 | 30.00 | | |
| | | Child Prophy | 1P | | | 40.00 | | |
| | | Fluoride TX | 1P | | | 21.00 | | |
| -07-98 | Christine Tilley | Charge: Periodic Exam | 1$ | | 104207 | 30.00 | | |
| | | Child Prophy | 1$ | | | 40.00 | | |
| | | Fluoride TX | 1$ | | | 21.00 | | |
| -19-98 | | Insurance Payment  ( BCBS MA ) | | | | | -78.12 | |
| -02-98 | | Check Payment  ( 1388 ) | | | | | -7.44 | 7.44 |
| -02-98 | | Charge: Sealant | 1$ | KL | 107528 | 35.00 | | |
| | | Sealant | 1$ | | | 35.00 | | |
| | | Sealant | 1$ | | | 35.00 | | |
| | | Sealant | 1$ | | | 35.00 | | |
| -02-98 | | Check Payment  ( 1388 ) | | | | | -30.00 | |
| -16-98 | | Insurance Payment  ( BCBS ) | | | | | -116.84 | -6.84 |
| -22-98 | Christine Tilley | Charge: Periodic Exam | 1P | | 115104 | 30.00 | | |
| | | Child Prophy | 1P | | | 40.00 | | |
| | | Fluoride TX | 1P | | | 21.00 | | |

Handwritten notes:
my checks #1388
total  52.32
#1350
total  43.00
#1302
29.55

| Account # | Current Due | Due Over 30 Days | Due Over 60 Days | Due Over 90 Days | Last Payment | | |
|---|---|---|---|---|---|---|---|
| 4003 | 0.00 | 0.00 | 0.00 | 13.18 | 06-02-1998 | 286.18 | 13.18 |
| | | | | | | ACCOUNT BALANCE | AMOUNT NOW DUE |

Pediatric Dental Associates P.C. (860) 649-4655

PAST DUE PAYMENT DUE IMMEDIATELY

001209

```
FTEST45
PLAINTIFF                                                          356115*1 CPW
OFFICIAL NOTICE
```

                              STATE OF CONNECTICUT
                                 JUDICIAL BRANCH
                          SUPPORT ENFORCEMENT DIVISION

                                                        06/02/98

```
TO:   SUSAN   TILLEY
      14 PILLSBURY HILL                       SUPERIOR COURT
                                              SUPPORT ENFORCEMENT DIVISION
      VERNON, CT 06066                        999 ASYLUM AVENUE
                                              P.O. BOX 320650
                                              HARTFORD, CT  06105
```

-----------------------------------------------------------------------FOLD

                                OFFICAL NOTICE

CASE:   SUSAN  TILLEY  VS DAVID  TILLEY        FILE:  10142683

    PLEASE REFER TO THE BOX MARKED "X" FOR YOUR INFORMATION:

[ ]  YOU ARE HEREBY NOTIFIED TO BE PRESENT:

     ON:
     NAME OF OFFICE     [ ]  SUPPORT ENFORCEMENT    [ ]  COURT
     AT:

     REGARDING:


     AT THIS MEETING YOU MAY BE ASKED TO ACCEPT A SUMMONS OR SOME OTHER
     FORM OF CIVIL PROCESS.

[ ]  WE ARE UNABLE TO PROCEED WITH YOUR CASE UNTIL YOU PROVIDE THE
     FOLLOWING DOCUMENTS OR INFORMATION:


[X]  OTHER/COMMENTS:

     ENCLOSED IS THE RESPONSE WE RECEIVED FROM THE NORTH CAROLINA SUPPORT
     DIVISION TO PURSUING AN ARREARAGE PAY PLAN.



** IF YOU NEED REASONABLE ACCOMODATION IN ACCORDANCE WITH THE AMERICANS
WITH DISABILITIES ACT, CONTACT THIS OFFICE AT THE PHONE NUMBER BELOW **

                                                    (860) 566-4098
SUPPORT OFFICER/CLERK                               TELEPHONE


                                                         000204

```
LINCOLN COUNTY CHILD SUPPORT ENFORCEMENT                          05/20/1998
LINCOLN COUNTY DSS                        IV-D CASE #             0001580953
PO BOX 130                                CLIENT MPI #            0000239155
LINCOLNTON, NC 28093                      AP MPI #                0000239156
                                          RESPONSIBLE AGENT       LINC1888
```

DSS771 C/95X

CT JUDICIAL DEPARTMENT

SUPPORT ENFORCEMENT DIVISION
P.O. BOX 320650
HARTFORD, CT 06132-0650


RE: Client         : SUSAN C TILLEY             Our Case No. : 0001580953
Absent Parent: DAVID TILLEY                     Your Case No.: 10142683-1

The following case status information is being provided :

( ) Absent parent's mailing address has been verified



                                                  Effective Date :

( ) Absent parent's employment has been verified




                                                  Effective Date :

( ) The support order amount changed to
    effective

( ) The support order amount was unchanged


( ) The amount of income withheld changed to
    effective

( ) Withholding order was terminated because:
    ( ) absent parent is no longer employed in North Carolina or with an
        employer who does business in North Carolina
    ( ) absent parent no longer resides in North Carolina and the employer does
        not do business in North Carolina
    ( ) support order terminated due to emancipation of children and all
        arrearages have been paid
    ( ) initiating state requested termination of withholding

( ) Payee for current support

( ) Case has been transferred to:

( ) Absent parent is deceased              *see next page*

                                                               Cont'd...

000205

**18-A**

( ) Absent parent has requested genetic testing

( ) Case was closed due to:

( ) Support order was terminated effective

( ) Hearing date scheduled for

( ) Income withholding notice has been forwarded to absent parent

( ) Income withholding notice has been forwarded to the employer

( ) Income withholding contested by AP:


( ) Outcome of appeal:


( ) Review for adjustment completed

( ) Absent parent has medical insurance available
    Policy number    :
    Insurance Company :


( ) Absent parent no longer provides Medical Insurance

( ) Participant ( ) Added ( ) Deleted

(X) IN ANSWER TO REQUEST REC'D 5/18/98 FOR ADD/ $ FOR ARREARS/AT THE PRESENT TIME THE AP HAS AGREED TO PAY ABOVE THE 40% ALLOWED DEDUCTED AMOUNT FROM HIS PAY. THIS IS NORTH CAROLINA LAW. WE CANNOT REQUEST ANY ADDITIONAL MONEIS TO BE DEDUCTED FROM HIS PAY. NO OTHER ACTION CAN BE TAKEN AT THIS TIME. THANK YOU

*Rebecca H Huss*
REBECCA H HUSS
CHILD SUPPORT AGENT
(704)736-8619

*Is he stating that he is still earning the same amount of $ as he was 5 years ago?*

Enclosure

DSS-4493
CSE/ACTS

000206

## CERTIFICATE OF SERVICE

    This is to certify that on September 20, 2004, a copy of the foregoing was faxed and mailed, postage prepaid, to:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106

William M. Bloss, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
P.O. Box 606
New Haven, CT 06503-0606.

                                            James R. Smart