UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN TILLEY | : CIVIL ACTION NO. 3:02CV1312 (JCH) |
| *Plaintiff* | : |
| | : |
| v. | : |
| | : |
| ANIXTER, INC., ET AL. | : |
| *Defendants* | : OCTOBER 29, 2004 |

**MEMORANDUM IN SUPPORT OF THE
MOTION OF THE NON-PARTY DEPONENT,
TIMOTHY BRODERICK, TO QUASH THE
SUBPOENA AND/OR FOR A PROTECTIVE ORDER**

On October 26, 2004 counsel for the corporate defendants in the captioned matter caused a subpoena duces tecum to be served on Timothy Broderick, an employee of the Support Enforcement Services division within the Judicial Branch of the State of Connecticut (hereinafter SES). The subpoena commands that Broderick produce essentially every piece of paper in SES records and all information in SES data banks that in any way relates to support enforcement proceedings between the plaintiff, Susan Tilley, and the defendant, David Tilley. The request covers a period of twelve (12) year since the state domestic relations matter was instituted and ten (10) years since judgment was entered in that matter. The non-party deponent now moves to quash the subpoena and/or for the Court to enter a protective order wholly barring all testimony by the witness and prohibiting the disclosure of the documents and other material listed in the subpoena.

   The non-party deponent claims that the subpoena duces tecum served on him should be quashed for three (3) reasons, the most important of which is that the information and documents sought are protected against disclosure by controlling state and federal law.  The subpoena quite clearly refers to all of the documents requested as being related to an order of support entered in a domestic relations matter entitled *Susan C. Tilley v. David G. Tilley*, bearing Docket No. FA-92-0513362S.

   Congress enacted Title IV, Part D of the Social Security Act in 1975.  PL 93-647. Entitled "Child Support and Establishment of Paternity", the enactment, now codified as 12 U.S.C. § 651 et. seq., was intended to encourage the establishment of paternity and the entry and enforcement of child and spousal support orders pursuant to the familiar "carrot and stick" approach of a cooperative federal-state program in which the federal government offers federal financial participation in exchange for compliance with federal processing requirements.  Among the many provisions that must be included in an approved "state plan" is one requiring the enactment of provisions to maintain the privacy and confidentiality of information contained in state support enforcement records.  Specifically, 42 U.S.C. §654 provides, in pertinent part that

> A state plan for child and spousal support must --. . . (26) have in effect safeguards applicable to all confidential information handled by the State agency, that are designed to protect the privacy rights of the parties.

In furtherance of this federal confidentiality requirement, Conn. Gen. Stat. §17b-90 specifically prohibits disclosure of any information concerning any person participating in a

program administered by the Department of Social Services (hereinafter "DSS").  Section 17b-90 specifically references DSS, but is applicable to the case at hand because.  While SES may maintain a hard file on each of its cases, all computer records to which its employees have access are maintained on one of two databases created, owned, operated and maintained by the Department of Social Services.  Some SES investigation and support enforcement officers have "read only" access to only certain portions of the DSS Eligibility Management System (EMS) and they may make entries on the Connecticut Child Support Enforcement system (CCSES) but, these records are wholly those of the DSS and its Bureau of Child Support Enforcement, the "single state agency" charged with administration of the child support program in this state.  See, 42 U.S.C. § 654(3) and Conn. Gen. Stat. § 17b-179.  SES access to these programs is only through a cooperative agreement, as authorized by 42 U.S.C. §654(7).  As records of the DSS, the confidentiality requirements of 42 U.S.C. §654(26) and Conn. Gen. Stat. §18b-90 apply to prohibit disclosure of information <u>for any reason not connected with the administration of the child support enforcement program pursuant to the "state plan."</u>

      There is an additional confidentiality requirement that bars disclosure of the referenced material and SES hard records.  Pursuant to 26 U.S.C. §6103 (*1*) 6 and 8, federal taxpayer information may be disclosed to state and federal child support enforcement agencies.  It is pursuant to these subsections that DSS receives otherwise confidential tax information for use in the child support enforcement effort.  However, 26 U.S.C. § 6103(p)4, entitled "Safeguards", requires agencies receiving such otherwise confidential information to

3

establish and maintain secure areas in which such information is kept and to restrict access to such information ". . . only to persons whose duties or responsibilities require access." 26 U.S.C. §6103(p)4(C). Accordingly, since it is likely that the DSS databases contain confidential federal taxpayer information, their confidentiality must be maintained. Since SES staff routinely access the CCSES database, it is highly likely that SES hard files also contain confidential taxpayer information that may not be disclosed to anyone not involved in the child support enforcement effort.

In sum, the referenced federal and state statutes are designed to ensure the confidentiality of all child support enforcement information and records and to strictly prohibit their disclosure except in connection with the administration of the child support enforcement program. The referenced statutes bar their release for use in connection with any other proceeding and certainly not in connection with a matter in which the only pending issues appears to be a claim for intentional infliction of emotional distress. Similarly, those same statutes also prohibit disclosure of information contained in such records by the testimony of an employee of the DSS or any agency within which it has a cooperative agreement for purposes of child support enforcement. Accordingly, the subpoena issued to Timothy Broderick must be quashed if for no other reason that that it seeks disclosure of information protected against disclosure by law governing the child support enforcement program.

The foregoing, notwithstanding, there are other grounds to quash the subpoena. Rule 45 also provides that a subpoena may be quashed if it fails to allow reasonable time for

compliance and if it subjects a person to undue burden. Both are applicable in this case at hand.

      The subpoena seeks production of records pertaining to a domestic relations matter that was instituted twelve (12) years ago and went to judgment approximately ten (10) years ago. CCSES is an old computer program that is decidedly <u>not</u> user friendly and presents approximately forty (40) possible screens, each of which would have to be accessed under the names of both Susan Tilley and David Tilley to be sure that all requested records were found. The effort would take the operator literally hours to accomplish the task with virtually no assurance that all records had actually been uncovered. Given that the only remaining issue to be decided in the captioned matter is a claim for intentional infliction of emotional distress, the work associated with obtaining and producing the requested documents together with the inability of the operator to perform other child support activities and the attendant cost to the State renders the five (5) days allowed under the subpoena both insufficient to accomplish the task as well as creates an undue burden on the non-party deponent and his employer without any showing having been made that the requested information and documents are in any way probative, one way or the other, on the remaining issue. In deciding a motion to quash the Court may consider the movant's status as a non-party when weighing burdens imposed in connection with the subpoena at issue. *SEC v. Seahawk Deep Ocean Tech*, 27 FR Serv 2d 622 (SDNY 1979). Whether a subpoena imposes an undue burden depends on factors such as relevance, need of the party for documents, breadth of the document request, time period covered by the request and burden imposed in addition to non-party status. *Concord Boat*

*Corp. v. Brunswick Corp.*, 169 FRD 44 (SDNY 1996). In the instant case, the calculus of these various factors mitigates against the viability of the subpoena. The would-be deponent is a non-party and neither he nor his employer should be put to the same burden in terms of time and expense in producing the requested documents as could be imposed on a party. The relevance of the requested documents is unclear and the subpoena is extremely broad covering a period of twelve (12) years in a manner that could well be described as a "fishing expedition."

      For all of the foregoing reasons the subpoena duces tecum in the captioned matter served on Timothy Broderick must be quashed.

                                      Respectfully Submitted,

                                      NON-PARTY WITNESS
                                      TIMOTHY BRODERICK

                                      RICHARD BLUMENTHAL
                                      ATTORNEY GENERAL

BY: _____
           Robert A. Nagy
           Assistant Attorney General
           Federal Bar No. ct08601
           55 Elm Street
           P.O. Box 120
           Hartford, CT  06141-0120
           Tel: (860) 808-5150
           Fax: (860) 808-5383

**CERTIFICATION**

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a copy of the foregoing Memorandum was sent by facsimile and also by first class mail postage prepaid, this 29th day of October, 2004, to:

Steven D. Ecker, Esq.
James R. Smart, Esq.
750 Main Street
Hartford, CT  06103
Tel. (860) 278-5555
Fax (860) 249-0012

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT  06106
Tel. (860) 297-0037
Fax (860) 297-0040

William B. Bloss, Esq.
Koskoff, Koskoff & Beider, P.C.
350 Fairfield Avenue
Bridgeport, CT  06604
Tel. (203) 336-4421
Fax (203) 368-3244

_____
Robert A. Nagy
Assistant Attorney General