Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUSAN C. TILLEY,

Plaintiff,

- against -

ANIXTER INCORPORATED, ET AL.

Defendants.

CIVIL ACTION NO.
3:02CV1312 (JCH)

**STIPULATED PROTECTIVE ORDER**

November 2, 2004

WHEREAS, each party to this action has agreed on the need for confidentiality concerning certain information that will be produced in this action; and

WHEREAS, the parties have reached an agreement concerning the appropriate manner with which this information will be handled in this action; and

WHEREAS, the parties agree that this document accurately sets forth the agreement of the parties;

NOW THEREFORE, the parties jointly present this Stipulated Protective Order, stipulating to the following:

1. The following terms and words have the following meanings for the purpose of this Order:

(a) "This Action" means the action now pending in the United States District Court for the District of Connecticut with the title and case number in the caption above, and all appeals therefrom;

(b) "Producer" means a party to this action ("party") or non-party to this action that produces the following documents and material, and the information contained therein (hereinafter referred to collectively as the "Documents" or separately as the "Document") from the date of this Order in the following manner:

(i) documents produced in response to document requests or subpoenas;

(ii) interrogatory answers, including documents used in answer to interrogatories;

(iii) deposition transcripts, including exhibits;

(iv) responses to requests for admissions; and

(v) pleadings filed in court.

(c) "Confidential Material" means any Document containing confidential and/or sensitive business and/or proprietary information, including trade secrets or other confidential research, development, or commercial information, that any party to this action in good faith designates as "Confidential Material," which if disclosed might adversely affect that party's competitive position or business operations;

(d) "Designator" means a party to this action that designates Documents as "Confidential Material."

2. Designation of Documents as Confidential Material shall be made by placing the following legend (hereinafter referred to as the "Confidential Legend") on the face of the document and on each page so designated, "CONFIDENTIAL." A party who is a Producer shall designate a Document as Confidential Material by placing the Confidential Legend on the Document before distributing it to the other parties. Any party may designate a Document as Confidential material within ten (10) days after Documents have been copied and submitted to the party requesting the discovery or to the Court by notifying all parties in writing in a manner which reasonably identifies the Document, including specific reference to bates-stamp number. Upon such notice, all other parties shall place the Confidential Legend on each page of the designated Document obtained from the Producer, and each photocopy thereof.

3. Designation of responses to interrogatories or requests for admissions and the information contained therein as Confidential Material shall be made by placing the Confidential Legend on each page of any response containing information designated as Confidential Material. A Producer who is a party may designate a response as Confidential Material by placing the Confidential Legend on each page of the response containing information designated as Confidential Material before service of the response on other parties. Any other party may designate a response as Confidential Material within five (5) days after receiving the response by notifying all parties in writing in a manner which reasonably identifies the responses and the pages to be designated Confidential Material. Upon such notice, all other parties shall place the Confidential Legend on the pages so designated and each photocopy thereof.

4. A party may designate deposition testimony, including exhibits, as Confidential Material if the deponent is or was employed by, retained by, is associated with, or testifies about Confidential Material of that party. Designation of deposition transcripts, including exhibits that had been previously designated as Confidential Material, and the information contained therein as Confidential Material shall be made by placing a statement to such effect on the record in the course of the deposition of any such person or by notifying all parties in writing within twenty (20) days of receipt of the transcript. If such designation is made during the deposition, the court reporter shall place the Confidential Legend on the original and each copy of the pages of the transcript containing material designated as Confidential Material. If designation is made during the twenty (20) day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the Confidential Legend at the top of each page so designated and each photocopy thereof.

5. Designation of Documents other than those mentioned in paragraphs 2-4 of this Order as Confidential Material shall be made by placing the Confidential Legend on the face of each such Document.

6. Confidential Material subject to this Order shall be used solely for the purpose of conducting this Action. Except to the extent disclosed at any stage of this Action in court or by judicial decision, all Confidential Material subject to this Order shall be kept in a confidential manner and may be disclosed only to the extent necessary for such person to perform his assigned tasks, and only to any among the following persons:

(a) attorneys for any of the parties, including in-house counsel who are participating or assisting in the conduct of the action, employees of any party, or employees of any party's attorneys who are working under such attorneys' direct supervision;

(b) any person who otherwise would be entitled to review said Confidential Material as a result of: (1) contractual obligations; or (2) local, state, federal, or other law provided, however, that the party disclosing Confidential Material, pursuant to 6(b)(2), advised in writing to all other parties the production demand fifteen (15) days in advance of such production, if possible, otherwise in a timely manner upon receipt of a production demand for Confidential Material pursuant to 6(b)(2);

(c) any current or former director, officer, employee, or agent of a party who is requested by such party to work directly on this Action, including anyone responsible for the supervision or settlement of this Action, but only in connection with such work.

(d) any person not employed by a party, nor retained by a party or its counsel, of whom testimony is taken or may be taken in this Action, except that such a person may see and retain copies of Confidential Material only during his or her testimony, in preparation therefor, or in discussions of possible testimony, and may not thereafter retain any Confidential Material;

(e) any person not employed by a party who is expressly retained by or consulted with by the party or by any attorney described in paragraph 6(a) above to assist in preparation of this Action;

(f) the Court, court personnel, and court reporters, or their personnel involved in the adjudicative process.

Confidential Material shall not, without the express prior written consent of the Designator of the Confidential Material or an order of this Court obtained after notice to the Designator, be disclosed to: (1) any person or entity that has made claims against any party outside of this Action; (2) any attorney (or employees of that attorney) retained by any such person in connection with claims made against any party outside of this Action. No party shall use any Confidential Material produced by another person for any purpose not set forth in this Order without the express prior written consent of the Designator of the Confidential Material or an order of this Court after notice to the Designator. A Designator may use any of its documents designated by it as Confidential Material without the consent of any other party or order of the Court without waiving the confidentiality for the document with respect to this litigation.

Any person who discloses Confidential Material to any person identified in paragraph 6(a)-(d) and (f) herein shall use best reasonable efforts to advise each person to whom such disclosure is made of the terms of this Order. If Confidential Material is disclosed to a person identified in paragraph 6(e) herein, that person shall sign a written Certification ("Consent Agreement") that he is familiar with the contents of this Order and consents to be bound by its terms. A form of such certification is attached hereto as Exhibit A. A copy of each certification so obtained shall be retained by the party that discloses Confidential Material. No party shall be required to produce such certification to any other party except upon an order of the Court. The restrictions set forth in this paragraph on use of Confidential Material do not apply to any use by the producer of such Confidential Material.

7. Within ninety (90) days after conclusion of this Action, whether by dismissal, final judgment, appeal, or settlement, counsel of record employed by a party to this Action shall return to the Producer all Confidential Material covered by this Order or, in the alternative, will during that time destroy all such Confidential Material and provide the Producer with a sworn affidavit to that effect.

8. Any party may at any time object to the designation of any Document as Confidential Material by serving a written notice of objection to such designation upon the Designator's counsel, with copies to counsel for every other party. Such notice shall identify specifically the material or information as to which the objecting party wishes to have the designation removed and set forth any reason for such removal. The Designator shall, within twenty (20) days after receiving such notice, notify every party in writing whether it agrees to removal of the designation. If the Designator does not agree, any party shall be free to move the Court for an order of declassifications of such specified material. The Designator shall have the burden of demonstrating that the designated material constitutes Confidential Material. The designated material in question shall continue to be treated as Confidential Material subject to the terms of this Order until the Court acts on the motion, and thereafter if the Court's ruling does not remove the designation.

9. Any party may offer any Confidential Material in connection with motions or briefs, or at hearings, or trial in this Action. Any Confidential Material submitted to, presented to, or filed with the Court prior to trial shall be placed in a sealed container by the party making the

submission and shall not be made available to persons other than as authorized by this Order. The envelope or other appropriate sealed container shall bear the following statement:

> CONFIDENTIAL MATERIALS. Subject to Protective Order in Susan C. Tilley v. Anixter Incorporated, et al., Civ. Action No. 3:02CV1312. This envelope contains documents filed in this case by [name of party] and is not to be opened nor the contents to be displayed nor revealed except by order of the Court.

Confidential Material shall not lose its confidential status because it is used in any Court proceeding herein.

10. This Order shall not restrict the right of any person to publish, disseminate, or otherwise release any Document that he or she produced or designated.

11. Notwithstanding any other provision of this Order at any time, all of the parties in this Action may, by written agreement, designate any Documents as Confidential Material subject to the protections herein.

12. This Protective Order and agreements embodied herein shall survive the termination of this Action and continue in full force and effect after the termination of this Action whether by dismissal, final judgment, appeal, or settlement.

13. Any party may, upon written notice to all other parties, move the Court for an order modifying, amending, or dissolving the terms of this Order or may, with the written consent of all parties, modify, amend or dissolve the terms of this Order without seeking an order from the Court.

14. The requirements of this Order shall apply to Documents produced in this Action before the date this Order is entered provided said Documents had been designated Confidential Material prior to the date this Order is entered.

Respectfully,

DEFENDANTS
ANIXTER INC. and PACER/ANIXTER, A DIVISION OF ANIXTER INC.

By: ______________________________

Steven D. Ecker (ct03762)
James R. Smart (ct 20982)
Cowdery, Ecker & Murphy L.L.C.
750 Main Street
Hartford, CT 06103
(860) 278-5555
(860) 249-0012 Fax
E-mail: ecker@cemlaw.com, jsmart@cemlaw.com

DEFENDANT
DAVID G. TILLEY

By William M. Bloss
William M. Bloss (ct01008)
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
Tel. (203)-336-4421
Fax (860) 368-3244
E-mail: bbloss@koskoff.com

PLAINTIFF,
SUSAN C. TILLEY

By_______________________
Robert Muchinsky, Esq. (ct12702)
39 Russ Street
Hartford, CT 06106
Tel: 860-297-0037
Fax: 860-297-0040
E-mail: rbm@muchinsky-law.com

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN C. TILLEY,<br><br>Plaintiff,<br><br>- against -<br><br>ANIXTER INCORPORATED, ET AL.<br><br>Defendants. | CIVIL ACTION NO. 3:02CV1312 (JCH)<br><br>**PROTECTIVE ORDER**<br><br>November 2, 2004 |

**CONSENT AGREEMENT**

I, the undersigned, have read and understand the terms and conditions of the Protective Order of the parties in the above-captioned matter dated November 2, 2004, and I consent to be bound by its terms as follows:

(1) I agree that I will not disclose confidential material as defined in the Protective Order, which confidential material first came to my attention in connection with this Action.

(2) I agree to return all documents, as defined in the Protective Order, to the firm of attorneys who presented this Consent Agreement to me after the conclusion of the captioned case, whether by dismissal, final judgment or settlement, or, in the alternative, I will destroy all such Documents and provide the attorneys with a sworn affidavit to that effect.

(3) I further consent to the personal jurisdiction of the United States District Court for the District of Connecticut for purposes relating to the enforcement of the Protective Order and of

this Consent Agreement, but I do not consent to the jurisdiction of this Court for any other purpose.

______________________________________

STATE OF )
) ss:
COUNTY OF )

Signed and sworn to before me on _______________, 2004 by

______________________________________.

Notary Public
My Commission Expires: