Exhibit A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Susan C. Tilley

v.

Anixter Incorporated, Pacer/Anixter, Inc. and David G. Tilley

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:02CV 1312 (JCH)

TO: Timothy Broderick
Support Enforcement Services
999 Asylum Avenue
Hartford, CT 06105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Cowdery, Ecker & Murphy, L.L.C.<br>750 Main Street<br>Hartford, CT 06103 | November 2, 2004<br>2:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A which is incorporated herein.

| PLACE | DATE AND TIME |
|---|---|
| Cowdery, Ecker & Murphy, L.L.C.<br>750 Main Street, Hartford, CT 06103 | November 2, 2004<br>2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature], Attorney for Corporate Defendants | October 26, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James R. Smart, Esq.    750 Main Street

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Schedule A

The definitions set forth in Local Rule of Civil Procedure 26 shall govern this demand. Without limiting the generality of the foregoing, it is expressly stated that the word "documents" shall include, without limitation, any responsive, non-privileged document of any kind, including without limitation communications, writings, drawings, graphs, charts, photographs, recordings, data compilations from which information can be obtained, correspondence, memoranda, drafts, files, reports, test results, video tapes, transcripts, contracts, invoices, bids, receipts, calendars, diaries, daybooks, notes, handbooks, standards, procedures, guidelines, manuals, accountings, inventories, cancelled checks, evaluations, reviews, e-mail, computer records on drive, disk or hard copy, and all data of any kind stored, kept or recorded electronically, by any means, and includes documents that may be archived or stored off-site, but are potentially retrievable by you and/or which you or your office can cause to be brought to you.

"Support Enforcement Services" or "Connecticut Support Enforcement Services" means the Support Enforcement Services division or unit of the Connecticut Superior Court.

**DOCUMENTS TO BE PRODUCED**

Please produce all documents, as specified below:

1. All documents concerning the support award in Susan C. Tilley v. David G. Tilley, FA 92-0513362-S.

2. All documents concerning any review or investigation by Support Enforcement Services of the support award in of Susan C. Tilley v. David G. Tilley, FA 92-0513362-S.

3. All documents concerning any requests by Susan C. Tilley for review by Support Enforcement Services of her support orders.

4. All documents concerning the income earned by or compensation paid to the defendant (David G. Tilley) in Susan C. Tilley v. David G. Tilley, FA 92-0513362-S.

5. All documents concerning communications between Connecticut Support Enforcement Services and any comparable agencies or authorities in any other state (that is, any other agencies or authorities in any other state charged with support enforcement) concerning the support award in Susan C. Tilley v. David G. Tilley, FA 92-0513362-S.

6. All documents concerning communications between Susan C. Tilley and Support Enforcement Services, including without limitation handwritten notes of such communications and any correspondence (including without limitation documents concerning her communications with either the office of Support Enforcement Services located in Hartford and the offices located on Chapel Street in New Haven).

7. Printouts of all computerized records concerning communications with Susan C. Tilley.

8. All records concerning <u>Susan C. Tilley v. David G. Tilley</u>, FA 92-0513362-S, and relating to the employer(s) or supervisor(s) of David G. Tilley, including without limitation all documents concerning Pacer Electronics, Anixter Inc. or Michael Rosa.

9. Printouts of all computerized records concerning Susan C. Tilley, David G. Tilley or <u>Susan C. Tilley v. David G. Tilley</u>, FA 92-0513362-S.

10. All documents in the possession, custody or control of Support Enforcement Services concerning Susan C. Tilley or David G. Tilley.

## CERTIFICATION

This is to certify that I caused a copy of the foregoing to be sent on October 26, 2004, via facsimile and U.S. Mail, first-class, postage pre-paid to all counsel of record as follows:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106

William M. Bloss, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
P.O. Box 606
New Haven, CT 06503-0606.

_____
James R. Smart

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN C. TILLEY<br><br>                        Plaintiff(s), Petitioner(s)<br><br>against<br><br>ANIXTER INCORPORATED, PACER/ANIXTER, INC. AND DAVID G. TILLEY<br>                        Defendant(s), Respondent(s) | CLIENT: James R. Smart, Esquire<br><br>INDEX NO.: 3;02CV 1312 (JCH)<br><br>RETURN DATE: 11/2/2004<br><br>**RETURN OF SERVICE** |

STATE OF CONNECTICUT: COUNTY OF HARTFORD

I, Rich Zechiel, attest and say, that I am not a party to this action. I am over 18 years of age and reside in Manchester, CT.

By and at the direction of the attorney, on **October 26, 2004 at 1:30 PM at Support Enforcement Services, 999 Asylum Avenue, Hartford, CT 06105**, I served the within **Subpoena In A Civil Case** upon **Timothy Broderick**, (Defendant/Witness) herein known as Recipient.

Said service was effected in the following manner:

I made due and legal service of the within **Subpoena In A Civil Case** by delivering thereat a true and attested copy of each to **Timothy Broderick**, personally; at the same time paying (or tendering) in advance **$42.00, (Forty-Two Dollars and Zero Cents)**, the authorized traveling expenses and one day's witness fee:

I knew said person so served to be the person mentioned and described as said recipient therein because they identified themselves as such.

I describe the individual served to the best of my ability at the time and circumstances of service as follows:

Sex: **Male** Skin: **White** Hair: **Black/Balding** Age(Approx): **36-50** Height(Approx): **5'9" - 6'** Weight(Approx): **Over 200 lbs**

ATTEST:

*[signature]*
Rich Zechiel, Private Process Server

Same Day Rush Charges $65.00
Witness Fees $42.00
Total Fees: $107.00

CONNECTICUT PROCESS SERVING, LLC
9 Beaumont Street
East Hartford, CT, 06108-1533
(860) 528-2920 , (860) 528-2720 Fax
lglprocess@aol.com http://www.legalprocess.com