Exhibit D

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Susan C. Tilley,<br>Plaintiff | : | Civil Action Number |
| | : | 3:02cv1312(JCH) |
| | : | |
| v. | : | |
| | : | |
| Anixter Incorporated, | : | |
| Pacer/Anixter, Inc., and | : | |
| David G. Tilley, | : | |
| Defendants. | : | September 2, 2004 |

#### Plaintiff's Reply to Corporate Defendant's
#### First Set of Requests for Production dated June 16, 2004.

Plaintiff, Susan C. Tilley's Reply to Corporate Defendant's First Set of Requests for

Production dated June 16, 2004.

## REQUEST FOR PRODUCTION

1.  All documents concerning divorce proceedings involving yourself and David Tilley in

Superior Court, docket number FA-92-0513362-S, including without limitation:

    a.  Copies of all transcripts concerning testimony submitted to the court by any party

        or person, whether to issuance of the memorandum of decision in October 1994 or

        subsequent to issuance of that ruling.

    b.  Copies of all evidence used or submitted by any party or person, whether prior to

        issuance of the October 1994 memorandum of decision or subsequent to issuance

of that ruling.

c.  All documents concerning the award or modification of support of alimony

payments;

d.  All documents concerning all motions for modification or contempt;

e.  All documents concerning the settlement or stipulation between yourself and

David Tilley reached in November 2000;

f.  All documents concerning communications with, between or among <u>any</u> persons

concerning the divorce proceedings;

g.  All notes, daybooks, calendars or diaries containing writing or entries concerning,

in whole or in part, the divorce proceedings;

h.  All documents concerning communications with any support enforcement

personnel or office.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004, bates-stamped
00001 to 000230.  In addition plaintiff provides in its Supplemental Production #1 dated
September 2, 2004, documents bates-stamped, 001620-001637, 001685-001690, 001691-
001693 and 001698.**

2.  All documents concerning the 1998 action, <u>Susan Tilley v Pacer Electronics, Inc. et al.</u>,

docket number CV-98-580678-S, including without limitation;

a.  All documents concerning the Settlement/Release dated June 17, 1998;

b.  All documents concerning the underlying claims raised in that action;

c.  All documents concerning communications with, between or among any persons

concerning the action or the claims raised therein;

d.  All notes, daybooks, calendar or diaries containing writing or entries concerning,

in whole or in part the action or the claims raised therein.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004, bates-stamped 000749 to 000778.**

3.  All documents concerning David Tilley's income, earnings or assets at any time from the

beginning of his employment with Pacer Electronics in 1993 to the present, including without

limitations:

a.  All documents concerning compensation received from his employment;

b.  All communications with, between or among any persons concerning Mr. Tilley's

income or financial condition;

c.  All documents concerning any bankruptcy or insolvency proceedings concerning

Mr. Tilley;

d.  All documents filed or created in connection with any court proceeding, which

documents concern Mr. Tilley's income or financial condition;

e.  All documents concerning any investigations or inquiries concerning Mr. Tilley's

income or financial condition.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004, bates-stamped
000231 to 000748.**

4.  All documents concerning Terry Tilley (aka Terry Stevenson's) income or earnings at any

time from 1993 to the present, including without limitation:

      a.  All documents concerning compensation received from her employment;'

      b.  All communications with, between or among any persons concerning her income

         or financial condition;

      c.  All documents concerning any bankruptcy or insolvency proceedings concerning

         Ms. Tilley/Stevenson;

      d.  All documents concerning her income or financial condition and connected to any

         court proceedings;

      e.  All documents concerning any investigations or inquiries concerning her income

         or financial condition.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004, bates-stamped
000779 to 000918.**

5.  All documents concerning your assets, income or earnings at any time from January 1993

to the present, including without limitation:

a.  All documents concerning childcare and/or alimony payments received from Mr. Tilley at any time from January 1993 to the present;

b.  All documents reflecting your income each year from January 1993 to the present, including federal and state tax returns, W-2s and 1099 forms;

c.  All documents concerning any loan applications filed by you at any time from January 1993 to the present;

d.  All documents concerning any unpaid debts owed by you anytime after January 1993;

e.  All documents concerning any bankruptcy, insolvency or foreclosure proceedings involving you or any property owned by you at any time from January 1993 to the present;

f.  All documents concerning any savings, checking, CD, or other bank accounts that you have held at any time from January 1993 to the present, including all statements and cancelled checks concerning the same;

g.  All documents concerning any stocks, mutual funds, real estate or other assets held by you at any time from January 1993 to the present;

h.  All documents concerning any loans or indebtedness held by you at any time from January 1993 to the present;

i.  All documents concerning all credit card transactions, purchases or payments made by you at any tie from January 1993 to the present, including without

limitation all credit card statements reflecting transactions during this period;

j.   All documents concerning welfare, Medicaid, medicare, general assistance,

unemployment assistance or other government assistance or subsidy payments

made to you or your family at any time from January 1993 to the present;

k.   All documents concerning any loans or gifts with a value of $500 or more that

have been received by you at any time from January 1993 to the present;

l.   All documents concerning any assets with a value of $2000 or more that have

been owned by you at any time from January 1993 to the present;

m.   All documents concerning or constituting financial statements or affidavits,

whether signed or unsigned, concerning your assets, income, debts or liabilities at

any time from January 1993 to the present.

**ANSWER:**

a.   **Please see plaintiff's initial production dated August 17, 2004, bates-stamped  for identification, 000919 to 001254, as well as documents produced by way of supplemental production #1 dated September 2, 2003, specifically items bates-stamped, 001638-001650.**

b.   **With regard to income from 1993 to the present, please see plaintiff's income tax returns for 1997, 1998, 2000, 2001, 2002 and 2003 which have been provided in Supplemental Production #1 dated September 2, 2003 and bates-stamped for identification "001255 through 001329". Please note that plaintiff does not possess income tax returns for tax years 1993 through 1996 and 1999.   Upon inquiry to the IRS, plaintiff was informed that they will only provide copies of the current tax year plus the prior three years, therefore copies of said tax returns for 1993-1996 and 1999 are unavailable.**

c.   **Please see plaintiff's initial production dated August 17, 2004 and bates-stamped for identification, 000919 to 001254.**

d.  Please see plaintiff's initial production dated August 17, 2004 and bates-stamped for identification, 000919 to 001254.

e.  Please see plaintiff's initial production dated August 17, 2004 and bates-stamped for identification, 000919 to 001254.

f.  <u>Business Accounts</u>.  Plaintiff provides herewith copies of statements and canceled checks from checking account numbers 07-460000015436 and 07-460000015416, plaintiff's business accounts, which represent the checking account activities for plaintiff's business from January 1997 to July 2004 with the exclusion of December 1999 which plaintiff has been unable to locate.  Bates-stamped for identification 001330 through 001619, 001733 through 001735.

   <u>Personal Accounts</u>. Copies of statements and canceled checks of plaintiff's personal accounts have been requested from the Manchester Savings Bank, however Manchester Savings Bank has delayed in providing copies of said statement to the plaintiff.  The statements for plaintiff's personal checking accounts will be produced upon receipt.

g.  Plaintiff does not own any stocks or mutual funds.

   Plaintiff produces herewith a copy of her mortgage documents, bates-stamped for identification 001672-001684, a copy of her mortgage commitment letter is provided herewith and bates-stamped 001666-1671.  Plaintiff also produces herewith copies of evidence of property insurance, bates-stamped 001664-1665.

h.  Please see plaintiff's initial production dated August 17, 2004 and bates-stamped for identification, 000919 to 001254.

i.  Plaintiff is not in possession of any credit card statements.

j.  Please see plaintiff's initial production dated August 17, 2004 and bates-stamped for identification, 000919 to 001254.  See also plaintiff's supplemental production #1 dated September 2, 2004 and bates-stamped for identification, 001694-001699.

k.  Plaintiff has from time to time received monetary gifts from her mother

but she does not have documentation of same, except, for documents relating to her mortgage, which have been produced by way of supplemental production #1 dated September 2, 2004 and bates-stamped for identification, 001664 through 001684.

l.     Plaintiff's only asset other than real estate with a value of $2,000 or more is her automobile, a 2001 Pontiac Grand Am with a book value of approximately $6,000.00.

m.    Plaintiff has produced the supporting documentation in its initial disclosure dated August 17, 2004.

6.  All documents concerning alleged false representations made by Anixter, Inc., Pacer Electronics, or Pacer/Anixter concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

**ANSWER:  Please see plaintiff's initial disclosure dated August 17, 2004, bates-stamped for identification, 000214 and 001691-1693.**

7.  All documents concerning alleged false representations made by Michael Rosa concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

**ANSWER:  Please see the transcript of the testimony of Michael Rosa produced by way of supplemental production #1 dated September 2, 2004, bates-stamped for identification, 001620-1637 and included in plaintiff's response to request for production #1 herein.**

8.  All documents concerning alleged falsification or alteration of payroll records by Anixter

Inc., Pacer Electronics, or Pacer/Anixter concerning David Tilley or Terry Tilley/Terry

Stevenson's salary and/or compensation.

**ANSWER:  Please see the payroll records of David Tilley and Terri Tilley from 1994 to
2001 produced by way of plaintiff's initial disclosure dated August 17, 2004, in response to
request for production #s 3 and 4.  Please see also the transcript of the testimony of Michael
Rosa, produced by way of supplemental production #1 dated September 2, 2004, bates-
stamped  for identification 001620-1637, included in request for production #1 a above, as
well as documents bates-stamped  000170, 000214, 000243, 000575, 000601 and 000630
produced by way of plaintiff's initial disclosure dated August 17, 2004.**

    9.   All documents concerning alleged falsification or alteration of payroll records by Michael

Rosa concerning David Tilley or Terry Tilley/Terry Stevenson's salary and/or compensation.

**ANSWER:   Please see the payroll records of David Tilley and Terri Tilley from 1994 to
2001 produce by way of plaintiff's initial disclosure dated August 17, 2004, in response to
request for production #s 3 and 4 as well as documents bates-stamped  000214, 000243,
000575 and 000601.  Please see also the transcript of the testimony of Michael Rosa,
produced herewith by way of supplemental production #1 dated September 2, 2004, bates-
stamped for identification, 001620-1637, included in response to production #1 a above.**

    10. All documents concerning the alleged false reporting to any support enforcement office

by Anixter Inc., Pacer Electronics, Pacer/Anixter or Michael Rosa concerning David Tilley or

Terry Tilley/Terry Stevenson's salary and/or compensation.

**ANSWER:  Please see plaintiff's initial production dated August 17, 2004 bates-stamped
for identification, 000214 and 001691-001693.**

11. All documents concerning the alleged conspiracy among defendants to conceal David

Tilley's earnings from the plaintiff, to alter payroll records concerning David Tilley or Terry

Tilley/Terry Stevenson's salary or compensation, and/or to defraud plaintiff or the divorce court.

**ANSWER:  Please see plaintiff's responses to request for productions #s 6, 7, 8, 9 and 10
above, materials provided by way of initial production dated August 17, 2004 and
supplemental production #1 dated September 2, 2004.**

12. All documents concerning the loss of the family home referenced in paragraphs 27 & 29

of the Complaint, including without limitation:

    a.  All documents concerning any foreclosure proceedings concerning said property;

    b.  All documents concerning any mortgages or other loans secured by said property,

        including all documents concerning payments made or due on said mortgages at

        any time, whether before or after the dissolution of your marriage with David

        Tilley;

    c.  All documents concerning the reasons that payments on said

        loans/mortgages/property were not made.

**ANSWER:  Please see response to plaintiff's request for production # 5 above, wherein all
documents relating to the plaintiff's foreclosure have been produced by way of initial
disclosure dated August 17, 2004 and by way of supplemental production #1 dated
September 2, 2004.**

13. All documents concerning plaintiff's loss of her business, as alleged in paragraph 29 of the Complaint, including without limitation:

    a.  All documents concerning the income, expenses or assets of this business from 1987 to the present, including without limitation financial statements, checking account statements, cancelled checks, tax returns, payroll or distribution records, incorporation and/or dissolution papers;

    b.  All documents concerning debts or liabilities of his business from 1987 to the present, including without limitation financial statements, checking account statements, cancelled checks, tax returns, payroll or distribution records, incorporation and/or dissolution papers.

**ANSWER:**   **a.  Plaintiff has provided income tax returns for tax years 1997 through 2003 in her Supplemental Production #1 dated September 2, 2004, bates-stamped for identification , "001255 through 001329" as well as checking account statements and canceled checks for the years 1997 through 2004 in response to request for production # 5 f above, bates-stamped, 001330 through 001619, 001733 through 001735.**

    **b.   Plaintiff has no other documents regarding her business with the exception of her checking account and income tax returns produced in response to request for production #5 f above and 13 a above produced by way of plaintiff's initial production dated August 17, 204 and supplemental production #1 dated September 2, 2004.**

14. All documents concerning any alleged emotional distress, humiliation, and/or depression that you claim to have suffered due to the conduct of defendants.

**ANSWER:  Plaintiff produces herewith by way of supplemental production #1 dated**

September 2, 2004, the records of Karen S. Devassy, M.D., bates-stamped for identification, 001700-1732.

15. All documents concerning any psychological, psychiatric, counseling or emotional or mental therapy or treatment that you have received at any time since June 1990, including without limitation all care-provider's records, notes, opinions of treatment providers or communications concerning such therapy, treatment or your psychological, emotional, or mental condition(s).

**ANSWER:  Plaintiff has sought treatment from the Community Child Guidance Clinic in or about year 1992 and/or 1993.  Plaintiff has requested said records from the provider and will produce said documents upon receipt.**

16. All documents concerning any medical care, treatment, diagnosis, or therapy that you have received at any time since June 1990, including without limitation all medical records, notes, opinions of treatment providers or communications concerning such care, treatment, diagnosis, therapy or your medical condition(s).

**ANSWER:  Please see the records of Karen S. Devassy, M.D. produced herewith by way of supplemental production #1 dated September 2, 2004 and in response to request for production #14 above, bates-stamped for identification, 001700-1732.**

17. Fully executed Authorizations for Release of Information (6 in number), in substantially the form of the Authorization attached hereto at Tab A.

**ANSWER: Said authorizations have been executed by the plaintiff and are produced herein.**

18. All documents concerning any child care expenses and/or medical treatment for your children that you could not afford due to the alleged conduct of defendants.

**ANSWER: Please see documents produced in plaintiff's initial disclosure dated August 17, 2004 as well as documents produced by way of supplemental production #1 dated September 2, 2004, in response to request for production #5 above.**

19. All documents concerning your alleged loss of ability to meet daily living expenses due to the alleged conduct of defendants.

**ANSWER: Please see documents produced in plaintiff's initial disclosure dated August 17, 2004 and in response to request for production #5 above including collection letters and shut off notices which were produced therein.**

20. All documents supporting any claim of damages asserted by you in connection with the intentional infliction of emotional distress claim advanced in this Litigation, including without limitation all documents concerning plaintiff's calculation of damages.

**ANSWER: Plaintiff has no such documentation.**

Respectfully submitted,
**The Plaintiff,**
**Susan C. Tilley**

By: _____
Robert B. Muchinsky
*HER ATTORNEY*
39 Russ Street
Hartford, CT 06106
Telephone: (860) 297-0037
Federal Bar No.  CT12702

## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing was hand delivered to Attorney

Steven D. Ecker and mailed, by postage prepaid, to Attorney William Bloss, the counselors of

record on September 3, 2004.


**Defendant,**
**Anixter Inc. & Pacer/Anixter**

Steven D. Ecker, Atty.
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103

**Defendant**
**David G. Tilley**

William M. Bloss, Esq.
Kosskoff, Kosskoff & Beider
PO Box 1661
Bridgeport, CT  06604


ROBERT B. MUCHINSKY