FILED

UNITED STATES DISTRICT COURT    2005 APR 15  P 4: 33
DISTRICT OF CONNECTICUT

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| Susan C. Tilley, | : | **Civil Action Number** |
| Plaintiff | : | 3:02cv1312(JCH) |
| | : | |
| v. | : | |
| | : | |
| Anixter Incorporated, | : | |
| Pacer/Anixter, Inc., and | : | |
| David G. Tilley, | : | |
| Defendants. | : | **April 14, 2005** |


### PLAINTIFF'S MEMORANDUM
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The plaintiff, Susan Tilley, submits the following Memorandum in Support of her Motion

of Summary Judgment.

### STATEMENT OF THE CASE

This action was commenced with a complaint filed on July 30, 2002 alleging three

counts: Fraud, Conspiracy and Intentional Infliction of Emotional Distress. Defendants Anixter

Incorporated and Pacer/Anixter, a Division of Anixter Inc. collectively "Anixter" answered and

counterclaimed on October 30, 2003. Plaintiff answered to the counterclaim on November 19,

2003. Anixter amended its Answer on June 4, 2004 to comply with the courts Ruling on

Defendants' Motion for Judgment on the Pleadings wherein the Court dismissed Count I, Fraud

and Count II, Conspiracy.

Robert B. Muchinsky, Attorney At Law♦Juris No. 101514
39 Russ Street♦ Hartford CT  06106 ♦ Tel 860-297-0037 ♦ Fax 860-297-0040

**STATEMENT OF MATERIAL FACTS**

Plaintiff, Susan C. Tilley, is a resident of the State of Connecticut. (Plaintiff's Aff. ¶1).

Anixter Incorporated is a duly authorized Delaware Corporation doing business in Connecticut

with its principal place of business located at 2301 Patriot Boulevard, Glenview, Illinois.

(Answer ¶6).

On June 8, 1998, Plaintiff sued Anixter and others in Superior Court in the State of

Connecticut, case number CV98-580678S. (Plaintiff Aff. ¶4).

In June of 1998, the parent corporation of Anixter was on the verge of completing the

acquisition of a company by the name of Pacer. (Counterclaim ¶7).

On June 17, 1998, Susan Tilley agreed to settle case number CV98-580678S in return for

a payment of $10,000.00, Plaintiff signed an agreement pledging to release Pacer, Anixter, the

parent corporation of Anixter, and others not only from the fraud allegations alleged in the June

1998 Complaint, but also, more generally, "from all debts, obligations, reckonings …

controversies, suits, actions, causes of actions, trespasses, variances, …damages, claims or

demands, in law or in equity, which … [she] ever had, now has or hereafter can, shall, or may

have… arising or asserted in or in connection with her action. (Counterclaim ¶8, Plaintiff Aff.

¶5).

In late August of 1999, Anixter responded to a subpoena by Ms. Tilley's then lawyer in a

family matter in the Superior Court of the State of Connecticut. Anixter provided the plaintiff

with payroll information regarding her former husband, David G. Tilley, and his current wife,

Terri Tilley. The records showed that on February 22, 1999, David Tilley's salary was increased

by $29,240.00. Additionally, on that same date, February 22, 1999, Terri Tilley's salary was

reduced in the amount of $29,280.00. The records also show that the date of Terri Tilley's salary

reduction was subsequently changed from February 22, 1999 to April 5, 1999. (Plaintiff's Aff.

¶6).

Plaintiff claims that she brought the present action based upon the information she

received in August of 1999. (Plaintiff Aff. ¶6). Anixter claims that Ms. Tilley's present action

breaches the agreement she signed on June 17, 1998. (Counterclaim ¶9).

**ARGUMENT**

A. **Standard of Review**

A party moving for summary judgment must establish that there are no genuine issues of

material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R. Civ.P.

56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986).

In determining whether a genuine issue has been raised, all ambiguities must be resolved and all

reasonable inferences be drawn against the moving party. *United States v. Diebold, Inc.*, 369

U.S. 6544, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *Quinn v. Syracuse Model*

*Neighborhood Corp.*, 613 F.2d438, 445 (2d cir. 1980).

A federal court sitting in diversity generally follows the substantive law of the state in

which it sits, including the choice of law rules. See *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 13

U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). "Traditionally, Connecticut has followed

the vested rights approach to choice of problems holding that in contract actions the laws of the

place of contracting governs substantive issues, ... *Economu v. Borg-Warner Corp.*, 652 F. Supp.

1242 (D. Conn. 1987) (citing *Schirm v. Auclair*, 597 F.Supp.202, 205 (D. Conn. 1984).

A trial court may appropriately enter summary judgment when documentary and other

evidence demonstrates that no genuine issue of material fact exists, and that the party moving for

summary judgment is entitled to judgment as a matter of law. *Bartha v. Waterbury House

Wrecking Co.*, 190 Conn. 8, 11, 459 A.2d 115 (1983); *Daily v. New Britain Machine Co.*, 200

Conn. 562, 568, 512 A.2d 893 (1986). The burden is on the moving party to show quite clearly

what the law is and that it excludes any real doubt as to the existence of any genuine issue of

material fact. *Fogarty v. Rashaw*, 193 Conn. 442, 445, 476 A.2d 582 (1984).

### B.    Plaintiff's is Entitled to Summary Judgment on Defendant Anixter's Claim for Counterclaim for Breach of Contract.

In June of 1998, Plaintiff filed an action in the Connecticut Superior Court against,

among others, Pacer and Anixter. That matter was settled on June 17, 1998 and Plaintiff signed a

release agreement. (Attachment "A" to Plaintiff's Affidavit). In return for her $10,000 payment,

plaintiff signed an agreement pledging to release Pacer, the parent corporation of Anixter, and

others not only from the fraud allegations alleged in June 1998 Complaint, but also, more

generally, "from all debts, obligations, reckonings, ... controversies, suits, actions, causes of

actions, trespasses, variances... damages, claims or demands, in law or in equity, which... [she]

ever had, now has or hereafter can, shall or may have . . . .*arising or asserted in or in connection

with her action"*. (Counterclaim paragraph "8", italics added).

"Where the language of the contract is clear and unambiguous, the contract is to be given

effect according to its terms. A court will not torture words to import ambiguity where the

ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply

because lawyers or laymen contend for different meanings." *Barnard v. Barnard*, 214 Conn. 99,

109-10, 570 A.2d 690 (1990).

"Where there is definitive contract language, the determination of what the parties

intended by their contractual commitments is a question of law." (Internal quotation marks

omitted.) *Gateway Co., v. DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995).

"It is well settled that a release, being a contract whereby a party abandons a claim to a

person against whom that claim exists, is subject to rules governing the construction of

contracts." (Internal quotations marks omitted). *Muldoon v. Homestead Insulation Co.*, 231

Conn. 469, 482, 650 A.2d 1240 (1994). "Determining the scope of a release is therefore a matter

of contractual interpretation." *Tallmadge Brothers v. Iroquois Gas Transmission System*, 252

Conn. 479, 498-99, 746 A.2d 1277 (2000).

In the instant action the release provided by the plaintiff to Anixter is in the form of a

general release that has been modified and limited in scope to "all claims or demands in law or

equity arising or asserted in connection with an action pending in the Superior Court of the State

of Connecticut for the Judicial District of Hartford/New Britain at Hartford, Docket No. CV-98-

580678S". A copy of the Complaint regarding that action is enclosed herein as Attachment "1".

The gravamen of CV-98-586078S was that one of the defendants, Pacer Electronics, the then

employer of the plaintiff's former husband, had been ordered to garnish from the wages of

plaintiff's ex-husband, David Tilley in the amount of $360.00 per week, Pacer was then to pay to

the plaintiff that amount each week. Instead, Pacer, for 81 weeks paid plaintiff $311.46 each

week, a shortfall of $48.54. The total amount of the shortfall was $3,931.74 after 81 weeks.

(Attachment "1" paragraphs 1-16).

　　　The present action concerns damages resulting from the emotional distress suffered by the

plaintiff caused by Anixter's concealment of David Tilley's true earnings which prevented

Plaintiff from receiving the proper amount of support and caused her much difficulty. The

Plaintiff had learned of the concealment of her former husband's wages in August of 1999. The

date of the release was June 17, 1998. A plain reading of the document will show that it was

modified to limit its scope to include those claims "arising or asserted in or in connection with

her action" filed and settled in June 1998. The present action does not arise out of the

withholding of $48.54 per week from the plaintiff. Therefore, because the present action arises

out of a different sent of operative facts, discovered over fourteen months after the execution of

the Release of June 17, 1998, the present claims are not among those described as "all claims or

demands in law or equity arising or asserted in connection with an action pending in the Superior

Court of the State of Connecticut for the Judicial District of Hartford/New Britain at Hartford,

Docket No. CV-98-580678S". The general release of June 17, 1998 is not a bar to the present

action and plaintiff has not breached her agreement by her claims in the present action.

There is no genuine issue of material fact regarding the meaning of the June 17, 1998

release. It is clear that it was intended to release those claims as described in CV98-580678S. It

is also clear that it was not intended nor does the document purport to, release any claims that

arise in the future. The time period specified in the release is "from the beginning of world to the

day of the date of these presents."

> The interpretation of these contract provisions is guided by
> well established principles of contract law. "A contract must
> be construed to effectuate the intent of the parties, which is
> determined from the language used interpreted in light of the
> situation of the parties and the circumstances connected with
> the transaction...[T]he intent of the parties is to be ascertained
> by a fair and reasonable construction of the written words and
> ...the language used must be accorded its common, natural,
> and ordinary meaning and usage where it can be sensibly
> applied to the subject mater of the contract...Where the
> language of the contract is clear and unambiguous, the contract
> is to be given effect according to its terms." (Internal quotation
> marks omitted). *Issler v. Issler*, 250 Conn. 226, 235, 737 A.2d
> 383 (1999).

[T]he interpretation and construction of a written contact present only questions of law,

within the province of the court... so long as the contact is unambiguous and the intent of the

parties can be determined from the agreement's fact." (Internal quotation marks omitted). Id.

"[T]he construction and legal effect of the contract [is] a question of law for the court…" *Bria v. St. Joseph's Hospital*, 153 Conn. 626, 632, 220 A.2d 29 (1996).

## CONCLUSION

Therefore, for the foregoing reasons, the Plaintiff's Motion for Summary Judgment should be granted on Defendant Anixter's counterclaim of Breach of Contract.

Respectfully submitted,
**The Plaintiff,**
**Susan C. Tilley**

By: _____
Robert B. Muchinsky
*HER ATTORNEY*
39 Russ Street
Hartford, CT 06106
Telephone: (860) 297-0037
Federal Bar No.  CT12702

# CERTIFICATION

I hereby certify that a true and correct copy of the foregoing was mailed, postage pre-paid to

the parties and counsel of record on April 15, 2005.

**Defendant,**
**Anixter Inc. & Pacer/Anixter**

Steven D. Ecker, Atty.
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103
Federal Bar No. ct03762

**Defendant**
**David G. Tilley**

William M. Bloss, Esq.
Kosskoff, Kosskoff & Beider
PO Box 1661
Bridgeport, CT  06604

**Filing Location:**

Clerk of Court
U.S. District Court
915 Lafayette Boulevard
Brigeport, CT  06604

ROBERT B. MUCHINSKY

Return Date: July 7, 1998        :

SUSAN TILLEY, plaintiff          :

V.                               :

PACER ELECTRONICS, INC.,         :

MICHAEL ROSA, SUMMIT PARTNERS,:

INC., and ANIXTER, INC.,         :

defendants.

SUPERIOR COURT

J.D. HARTFORD/NEW BRITAIN

AT HARTFORD


JUNE 8, 1998

## VERIFIED COMPLAINT

### INTRODUCTION

This is an action brought for breach of contract and fraud based on a court order of the Superior Court of the State of Connecticut to the defendants Pacer Electronics, Inc. and Michael Rosa to garnish the wages of said defendants' employee, David Tilley, and pay same to the plaintiff. Damages occurred as a result of defendants Pacer Electronics, Inc. and Michael Rosa's wilful and wanton violation of said court order and wrongful witholding of said money from plaintiff. Liability of defendant Summit Partners, Inc. is based upon its status as owner of defendant Pacer Electronics, Inc. and therefore owner and holder of the assets of defendant Pacer Electronics, Inc. Anixter, Inc. is also named as a defendant to this action under an injunction count based upon its current contract to purchase defendant Pacer Electronics, Inc. within two weeks of the date of this complaint.

PARTIES

1.    Plaintiff Susan Tilley is a resident of Vernon, Connecticut.  Plaintiff is the former wife of David Tilley, an employee of and branch manager for defendant Pacer Electronics, Inc. in its satellite office in Charlotte, North Carolina. Plaintiff is and has been at all times relevant to this complaint, beneficiary of a court ordered wage garnishment of David Tilley's wages from defendant Pacer Electronics, Inc.

2.    Defendant Pacer Electronics, Inc. is and was at all times relevant to this complaint, a corporation with its headquarters in Woburn, Massachusetts and incorporated under the laws of the State of Massachusetts.  Defendant Pacer Electronics, Inc. (hereinafter "defendant Pacer") is and was at all times relevant to this complaint, a corporation doing business in the State of Connecticut with offices in Wallingford, Connecticut.

3.    Defendant Michael Rosa (hereinafter "defendant Rosa") is a resident of the State of Massachusetts and is and has been at all times relevant to this complaint, Chief Executive Officer of defendant Pacer.  At times relevant to this complaint, defendant Rosa was co-owner with his father of defendant Pacer.

4.    Defendant Rosa as an individual is and has been at all times relevant to this complaint a resident of the State of Massachusetts.

5.    Defendant Summit Partners, Inc. (hereinafter "defendant Summit") is a domestic corporation licensed to do business in the State of Connecticut and incorporated under the laws of the State of Connecticut and has an agent for service in Hartford,

Connecticut.  Defendant Summit is currently owner and controller of the assets of defendant Pacer.

6.  Defendant Anixter, Inc. (hereinafter "defendant Anixter") is a corporation located in Cheshire, Connecticut and incorporated under the laws of the State of Delaware and licensed to do business in Connecticut.  Defendant Anixter has entered into a contract to purchase the assets of defendant Pacer, said sale to be completed within two weeks of the date of this complaint.

FACTS

7.  The marriage of plaintiff and David Tilley was dissolved in Connecticut Superior Court at Hartford by Memorandum of Decision dated October 18, 1994, Santos, J.

8.  David Tilley is and has been an employee of defendant Pacer since during or about the summer of 1993 and is presently defendant Pacer's branch manager in Charlotte, North Carolina.

9.  Through said Memorandum of Decision dated October 18, 1994, Judge Santos ordered David Tilley to pay to the plaintiff $260 per week in child support for their three minor children and $100 per week in alimoney, for a total payment of $360 per week to be made to plaintiff.

10.  On or about December 2, 1994, a court ordered wage garnishment was issued by Judge Santos through the Connecticut Superior Court at Hartford, directing defendants Pacer and Rosa to garnish David Tilley's wages in the amount of $360 per week and pay same to plaintiff weekly.

11. Said wage garnishment was ordered retroactively to be effective on or about October 18, 1994.

12. On or about October 18, 1994, plaintiff began receiving checks from defendants Pacer and Rosa in the amount of $311.46.

13. Plaintiff received checks from defendants Pacer and Rosa in the amount of $311.46 for eighty-one (81) consecutive weeks, the last one being on or about April 16, 1996. On or about May 1, 1998 Connecticut Support Enforcement Agency took over the wage garnishment process and began issuing weekly checks to plaintiff in the amount of $360 per week.

14. For eighty-one (81) weeks of the period that defendants Pacer and Rosa were under court order to garnish David Tilley's wages and pay to plaintiff a weekly amount of $360, defendants Pacer and Rosa in fact paid $311.46 to plaintiff weekly, a sum of $48.54 per week less than the court ordered amount.

15. Defendants Pacer and Rosa wrongfully and without justification witheld $48.54 from plaintiff each week during a continuous course of conduct of at least said eighty-one (81) weeks for a total amount of $3,931.74, money rightfully owed to plaintiff by defendants Pacer and Rosa.

16. On or about May of 1996, defendant Pacer finalized an agreement with defendant Summit, which purchased an 80% share of defendant Pacer's assets. Prior to that time, defendant Rosa was co-owner of defendant Pacer's assets as well as chief executive officer thereof with full authority to conduct the business affairs of said corporation, and therefore its alter-ego.

17.  Defendant Summit is and has been since on or about May of 1996, holder and owner of defendant Pacer's assets.

18.  Defendant Anixter is presently, as of the date of this complaint, under contract with defendants Summit, Pacer and Rosa to purchase the assets of defendant Pacer.  Said sale is scheduled to take place within two weeks of the date of this complaint.  As a result of said contract and purchase, defendant Anixter will become holder and owner of defendant Pacer's assets.

COUNT ONE: (breach of contract as to defendant Pacer)

1.  Paragraphs 1-15 of the complaint are incorporated by reference herein.

19.  Defendant Pacer was under an enforceable agreement by virtue of a legal wage execution ordered by Judge Santos of the Connecticut Superior Court at Hartford effective October 18, 1994, in which defendant Pacer was ordered to withold $360 per week from David Tilley's wages and to pay same to plaintiff.

20.  Plaintiff is and was a third party beneficiary of said enforceable agreement.

21.  Defendant Pacer in fact witheld from David Tilley and paid to plaintiff $311.46 per week and therefore breached said enforceable agreement to plaintiff's damage.

22.  As a result of defendant Pacer's actions, plaintiff lost significant amounts of money intended for the care and well-being of her children as well as basic living expenses.

23.  As a further result of defendant Pacer's actions, plaintiff suffered great financial hardship having difficulty paying basic bills as well as medical expenses for her children

and thereby damaging her credit and causing her to sell much of her personal belongings in an effort to make ends meet and to support and properly care for her children.

24. As a further result of defendant Pacer's actions, plaintiff suffered severe and irreparable damage to her business in that she could not afford child care and therefore could not invest the time and money into her business that was necessary to keep it running. As a result, plaintiff lost her business further damaging her financially.

25. As a further result of defendant Pacer's actions, plaintiff has incurred substantial legal expenses.

26. As a further result of defendant Pacer's actions, plaintiff suffered severe emotional strain because of added pressure upon her to struggle to keep her business going and to raise funds necessary to support her children.

COUNT TWO: (breach of contract as to defendant Rosa)

1. Paragraphs 1-16 of the complaint are incorporated by reference herein.

27. Defendant Rosa was at all times relevant to this complaint Chief Executive Officer (CEO) of defendant Pacer.

28. Defendant Rosa, as CEO of defendant Pacer was under an enforceable obligation by virtue of said aforementioned legal wage execution in which defendant Pacer was ordered to withold $360 per week from David Tilley's wages and to pay same to plaintiff.

29. Defendant Rosa, at all times said monies were wrongfully witheld from plaintiff, had control of the assets and business affairs of defendant Pacer as its CEO and as co-owner of its assets and therefore was acting individually and as alter-ego of the corporation as well as as an officer of the corporation.

30. Defendant Rosa, in his capacities as aforesaid and through intentional actions individually breached said enforceable agreement by paying to plaintiff only $311.46 per week to plaintiff's damage.

31. As a result of defendant Rosa's actions, plaintiff lost significant amounts of money intended for the care and well-being of her children as well as basic living expenses.

32. As a further result of defendant Rosa's actions, plaintiff suffered great financial hardship having difficulty paying basic bills as well as medical expenses for her children and thereby damaging her credit and causing her to sell much of her personal belongings in an effort to make ends meet and to support and properly care for her children.

33. As a further result of defendant Rosa's actions, plaintiff suffered severe and irreparable damage to her business in that she could not afford child care and therefore could not invest the time and money into her business that was necessary to keep it running. As a result, plaintiff lost her business further damaging her financially.

34. As a further result of defendant Rosa's actions, plaintiff has incurred substantial legal expenses.

35. As a further result of defendant Rosa's actions, plaintiff suffered severe emotional strain because of added pressure upon her to struggle to keep her business going and to raise funds necessary to support her children.

COUNT THREE: (fraud as to defendant Pacer)

1. Paragraphs 1-15 of the complaint and paragraphs 19-21 of the first count are incorporated by reference herein.

36. Defendant Pacer knowingly, deliberately, wilfully and fraudulently violated said aforementioned court order in an effort to help its employee, David Tilley, and to wrongfully deprive the plaintiff of monies due her.

37. Defendant Pacer willfully and wantonly defrauded plaintiff out of money rightfully due her.

38. Defendant Pacer fraudulently interfered with said aforementioned enforeceable agreement of which plaintiff is and was third party beneficiary, to plaintiff's damage.

39. Defendant Pacer's actions in defying said lawful order of the court shows a contempt for public policy.

40. Paragraphs 22-26 of the first count are incorporated by reference herein.

COUNT FOUR: (fraud as to defendant Rosa)

1. Paragraphs 1-16 of the complaint and paragraphs 27-30 of the second count are incorporated by reference herein.

41. Defendant Rosa, both individually and as CEO of defendant Pacer, knowingly, deliberately, wilfully and fraudulently violated said court order.

42. Defendant Rosa, both individually and as CEO of defendant Pacer, wilfully and wantonly defrauded plaintiff out of money rightfully due her.

43. Defendant Rosa fraudulently interfered with said enforceable agreement of which plaintif is and was third pary beneficiary, to plaintiff's damage.

44. Defendant Rosa's actions in defying said lawful order of the court shows a contempt for public policy.

45. Paragraphs 31-35 are incorporated by reference herein.

COUNT FIVE: (as to defendant Summit)

1. Paragraphs 1-18 of the complaint and all paragraphs of counts 1-4 are incorporated by reference herein.

46. Defendant Summit is presently the owner of defendant Pacer and therefore holds and controls its assets.

47. Defendant Summit, on information and belief, by the purchase of defendant Pacer did assume the liabilities of defendants Pacer and Rosa as CEO of defendant Pacer, and therefore is equally liable to the plaintiff for the actions of defendants Pacer and Rosa in all of his capacities.

48. Defendant Summit is responsible and liable for the debts of defendant Pacer and defendant Rosa in all of his capacities.

COUNT SIX: (Injunction as to defendants Pacer, Rosa, Summit and Anixter)

1. Paragraphs 1-18 of the complaint and all paragraphs of counts 1-5 are incorporated by reference herein.

49. Upon information and belief, defendants Pacer, Rosa, Summit and Anixter are currently under contract to transfer the assets of defendant Pacer and thereby defendant Rosa in all of his capacities and also thereby defendant Summit in portion, to defendant Anixter pursuant to an agreement of sale of said assets to defendant Anixter with a closing for said sale scheduled for approximately two weeks from the date of this complaint hereof, and with the filing of this action said closing may well be moved closer in time.

50. If said closing of said sale of assets takes place, the plaintiff will be irreparably harmed by no longer having available to her, the funds to satisfy a judgment which she expects to receive in this action. Said assets may no longer be available and based upon prior fraudulent acts of defendants Pacer and Rosa, it is likely that said defendants will hide from the court and this action any assets (monies) they may receive from said sale. In view of the shortness of time, the fact that the assets of one or more of the defendants are out of state, and the probability that defendants will act as aforesaid, plaintiff has no adequate remedy at law.

51. It is therefore imperative that an ex parte injunction issue to prevent said closing of said sale and against all defendants ordering them not to proceed with said transfer of assets until further order of this court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

1.  Order that Plaintiff be made whole for all financial losses and costs incurred as a result of defendants' actions;

2.  Award damages in excess of $15,000 exclusive of interest and costs;

3.  Award interest upon monies wrongfully witheld as statutorily allowed;

4.  Award plaintiff punitive damages;

5.  Award plaintiff attorneys' fees and costs for bringing this action;

6.  Order a temporary and permanent injunction against all defendants prohibiting them from proceeding with the aforementioned transfer of assets; and

7.  Grant plaintiff such other legal or equitable relief as the Court deems appropriate.

Respectfully Submitted,

Plaintiff, Susan Tilley,

BY _Beth J. Rittenband_

Beth J. Rittenband
P.O. Box 5173
Rocky Hill, CT   06067
(860)541-8930
Juris No. 410159
Her Attorney

A TRUE COPY
ATTEST

WALTER KUPCHUNOS, JR
SHERIFF
COUNTY OF HARTFORD

Return Data: July 7, 1998    :    SUPERIOR COURT

SUSAN TILLEY, plaintiff    :    J.D. HARTFORD/NEW BRITAIN

V.    :    AT HARTFORD

PACER ELECTRONICS, INC.,    :

MICHAEL ROSA, SUMMIT PARTNERS,:

INC., and ANIXTER, INC.,    :    JUNE 8, 1998

defendants.

## APPLICATION FOR EX PARTE TEMPORARY INJUNCTION

The plaintiff in the above entitled action hereby makes application for a temporary injunction in accordance with her prayer for relief, and respectfully requests that an injunction against all defendants named in the above entitled action be issued forthwith and ex parte to prevent the impending sale and transfer of assets described in the attached verified complaint, for the following reasons:

1.  Plaintiff has set forth in her accompanying verified complaint, causes of action for breach of contract and fraud against defendants Pacer Electronics, Inc., Michael Rosa and Summit Partners, Inc.

2.  The defendants Pacer, Rosa and Summit have entered into an agreement to sell and transfer their assets to defendant Anixter, Inc. with a closing scheduled approximately two weeks from the date of this application herein, with a likelihood that upon notice of this action, said closing will be advanced in time and date.

3.    Plaintiff will be irreparably harmed by said transfer of assets because it will have the likely effect of removing her ability to satisfy the judgment she expects to receive based upon the underlying complaint.  For reasons set forth in the complaint, plaintiff has no adequate remedy at law.

WHEREAS, the plaintiff hereby moves for an ex parte injunction to prevent said transfer of assets until further order of the court.

Respectfully submitted,

Plaintiff, Susan Tilley,

By _Beth J. Rittenband_

Beth J. Rittenband
P.O. Box 5173
Rocky Hill, CT   06067
(860)541-8930
Juris No. 410159
Her Attorney

A TRUE COPY
ATTEST

WALTER KUPCHUNOS, JR.
SHERIFF
COUNTY OF HARTFORD

## ORDER OF SERVICE

To Any Proper Officer:

By authority of the state of Connecticut, you are hereby commanded to give notice of the foregoing order of temporary injunction to the defendant, by serving upon him, in the manner provided by the statute for the service of process, a true and attested copy of the foregoing writ, complaint, temporary injunction and of this citation on or before and return make to this court.

Dated at Hartford, Connecticut, this     day of June, 1998.

By the Court

_____

Return Date: July 7, 1998       :      SUPERIOR COURT

SUSAN TILLEY, plaintiff         :      J.D. OF HARTFORD/NEW BRITAIN

V.                  :      AT HARTFORD

PACER ELECTRONICS, INC., ET AL   :      JUNE 8, 1998

## VERIFICATION

I, Susan Tilley, being duly sworn, hereby affirm and say:

1. I am the plaintiff in the above-entitled action.

2. I have read the entire complaint.

3. I affirm the allegations and facts set forth in the complaint to the best of my knowledge and belief.

Dated at Hartford, Connecticut this 8th day of June, 1998.

_Susan C. Tilley_

Subscribed and sworn to before me this 8 th day of June, 1998.

_Beth J. Rittenband_
Beth J. Rittenband, Esq.
Commissioner of Superior Court

A TRUE COPY
ATTEST
WALTER KUPCHUNOS, JR.
SHERIFF
COUNTY OF HARTFORD

BOND

Know All Men by These Presents, that Susan Tilley of 14 Pillsbury Hill, Vernon, Connecticut, plaintiff in the above entitled action, as principal, and Betty Pongratz of 37 Stonewood Terrace, Vernon, Connecticut, as surety, are holden and bound, jointly and severally, unto Pacer Electronics, Inc., Michael Rosa, Summit Partners, Inc. and Anixter, Inc., defendants, the penal sum of $5,000, to which payment well and truly to be made, the obligors hereby bind themselves, their successors, heirs, executors and administrators, firmly by these presents.

The condition of this obligation is such that whereas Susan Tilley has brought an action against Pacer Electronics, Inc., Michael Rosa, Summit Partner, Inc., and Anixter, Inc., the action being returnable to the superior court for the judicial district of Hartford/New Britain at Hartford, on July 7, 1998, demanding equitable relief as therein more fully appears, the writ being dated at Hartford, Connecticut on June 8, 1998, and signed by Beth J. Rittenband, commissioner of the superior court: and

Whereas in the action an application was made for a temporary injunction and a temporary injunction, a copy of which is hereto annexed, was granted, upon condition that Susan Tilley furnish a good and sufficient bond to the defendant.

Now therefore, if the plaintiff shall prosecute the action to effect this bond shall be void and of no effect; but if the plaintiff shall fail to prosecute the action to effect, then this bond shall be in full force and effect and obligors herein shall be bound to answer all damages accruing by reason of the issuance

of the temporary injunction.

Approved,

Judge

## SUMMONS

To Any Proper Officer:

By authority of the state of Connecticut you are hereby commanded to summon the defendant in the foregoing action to appear before a judge of the superior court at the place and time specified in the foregoing order, then and there to show cause why a temporary injunction should not remain in effect against him as prayed for in the foregoing complaint and application, by serving in the manner provided by statute for the service of process a true and attested copy of the foregoing writ and verified complaint, application, order and this summons on the defendant on or before the 15th day of June 1998.

Hereof fail not, but due service and return make.

Dated at Hartford, Connecticut, this 8th day of June, 1998.

*Beth Rittenband*

Commissioner of Superior Court

A TRUE COPY
ATTEST

WALTER KUPCHUNOS, JR.
SHERIFF
COUNTY OF HARTFORD

Return Date: July 7, 1998        :        SUPERIOR COURT

SUSAN TILLEY, plaintiff          :        J.D. HARTFORD/NEW BRITAIN

V.                               :        AT HARTFORD

PACER ELECTRONICS, INC.,         :

MICHAEL ROSA, SUMMIT PARTNERS, :

INC., and ANIXTER, INC.,         :        JUNE 8, 1998

defendants.

### ORDER TO SHOW CAUSE

Whereas, the foregoing complaint with prayer and motion for an ex parte temporary injunction, duly verified, has been presented to the court, and

Whereas, upon application of the plaintiff, it appears that an order should be issued directing the defendant in this action to appear before the court to show cause why a temporary injunction should not ~~continue in effect~~ issue.

Now therefore, it is ordered that the defendant be summoned to appear before the Superior Court for the Judicial District of Hartford/New Britain at Hartford, 95 Washington Street, on 22 day of June, 1998 at 9:30 Am Courtroom 312 o'clock then and there to show cause why a temporary injunction should not ~~remain in effect~~ issue against him as prayed for in the foregoing complaint and application.

Dated at Hartford, Connecticut, this 8th day of June, 1998.

By the Court,

A TRUE COPY
ATTEST

WALTER KUPCHUNOS, JR.
SHERIFF
COUNTY OF HARTFORD

O'Neil

Judge/Clerk/Asst. Clerk