| | |
|---|---|
| Return Date: July 7, 1998 : | SUPERIOR COURT |
| SUSAN TILLEY, plaintiff : | J.D. HARTFORD/NEW BRITAIN |
| V. : | AT HARTFORD |
| PACER ELECTRONICS, INC., : | |
| MICHAEL ROSA, SUMMIT PARTNERS,: | |
| INC., and ANIXTER, INC., : | JUNE 8, 1998 |
| defendants. | |

**VERIFIED COMPLAINT**

**INTRODUCTION**

This is an action brought for breach of contract and fraud based on a court order of the Superior Court of the State of Connecticut to the defendants Pacer Electronics, Inc. and Michael Rosa to garnish the wages of said defendants' employee, David Tilley, and pay same to the plaintiff. Damages occurred as a result of defendants Pacer Electronics, Inc. and Michael Rosa's wilful and wanton violation of said court order and wrongful witholding of said money from plaintiff. Liability of defendant Summit Partners, Inc. is based upon its status as owner of defendant Pacer Electronics, Inc. and therefore owner and holder of the assets of defendant Pacer Electronics, Inc. Anixter, Inc. is also named as a defendant to this action under an injunction count based upon its current contract to purchase defendant Pacer Electronics, Inc. within two weeks of the date of this complaint.



DEFENDANT'S EXHIBIT
29
106-04ENS
PENGAD 800-831-6989

PARTIES

1.    Plaintiff Susan Tilley is a resident of Vernon, Connecticut.  Plaintiff is the former wife of David Tilley, an employee of and branch manager for defendant Pacer Electronics, Inc. in its satellite office in Charlotte, North Carolina. Plaintiff is and has been at all times relevant to this complaint, beneficiary of a court ordered wage garnishment of David Tilley's wages from defendant Pacer Electronics, Inc.

2.    Defendant Pacer Electronics, Inc. is and was at all times relevant to this complaint, a corporation with its headquarters in Woburn, Massachusetts and incorporated under the laws of the State of Massachusetts.  Defendant Pacer Electronics, Inc. (hereinafter "defendant Pacer") is and was at all times relevant to this complaint, a corporation doing business in the State of Connecticut with offices in Wallingford, Connecticut.

3.    Defendant Michael Rosa (hereinafter "defendant Rosa") is a resident of the State of Massachusetts and is and has been at all times relevant to this complaint, Chief Executive Officer of defendant Pacer.  At times relevant to this complaint, defendant Rosa was co-owner with his father of defendant Pacer.

4.    Defendant Rosa as an individual is and has been at all times relevant to this complaint a resident of the State of Massachusetts.

5.    Defendant Summit Partners, Inc. (hereinafter "defendant Summit") is a domestic corporation licensed to do business in the State of Connecticut and incorporated under the laws of the State of Connecticut and has an agent for service in Hartford,

Connecticut.  Defendant Summit is currently owner and controller of the assets of defendant Pacer.

6.  Defendant Anixter, Inc. (hereinafter "defendant Anixter") is a corporation located in Cheshire, Connecticut and incorporated under the laws of the State of Delaware and licensed to do business in Connecticut.  Defendant Anixter has entered into a contract to purchase the assets of defendant Pacer, said sale to be completed within two weeks of the date of this complaint.

FACTS

7.  The marriage of plaintiff and David Tilley was dissolved in Connecticut Superior Court at Hartford by Memorandum of Decision dated October 18, 1994, Santos, J.

8.  David Tilley is and has been an employee of defendant Pacer since during or about the summer of 1993 and is presently defendant Pacer's branch manager in Charlotte, North Carolina.

9.  Through said Memorandum of Decision dated October 18, 1994, Judge Santos ordered David Tilley to pay to the plaintiff $260 per week in child support for their three minor children and $100 per week in alimoney, for a total payment of $360 per week to be made to plaintiff.

10.  On or about December 2, 1994, a court ordered wage garnishment was issued by Judge Santos through the Connecticut Superior Court at Hartford, directing defendants Pacer and Rosa to garnish David Tilley's wages in the amount of $360 per week and pay same to plaintiff weekly.

11. Said wage garnishment was ordered retroactively to be effective on or about October 18, 1994.

12. On or about October 18, 1994, plaintiff began receiving checks from defendants Pacer and Rosa in the amount of $311.46.

13. Plaintiff received checks from defendants Pacer and Rosa in the amount of $311.46 for eighty-one (81) consecutive weeks, the last one being on or about April 16, 1996. On or about May 1, 1998 Connecticut Support Enforcement Agency took over the wage garnishment process and began issuing weekly checks to plaintiff in the amount of $360 per week.

14. For eighty-one (81) weeks of the period that defendants Pacer and Rosa were under court order to garnish David Tilley's wages and pay to plaintiff a weekly amount of $360, defendants Pacer and Rosa in fact paid $311.46 to plaintiff weekly, a sum of $48.54 per week less than the court ordered amount.

15. Defendants Pacer and Rosa wrongfully and without justification witheld $48.54 from plaintiff each week during a continuous course of conduct of at least said eighty-one (81) weeks for a total amount of $3,931.74, money rightfully owed to plaintiff by defendants Pacer and Rosa.

16. On or about May of 1996, defendant Pacer finalized an agreement with defendant Summit, which purchased an 80% share of defendant Pacer's assets. Prior to that time, defendant Rosa was co-owner of defendant Pacer's assets as well as chief executive officer thereof with full authority to conduct the business affairs of said corporation, and therefore its alter-ego.

17. Defendant Summit is and has been since on or about May of 1996, holder and owner of defendant Pacer's assets.

18. Defendant Anixter is presently, as of the date of this complaint, under contract with defendants Summit, Pacer and Rosa to purchase the assets of defendant Pacer. Said sale is scheduled to take place within two weeks of the date of this complaint. As a result of said contract and purchase, defendant Anixter will become holder and owner of defendant Pacer's assets.

COUNT ONE: (breach of contract as to defendant Pacer)

1. Paragraphs 1-15 of the complaint are incorporated by reference herein.

19. Defendant Pacer was under an enforceable agreement by virtue of a legal wage execution ordered by Judge Santos of the Connecticut Superior Court at Hartford effective October 18, 1994, in which defendant Pacer was ordered to withold $360 per week from David Tilley's wages and to pay same to plaintiff.

20. Plaintiff is and was a third party beneficiary of said enforceable agreement.

21. Defendant Pacer in fact witheld from David Tilley and paid to plaintiff $311.46 per week and therefore breached said enforceable agreement to plaintiff's damage.

22. As a result of defendant Pacer's actions, plaintiff lost significant amounts of money intended for the care and well-being of her children as well as basic living expenses.

23. As a further result of defendant Pacer's actions, plaintiff suffered great financial hardship having difficulty paying basic bills as well as medical expenses for her children

and thereby damaging her credit and causing her to sell much of her personal belongings in an effort to make ends meet and to support and properly care for her children.

24. As a further result of defendant Pacer's actions, plaintiff suffered severe and irreparable damage to her business in that she could not afford child care and therefore could not invest the time and money into her business that was necessary to keep it running. As a result, plaintiff lost her business further damaging her financially.

25. As a further result of defendant Pacer's actions, plaintiff has incurred substantial legal expenses.

26. As a further result of defendant Pacer's actions, plaintiff suffered severe emotional strain because of added pressure upon her to struggle to keep her business going and to raise funds necessary to support her children.

COUNT TWO: (breach of contract as to defendant Rosa)

1. Paragraphs 1-16 of the complaint are incorporated by reference herein.

27. Defendant Rosa was at all times relevant to this complaint Chief Executive Officer (CEO) of defendant Pacer.

28. Defendant Rosa, as CEO of defendant Pacer was under an enforceable obligation by virtue of said aforementioned legal wage execution in which defendant Pacer was ordered to withold $360 per week from David Tilley's wages and to pay same to plaintiff.

29.  Defendant Rosa, at all times said monies were wrongfully witheld from plaintiff, had control of the assets and business affairs of defendant Pacer as its CEO and as co-owner of its assets and therefore was acting individually and as alter-ego of the corporation as well as as an officer of the corporation.

30.  Defendant Rosa, in his capacities as aforesaid and through intentional actions individually breached said enforceable agreement by paying to plaintiff only $311.46 per week to plaintiff's damage.

31.  As a result of defendant Rosa's actions, plaintiff lost significant amounts of money intended for the care and well-being of her children as well as basic living expenses.

32.  As a further result of defendant Rosa's actions, plaintiff suffered great financial hardship having difficulty paying basic bills as well as medical expenses for her children and thereby damaging her credit and causing her to sell much of her personal belongings in an effort to make ends meet and to support and properly care for her children.

33.  As a further result of defendant Rosa's actions, plaintiff suffered severe and irreparable damage to her business in that she could not afford child care and therefore could not invest the time and money into her business that was necessary to keep it running.  As a result, plaintiff lost her business further damaging her financially.

34.  As a further result of defendant Rosa's actions, plaintiff has incurred substantial legal expenses.

35.   As a further result of defendant Rosa's actions, plaintiff suffered severe emotional strain because of added pressure upon her to struggle to keep her business going and to raise funds necessary to support her children.

COUNT THREE: (fraud as to defendant Pacer)

1.   Paragraphs 1-15 of the complaint and paragraphs 19-21 of the first count are incorporated by reference herein.

36.   Defendant Pacer knowingly, deliberately, wilfully and fraudulently violated said aforementioned court order in an effort to help its employee, David Tilley, and to wrongfully deprive the plaintiff of monies due her.

37.   Defendant Pacer willfully and wantonly defrauded plaintiff out of money rightfully due her.

38.   Defendant Pacer fraudulently interfered with said aforementioned enforeceable agreement of which plaintiff is and was third party beneficiary, to plaintiff's damage.

39.   Defendant Pacer's actions in defying said lawful order of the court shows a contempt for public policy.

40.   Paragraphs 22-26 of the first count are incorporated by reference herein.

COUNT FOUR: (fraud as to defendant Rosa)

1.   Paragraphs 1-16 of the complaint and paragraphs 27-30 of the second count are incorporated by reference herein.

41.   Defendant Rosa, both individually and as CEO of defendant Pacer, knowingly, deliberately, wilfully and fraudulently violated said court order.

42. Defendant Rosa, both individually and as CEO of defendant Pacer, wilfully and wantonly defrauded plaintiff out of money rightfully due her.

43. Defendant Rosa fraudulently interfered with said enforceable agreement of which plaintif is and was third pary beneficiary, to plaintiff's damage.

44. Defendant Rosa's actions in defying said lawful order of the court shows a contempt for public policy.

45. Paragraphs 31-35 are incorporated by reference herein.

COUNT FIVE: (as to defendant Summit)

1. Paragraphs 1-18 of the complaint and all paragraphs of counts 1-4 are incorporated by reference herein.

46. Defendant Summit is presently the owner of defendant Pacer and therefore holds and controls its assets.

47. Defendant Summit, on information and belief, by the purchase of defendant Pacer did assume the liabilities of defendants Pacer and Rosa as CEO of defendant Pacer, and therefore is equally liable to the plaintiff for the actions of defendants Pacer and Rosa in all of his capacities.

48. Defendant Summit is responsible and liable for the debts of defendant Pacer and defendant Rosa in all of his capacities.

COUNT SIX: (Injunction as to defendants Pacer, Rosa, Summit and
               Anixter)

1. Paragraphs 1-18 of the complaint and all paragraphs of counts 1-5 are incorporated by reference herein.

49. Upon information and belief, defendants Pacer, Rosa, Summit and Anixter are currently under contract to transfer the assets of defendant Pacer and thereby defendant Rosa in all of his capacities and also thereby defendant Summit in portion, to defendant Anixter pursuant to an agreement of sale of said assets to defendant Anixter with a closing for said sale scheduled for approximately two weeks from the date of this complaint hereof, and with the filing of this action said closing may well be moved closer in time.

50. If said closing of said sale of assets takes place, the plaintiff will be irreparably harmed by no longer having available to her, the funds to satisfy a judgment which she expects to receive in this action. Said assets may no longer be available and based upon prior fraudulent acts of defendants Pacer and Rosa, it is likely that said defendants will hide from the court and this action any assets (monies) they may receive from said sale. In view of the shortness of time, the fact that the assets of one or more of the defendants are out of state, and the probability that defendants will act as aforesaid, plaintiff has no adequate remedy at law.

51. It is therefore imperative that an ex parte injunction issue to prevent said closing of said sale and against all defendants ordering them not to proceed with said transfer of assets until further order of this court.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiff requests that this Court:

1. Order that Plaintiff be made whole for all financial losses and costs incurred as a result of defendants' actions;

2. Award damages in excess of $15,000 exclusive of interest and costs;

3. Award interest upon monies wrongfully witheld as statutorily allowed;

4. Award plaintiff punitive damages;

5. Award plaintiff attorneys' fees and costs for bringing this action;

6. Order a temporary and permanent injunction against all defendants prohibiting them from proceeding with the aforementioned transfer of assets; and

7. Grant plaintiff such other legal or equitable relief as the Court deems appropriate.

Respectfully Submitted,

Plaintiff, Susan Tilley,

BY _Beth J. Rittenband_

Beth J. Rittenband
P.O. Box 5173
Rocky Hill, CT  06067
(860)541-8930
Juris No. 410159
Her Attorney

A TRUE COPY ATTEST

WALTER KUPCHUNOS, JR
SHERIFF
COUNTY OF HARTFORD

Return Date: July 7, 1998    :    SUPERIOR COURT

SUSAN TILLEY, plaintiff    :    J.D. HARTFORD/NEW BRITAIN

V.    :    AT HARTFORD

PACER ELECTRONICS, INC.,    :

MICHAEL ROSA, SUMMIT PARTNERS,:

INC., and ANIXTER, INC.,    :    JUNE 8, 1998

defendants.

## APPLICATION FOR EX PARTE TEMPORARY INJUNCTION

The plaintiff in the above entitled action hereby makes application for a temporary injunction in accordance with her prayer for relief, and respectfully requests that an injunction against all defendants named in the above entitled action be issued forthwith and ex parte to prevent the impending sale and transfer of assets described in the attached verified complaint, for the following reasons:

1. Plaintiff has set forth in her accompanying verified complaint, causes of action for breach of contract and fraud against defendants Pacer Electronics, Inc., Michael Rosa and Summit Partners, Inc.

2. The defendants Pacer, Rosa and Summit have entered into an agreement to sell and transfer their assets to defendant Anixter, Inc. with a closing scheduled approximately two weeks from the date of this application herein, with a likelihood that upon notice of this action, said closing will be advanced in time and date.

3.   Plaintiff will be irreparably harmed by said transfer of assets because it will have the likely effect of removing her ability to satisfy the judgment she expects to receive based upon the underlying complaint.  For reasons set forth in the complaint, plaintiff has no adequate remedy at law.

WHEREAS, the plaintiff hereby moves for an ex parte injunction to prevent said transfer of assets until further order of the court.

Respectfully submitted,

Plaintiff, Susan Tilley,


By _Beth J. Rittenband_
Beth J. Rittenband
P.O. Box 5173
Rocky Hill, CT    06067
(860)541-8930
Juris No. 410159
Her Attorney


A TRUE COPY ATTEST

WALTER KUPCHUNOS, JR.
SHERIFF
COUNTY OF HARTFORD

Return Date: July 7, 1998          :          SUPERIOR COURT

SUSAN TILLEY, plaintiff          :          J.D. HARTFORD/NEW BRITAIN

V.          :          AT HARTFORD

PACER ELECTRONICS, INC.,          :

MICHAEL ROSA, SUMMIT PARTNERS,:

INC., and ANIXTER, INC.,          :          JUNE 8, 1998

defendants.

## TEMPORARY INJUNCTION

The plantiff's verified complaint and application for an ex parte temporary injunction having been presented to this Court, and it appearing to the Court that such application should be granted, and the plaintiff having given a bond to the opposite party with surety satisfactory to the Court in the sum of $5,000 to answer all damages in case the plaintiff shall fail to prosecute the action to effect.

These are therefore, by authority of the state of Connecticut to command and enjoin you and each of your officers, servants, agents and employees  to wholly and absolutely desist and refrain from the transfer of any assets of defendant Pacer Electronics, Inc., defendant Michael Rosa and defendant Summit Partners, Inc. as to the assets of defendant Pacer, to defendant Anixter, Inc. or any other person or entity until further order of the court.

Dated at Hartford, Connecticut, this  day of June, 1998.

_____

Judge/Clerk/Asst. Clerk

ORDER OF SERVICE

To Any Proper Officer:

By authority of the state of Connecticut, you are hereby commanded to give notice of the foregoing order of temporary injunction to the defendant, by serving upon him, in the manner provided by the statute for the service of process, a true and attested copy of the foregoing writ, complaint, temporary injunction and of this citation on or before and return make to this court.

Dated at Hartford, Connecticut, this     day of June, 1998.

By the Court

_____

CERTIFICATION INTO COURT

The undersigned, a judge of the Superior Court of the Judicial District of Hartford/New Britain at Hartford hereby certifies the above entitled action into Court.

_____

Return Date: July 7, 1998          :    SUPERIOR COURT

SUSAN TILLEY, plaintiff            :    J.D. OF HARTFORD/NEW BRITAIN

V.                                 :    AT HARTFORD

PACER ELECTRONICS, INC., ET AL     :    JUNE 8, 1998

## VERIFICATION

I, Susan Tilley, being duly sworn, hereby affirm and say:

1. I am the plaintiff in the above-entitled action.

2. I have read the entire complaint.

3. I affirm the allegations and facts set forth in the complaint to the best of my knowledge and belief.

Dated at Hartford, Connecticut this 8 th day of June, 1998.

Subscribed and sworn to before me this 8 th day of June, 1998.

Beth J. Rittenband, Esq.
Commissioner of Superior Court

A TRUE COPY
ATTEST

WALTER KUPCHUNOS, JR.
SHERIFF
COUNTY OF HARTFORD

BOND

Know All Men by These Presents, that Susan Tilley of 14 Pillsbury Hill, Vernon, Connecticut, plaintiff in the above entitled action, as principal, and Betty Pongratz of 37 Stonewood Terrace, Vernon, Connecticut, as surety, are holden and bound, jointly and severally, unto Pacer Electronics, Inc., Michael Rosa, Summit Partners, Inc. and Anixter, Inc., defendants, the penal sum of $5,000, to which payment well and truly to be made, the obligors hereby bind themselves, their successors, heirs, executors and administrators, firmly by these presents.

The condition of this obligation is such that whereas Susan Tilley has brought an action against Pacer Electronics, Inc., Michael Rosa, Summit Partner, Inc., and Anixter, Inc., the action being returnable to the superior court for the judicial district of Hartford/New Britain at Hartford, on July 7, 1998, demanding equitable relief as therein more fully appears, the writ being dated at Hartford, Connecticut on June 8, 1998, and signed by Beth J. Rittenband, commissioner of the superior court: and

Whereas in the action an application was made for a temporary injunction and a temporary injunction, a copy of which is hereto annexed, was granted, upon condition that Susan Tilley furnish a good and sufficient bond to the defendant.

Now therefore, if the plaintiff shall prosecute the action to effect this bond shall be void and of no effect; but if the plaintiff shall fail to prosecute the action to effect, then this bond shall be in full force and effect and obligors herein shall be bound to answer all damages accruing by reason of the issuance

of the temporary injunction.

Approved,

Judge