1    Q    Yes.

2    A    Right.

3    Q    Just one final quick thing. You currently
4  go by the last name Deluco?

5    A    Yes.

6    Q    Your maiden name is Rittenband?

7    A    Yes.

8    Q    At the time you were representing
9  Ms. Tilley, you were working as Attorney Beth
10 Rittenband?

11   A    Correct.

12   Q    Thank you. I'm done.

13

14              RECROSS-EXAMINATION

15

16 BY MR. MUCHINSKY:

17   Q    Just one little thing. Back to the motion
18 for modification, Defendants' Exhibit 16. Isn't
19 the relief that's granted by a motion for
20 modification of child support or alimony forward
21 looking?

22   A    What do you mean?

23   Q    If you asked for a motion to modify, it's
24 to modify future payments, isn't it?

25   A    Yes.

```
 1       Q    So any relief --
 2            MR. SMART:  I do object.  Just to put
 3       it on the record.  I do object to this
 4       line of questioning because the question
 5       you're asking her -- you're asking her her
 6       professional opinions about that.
 7            MR. MUCHINSKY:  She's a lawyer and
 8       she wrote this motion.
 9            MR. SMART:  You can keep asking her,
10       but I just wanted to put that on the
11       record.
12            THE WITNESS:  I believe that's why I
13       had two motions.  One for contempt for
14       what's been done and one to modify for the
15       future.
16  BY MR. MUCHINSKY:
17       Q    And the motion for modification, prayer
18  for relief, taking any other such actions the court
19  deems equitable and appropriate under the
20  circumstances refers to future support payments?
21       A    I see what you're asking and it makes
22  sense now that what my answer before about
23  arrearage doesn't make sense under this, but as far
24  as what I wrote there, "Take any other such
25  action," I don't know that I had anything specific
```

1  in mind when I wrote that.  It's just what I put at
2  the bottom of every prayer for relief for anything
3  that the judge thinks is fair, that's not in there.
4     Q   I understand.  I'm good.
5         MR. SMART:  Nothing further.

7         (Deposition concluded:  5:34 p.m.)

―― Falzarano Court Reporters ――

STATE OF CONNECTICUT

I, ELZBIETA A. SIROIS, RPR, LSR #350, a Notary Public, duly commissioned and qualified in and for the State of Connecticut, do hereby certify that pursuant to Notice there came before me on the 20th day of October, 2004, the following named person, to wit: BETH DELUCO, who was by me duly sworn to testify to the truth and nothing but the truth; that she was thereupon carefully examined upon her oath and her examination reduced to writing under my supervision; that this deposition is a true record of the testimony given by the witness.

I further certify that I am neither attorney nor counsel for, nor related to, nor employed by any of the parties to the action in which this deposition is taken, and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, or financially interested in this action.

IN WITNESS THEREOF, I have hereunto set my hand this _____ day of _____, 2004.

```
                    _____
                    Elzbieta A. Sirois, RPR, LSR #350
                    Notary Public
```

My Commission Expires:
October 31, 2007

INDEX

WITNESS                                                    PAGE

BETH DELUCO

    Direct Examination by Mr. Smart              4
    Cross-Examination by Mr. Muchinsky          48
    ReDirect Examination by Mr. Smart           55
    ReCross-Examination by Mr. Muchinsky        58

Defendants' EXHIBITS
(For Identification)

| EXHIBIT | | PAGE |
|---|---|---|
| 45 | Subpoena | 11 |
| 46 | Transcript of Susan Tilley Dated October 6, 2004 | 14 |
| 47 | Letter to Ms. Tilley with attached motion to withdraw | 19 |
| 48 | Notice of deposition | 39 |
| 49 | Letter from Steve Ecker Dated June 4, 1999 | 41 |
| 50 | Letter dated June 11th to Steve Ecker | 42 |
| 51 | Letter from Mr. Ecker dated July 1st, 1999 | 43 |

Falzarano Court Reporters

JURAT

---------------------

Susan C. Tilley

    vs.                    October 20, 2004

Anixter Incorporated,
Pacer/Anixter Inc. and
David G. Tilley,

---------------------


    With the addition of the changes, if any, indicated on the attached errata sheet, the foregoing is true and accurate transcript of my testimony given in the above-entitled action on October 20, 2004


_____
BETH DELUCO


    Subscribed and sworn to before me, the undersigned authority, on this the _____ day of _____, 2004.


_____
Notary Public


My Commission Expires:

EAS

ERRATA SHEET

Please note any corrections on this sheet.
DO NOT mark up the transcript.

The ORIGINAL JURAT and ERRATA SHEETS must be NOTARIZED (even if there are no corrections) and returned within 30 days of receipt to the attorney who took the DIRECT EXAMINATION. All other counsel of record must be sent a COPY, along with a COPY to our office for our records.

Page      Line        From                        To

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____           _____
     Date                        BETH DELUCO

Sworn to before me this _____ day of
_____, 2004.

            _____
                 Notary Public

My Commission Expires: _____

Falzarano Court Reporters