LAW OFFICES
# ROBERT B. MUCHINSKY

FACSIMILE:
(860) 297-0040

39 RUSS STREET
HARTFORD, CONNECTICUT 06106-1566

(860) 297-0037

November 22, 2000

Support Enforcement
PO Box 320680
Hartford, CT 06132

    Re: **Tilley v. Tilley**
        **Docket No.: FA92-0513362-S**
        **Child Support Modification Matters**

Dear Sir/Madam:

    This will serve to respond to your letter dated November 21, 2000 in connection with the Tilley v. Tilley matter. I enclose herewith a time-stamped copy of the Stipulation filed with the court at the time of modification. I am also enclosing herewith the original Withholding Order for Support (Form JD-FM 1) and Case Input Record (Form JD-FM150).

    Kindly provide written confirmation that these materials have been received and that the processing of same has been effectuated.

    If you have any questions or require anything further, please contact the undersigned.

                                Very truly yours,

                                ROBERT B. MUCHINSKY

RBM/car
Enc.
cc:  Susan Tilley
     Ceil Gersten, Attorney for David G. Tilley



**CONFIDENTIAL**


DEC 4 2000

**HARTFORD SUPPORT
ENFORCEMENT UNIT**

| | |
|---|---|
| Docket No.: FA-92-0513362-S : | Superior Court |
| Susan C. Tilley, : *Plaintiff*, : | Judicial District of Hartford |
| : | at Hartford |
| vs. : | |
| David G. Tilley, : *Defendant.* : | November 13, 2000 |

### Stipulation

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES, as follows:

1. That the Defendant Husband shall pay the sum of $321.00 per week representing Child Support to the Plaintiff Wife by way of immediate wage execution effective as of November 17, 2000.

2. That the Plaintiff Wife shall use the health care providers listed on the Defendant Husband's medical plan, including but not limited to, medical providers, dentists, orthodontists and psychologists, unless the care required for the covered children is immediate emergency medical care.

3. That the Defendant Husband shall reimburse the Plaintiff Wife for 50% of unreimbursed health-related expenses, including medical, dental, psychological and orthodontia.

4. That the Defendant Husband shall pay to the Plaintiff Wife as additional Child Support, 18% of the net amount of his bonus or commission from his employer due on or about January 2001, said payment will be due and payable to Plaintiff Wife fourteen (14) days post receipt thereof. The Defendant Husband shall provide the Plaintiff Wife a copy of said bonus or commission check together with said payment.

**FILED**
NOV 17 2000

ROBERT B. MUCHINSKY, ATTORNEY AT LAW • 39 RUSS STREET
HARTFORD, CT 06106 • JURIS NO. 101514 • (860) 297-0037 • FAX (860) 297-0040

**CONFIDENTIAL**

5. That the Defendant Husband shall pay to the Plaintiff Wife as additional Child Support, 25% of the net amount of all future bonuses or commissions from his employer, said payment will be due and payable to the Plaintiff Wife fourteen (14) days post receipt thereof. The Defendant Husband shall provide the Plaintiff Wife a copy of said bonus or commission checks together with said payment.

6. That the Defendant Husband shall pay 50% of the day care expenses of the children that are necessary to allow the Plaintiff Wife to be gainfully employed. The Plaintiff Wife shall provide the Defendant Husband with proof of said day care expenses.

7. That upon execution of this Stipulation there are no unreimbursed medical expenses nor overpayment of alimony owed to either party.

| | |
|---|---|
| Susan C. Tilley, Plaintiff Wife<br>Dated: 11-16-00 | David G. Tilley, Defendant Husband<br>Dated: 11.14.00 |
| Robert B. Muchinsky<br>*Attorney for Plaintiff*<br>39 Russ Street<br>Hartford, CT 06106 | Ceil Gersten<br>*Attorney for Defendant*<br>10 North Main Street<br>West Hartford, CT 06107 |

CONFIDENTIAL

**WITHHOLDING ORDER FOR SUPPORT**
JD-FM-1 Rev. 10-99
C.G.S. § 52-362
P.A. 99-193 §§ 5,6

**STATE OF CONNECTICUT SUPERIOR COURT**

INSTRUCTIONS TO PREPARERS *(Other than Support Enforcement Officer)*
1. Complete Parts I and III, and make 2 copies. File original and 1 copy with the clerk; retain remaining copy for your records.
2. If withholding order issues immediately against a nonappearing obligor, complete Form JD-FM-70, Notice to Nonappearing Obligor.

| JUDICIAL DISTRICT OF | "X" ONE OR BOTH | DOCKET NO. |
|---|---|---|
| Hartford | [X] NEW ORDER  [X] STIPULATION | FA 920513362-S |

**ADDRESS OF COURT** *(No., street, town and zip code)*
95 Washington Street, Hartford, CT 06106

| NAME OF OBLIGOR | ADDRESS OF OBLIGOR *(No., street, town, state and zip code)* |
|---|---|
| David G. Tilley | 4230 Lakeshore Road S., Denver, NC 28037 |

| MAKE CHECK PAYABLE TO *(Place obligor's social security number on check and other payment remittance.)* | OBLIGOR'S SOCIAL SECURITY NO. |
|---|---|
| State of Connecticut IV-D Agency | REDACTED |

**MAIL CHECK TO**
Fleet Bank - CSPPU, P.O. Box 30225, Hartford, Connecticut 06150-0225

| NAME OF PERSON PREPARING THIS FORM | ADDRESS OF PREPARER | TELEPHONE NO. |
|---|---|---|
| Robert B. Muchinsky | 39 Russ Street, Hartford, CT 06106 | 860-297-0037 |

**PART I**

PREPARER TO COMPLETE SECTION A AND IF THERE IS AN ARREARAGE COMPLETE B OR C ("X" applicable boxes)

SUPPORT/WEEK: **$321.00**

[X] **A.** The Court ordered current support at: ...........................................
(NOTE: Withholding for current support shall continue after any arrearage has been paid in full.)

[ ] **B.** The Court ordered weekly payments on arrearage to be taken by way of a withholding at:
ARREARAGE PYMT/WEEK: $ _____

until the total arrearage of $ _____ owed as of (date) _____ is paid in full.

[ ] **C.** The Court did not order a specific payment on arrearage, therefore
ARREARAGE PYMT/WEEK: $ _____

should be deducted until the total arrearage of $ _____ owed as of (date) _____ is paid in full. This amount is computed in accordance with the child support guidelines established under C.G.S. § 46b-215a.

**TOTAL WITHHOLDING ORDER** → TOTAL/WEEK: **$321.00**

**PART II**

**TO ANY PROPER OFFICER:** You are hereby ordered to make due service of this withholding order on the payer of income to the above-named obligor according to law.

**TO PAYER OF INCOME:** You are hereby ordered to deduct from the income due said obligor and to make payable as prescribed above, the amount you must calculate on reverse/page 2. You are further ordered to comply with the requirements of Part IV of this order "Notice to Payer of Income of Withholding Order".

| DATE OF COURT ORDER | NAME OF JUDGE, FAMILY SUPPORT MAGISTRATE | DATE SIGNED |
|---|---|---|
| 11/17/00 | Simon S. Cohen, J. | 11/17/00 |

SIGNED *(Judge, Family Support Magistrate, Asst. Clerk, SEO, Authorized DSS Personnel)*
*[signature]*

**PART III**

**SUPPORT CATEGORY** *(Preparer to place an "X" in the appropriate box below)*

[X] **A.** Obligor is supporting a spouse or dependent child other than the spouse or child with respect to whose support the order is issued.
[ ] **B.** Obligor is not supporting a spouse or dependent child other than the spouse or child with respect to whose support the order is issued.
[ ] **C.** Obligor is supporting a spouse or dependent child other than the spouse or child with respect to whose support the order is issued AND there is an arrearage of 12 weeks or greater in length.
[ ] **D.** Obligor is not supporting a spouse or dependent child other than the spouse or child with respect to whose support the order is issued AND there is an arrearage of 12 weeks or greater in length.

**PART IV   NOTICE TO PAYER OF INCOME OF WITHHOLDING ORDER**

You are being served with a withholding order, a court order requiring you to withhold nonexempt income from the above-named obligor. This notice is to inform you of the actions you must take in order to comply with the law regarding withholding orders. Please read each section carefully.

**WITHHOLDING ORDER EFFECTIVE IMMEDIATELY -** Commencing no later than the first pay period, or the date of periodic payment, that occurs after fourteen days following the date of service of this withholding order and thereafter within seven business days of the date the obligor is paid you must pay the sums withheld to the state disbursement unit which is set forth in the box "Make Check Payable To" above. Place obligor's social security number on check and other payment remittance.

If this withholding order is payable on behalf of a dependent in a IV-D support case, as defined in subdivision (b) of C.G.S. § 46b-231, as amended by P.A. 99-193, you must specify the dates on which each withholding occurred and the amount withheld on those dates for the above-named obligor. You may combine all withheld amounts into a single payment to the state disbursement unit with the portion thereof which is attributable to each individual obligor being separately designated.

**CONFIDENTIAL**

*(continued on reverse/page 2)*

## PART IV NOTICE (Continued)

**PRECEDENCE OF WITHHOLDING ORDERS TO ENFORCE SUPPORT ORDERS** - All orders for withholding issued to enforce a support order take precedence over executions issued pursuant to C.G.S. §§ 52-361 or 52-361a. Two or more support withholding orders may be levied at the same time. If the total levy in any week exceeds the maximum permitted as calculated below as the Amount to be withheld, all sums due shall be allocated by the state disbursement unit in proportion to the amount of such orders, giving priority to current support.

**MAXIMUM AMOUNT DEDUCTED** - The computations you complete on this form will allow you to calculate the exact amount which should be withheld weekly from the obligor's income.

**YOUR DUTY TO COMPLY WITH THIS WITHHOLDING ORDER** - You have a legal duty to make deductions from the obligor's income and pay any amounts deducted as required by this withholding order. If you do not, legal action may be taken against you. If such an action is taken, you may be liable for the full amount not withheld since receipt of proper notice. You may also be subject to a finding of contempt by the court or family support magistrate for failure to honor any of the terms of this withholding order.

**DISCIPLINE AGAINST YOUR EMPLOYEE IS PROHIBITED** - If the obligor is your employee, you must not discipline, suspend, or discharge him/her because this withholding order has been served upon you. If you do unlawfully take action against your employee, you may be liable to pay such employee all of his/her lost earnings and employment benefits from the time of your action to the time that the employee is reinstated. In addition, a fine up to one thousand dollars may be imposed on any employer who discharges from employment, refuses to employ, takes disciplinary action against or discriminates against an employee subject to a support order for withholding because of the existence of such withholding order and the obligations or additional obligations which it imposes upon the employer.

**EMPLOYMENT STATUS CHANGE** - If the obligor is your employee, you must promptly notify the dependent or the support enforcement division, as directed, when the employee terminates employment, makes a claim for workers' compensation benefits or makes a claim for unemployment compensation benefits and you must provide the employee's last known address and the name and address of the employee's new employer, if known.

---

### COMPUTATION OF DISPOSABLE INCOME AND AMOUNT AVAILABLE FOR WITHHOLDING

Pursuant to General Statutes § 52-362, certain income of the obligor cannot be withheld to satisfy this withholding order. First, only "disposable income" may be subjected to this withholding. Disposable income for the purpose of this withholding order means that part of the earnings of an individual remaining after deduction from that income of amounts required to be withheld for the payment of federal, state and local income taxes, employment taxes, normal retirement contributions, union dues and initiation fees, and group life and health insurance premiums. Second, 85% of the first $145.00 per week of disposable income are legally exempt from this withholding order. Use the following table to compute the obligor's disposable income each week and the amount available for withholding.

1. Obligor's gross income per week............................................................................................. $ _____
2. Federal income tax withheld................................................... $ _____
3. Federal employment tax......................................................... $ _____
4. State income tax withheld ...................................................... $ _____
5. Local income tax withheld...................................................... $ _____
6. Normal retirement contribution .............................................. $ _____
7. Union dues and initiation fees................................................ $ _____
8. Group life insurance premium................................................ $ _____
9. Health insurance premium ..................................................... $ _____
10. Total allowable deductions (add lines 2-9) ............................ $ _____
11. WEEKLY DISPOSABLE INCOME (subtract line 10 from line 1)............................................. $ _____
12. Weekly Disposable Income minus 85% of the first $145.................. $ _____

13. Refer to Part III Support Category on page 1 and enter:
    50% of Weekly Disposable Income if box A is checked
    60% of Weekly Disposable Income if box B is checked          } $ _____
    55% of Weekly Disposable Income if box C is checked
    65% of Weekly Disposable Income if box D is checked

14. Amount available for withholding (lesser of lines 12 and 13)     $ _____

The instructions below must be followed to determine the amount of weekly withholding. Refer to PART I on page 1 and line 14 above.

15. Amount of withholding - to be computed weekly:
    Deduct weekly the TOTAL WITHHOLDING ORDER specified in Part I (the sum of Sections A, and B or C) or the amount specified in line 14 above, whichever is less.

LAW OFFICES
# ROBERT B. MUCHINSKY

FACSIMILE:
(860) 297-0040

39 RUSS STREET
HARTFORD, CONNECTICUT 06106-1566

(860) 297-0037

March 27, 2000

George Fan, Support Enforcement Officer
State of Connecticut Judicial Branch
Support Enforcement Division
999 Asylum Avenue
PO Box 320650, Station A
Hartford, CT 06132-0650

> Re: **Connecticut Case No.: 10142683-1**
> **North Carolina Case No.:  0001580953**

Dear Mr. Fan:

    Recently we met to discuss the case of Susan Tilley v. David Tilley. As you know, Mr. Tilley lives in North Carolina and, on May 20, 1998, in response to a request from the Connecticut Support Enforcement Division, the Lincoln County Child Support Enforcement stated that they could not pursue any action against Mr. Tilley with regard to the modification of the child support because of the fact that he was already paying above the amount required by North Carolina Law. Please request from the Lincoln County Child Support Enforcement the financial affidavit filed by Mr. Tilley that allowed them to make their determination. We need this information for an upcoming court hearing on child support.

    Please call me as soon as you have that information or let me know if there is any additional information you need from me.

Very truly yours,



ROBERT B. MUCHINSKY

RBM/car
cc: Susan Tilley



CONFIDENTIAL

# BETH J. RITTENBAND, ESQ.

(860) 541-8930  
(860) 525-7300  
(860) 527-5112 - fax

P. O. Box 5173  
Rocky Hill, CT 06067

Admitted in  
CT & NY

July 21, 1998



JUL 27 1998

BUREAU OF SUPPORT

Michele Miano  
State of Connecticut  
Judicial Branch  
Support Enforcement Division  
999 Asylum Avenue  
P.O. Box 320650  
Hartford, CT 06132-0650

RE: Susan Tilley vs. David Tilley; File No. 10142683-1; DKT No. DSS771-c/95

Dear Michele Miano,

In reference to your letter dated July 9, 1998, David Tilley **ABSOLUTELY DOES NOT** get credit for $10,000. On behalf of my client, Susan Tilley, I filed a lawsuit against Pacer Electronics, Inc. and other parties for monies owed on a wage execution order. Pacer Electronics had been ordered to pay Susan Tilley $360 per week but in fact only paid her $311 and change. The settlement for $10,000 included interest and punitive damages in the form of attorney's fees. The only credit that goes to back child support is the $3,931.74 of actual reimbursed monies that had been wrongfully witheld by Pacer Electronics, Inc. If David Tilley is to get credit on his arrearage, it would only be in the amount of $3,931.74. It is further my understanding through my client that David Tilley still owes above and beyond the amount witheld by Pacer and therefore, even with a credit of $3,931.74, he is still in arrears on child support owed to my client.

Please contact me if you have any questions regarding the lawsuit, settlement, creditable amount or any other information regarding David Tilley's arrearage.

Yours truly,

Beth J. Rittenband

**CONFIDENTIAL**

*Federal Bar Number* CT15140  
*Juris Number* 410159

*DSS771 c/asx*

May 12, 1998

Susan C. Tilley
14 Pillsbury Hill
Vernon, CT. 06066
Tel. # (860)872-2764

Support Enforcement
P.O. Box 320650
Hartford, CT. 06132

Δ *David Tilley*

To whom it may concern:

I am requesting a review of my case for a child support modification. I would like a wage verification of my ex-husband's income. I have asked for this for the past three years as you have been aware according to your files and have gotten no response as of yet.

I also asked for a copy of his income tax statement as it is a court order that I receive one every year for 5 years in our divorce decree and have not received on yet. I don't know if this is something that your agency can enforce or not. Also an arrearage amount is still owed and nothing has been done to try and collect on it. I filled out a financial affidavit two years ago on myself as I was asked to do yet I've not received a wage verification for him. I was told that Support Enforcement in North Carolina has 6 weeks to reply but have heard nothing in 3 years.

Here is a letter I was told to send to you so that you can forward it to your Review and Adjustment Office.

Thank you for your attention in this matter.

My file # is 10142683 and my social security # is REDACTED

Sincerely,

Susan C. Tilley

C: Congressman
   Sam Gejdenson

**CONFIDENTIAL**



Letter of Explanation         REDACTED
Susan Tilley
RE: Support Enforcement

    My marketing business is gradually getting more profitable and I hope by fall when the children are in school I will be able to put more time into it. By working for myself I will be able to be available for them in the event that they are sick or need me to be at their important school functions. It is also very difficult to find a job in the State of Connecticut with the hours I would be able to work.

    _____ will be in Kindergarten half days and _____ and _____ will be in school full time. I am trying to find an affordable daycare facility for _____ in the fall after school as it is only 1/2 day kindergarten and I need to work more hours to make ends meet financially. It will be nearly impossible to make an income this summer as daycare would be to expensive for three children. Although, I will still have to go to some of my meetings and get daycare on a part time business. The only way to make more money is to put more time into my business, but daycare costs may make it impossible. The average daycare for three children full time is over $300 per week.

    It is already a very stressful situation trying to start my business and having the full responsibility of our three children. When I do not receive or cannot count on a certain amount of support every week it makes it very difficult on myself and the three children. My bills have been very delinquent, and I am at risk of having my electric, my phone and my cable shut off, not to mention the fact that my car may be repossessed. I have tried to get out of my car payment by trading it in for something else but since I owe $10,000 and its book value is only $7,000 it is impossible. I cannot get approved for any type of a loan anyway due to a foreclosure on our home in Coventry. With my job and the children I really do need reliable transportation.

    My child support payments have been very irregular in the past months. I was without a check for three weeks at a time for a period of three months. I don't know when I will be getting my next one or the amount it will be. I was finally starting to get them on a regular basis every 8 to 10 days but now they are not the court ordered amount. In February he missed a check of $360 dollars, in April he missed a check for $360 dollars, and February he missed a check for $360 dollars. This has put me behind and not able to get caught up on my bills, as I count on every dime to survive.

    I am 35 yrs. old, with three beautiful children that count on me for their every need. Please understand that I only want what's best for my children. Soon I will be making a decent living on my own and will not need to count on child support. But for now I have no alternative because daycare costs make it nearly impossible for me to make any kind of an income.

**CONFIDENTIAL** 

My ex-husband left Connecticut and prior to that did not see the children for 1 year. I could not get him to commit to any visitation. During our divorce trial, it was found that he voluntarily left a job making an annual income of close to $100,000. He took me to court three times during our divorce to lower the child support payments prior to our trial. When we went to trial to finalize the divorce it was found that the support payments were lowered because his employer agreed to pay some of his income to his girlfriend to evade child support. I still have to pay the lawyer fees of approximately $2000, although he lied about his income every time he took me to court. I owe about $10,000 to lawyers at this time. David left his previous job to work for Pacer Electronics. He opened a branch in North Carolina and his title is Corporate Officer/ Branch Manager. His reason for quitting his job in Connecticut was because his previous employer Ed Stevens, at IMS in Manchester, Connecticut was not willing to mask his income any more at risk to the company so David told him that he found a company that would. This was also stated during our divorce trial. Why would anyone leave a job making close to 6 figures and relocate to another state to make a substantial amount less?

David is now remarried and he and his wife purchased a home on Lake Norman in Denver. His address is 4230 Lake Shore Road S. I believe his home is worth a substantial amount of money, according to a Realator in that area. He was also seen gassing up a yacht on the lake. Not to mention vacationing in Florida about a month ago. If an investigation was made as to David's lifestyle I'm sure you would find that he is not suffering financially.

I have not received a copy of David's income tax statement for 1995 as the court ordered I receive every year. I would like a release form signed by him so I may acquire these statements yearly on my own from the IRS.

I would also like to request a financial affidavit as to what his expenses are. I would like a signed statement of his wages from his employer before any and all deductions are taken out. His total gross salary and all commissions/bonuses.

Since his now wife, Terry Stevenson Tilley is also working for him at Pacer and monies / bonuses of David's were paid to her in the past I find it reasonable to request a wage history and/or copy of her income tax return. Her position is Outside Sales at Pacer.

These are reasonable requests considering the past history of monies hidden to evade child support. David did perjur himself in court. After he testified that no monies were diverted it was found that a $15,000 check was made out to his then girlfriend Terry Stevonson instead of David. His then employer at IMS, Ed Stevens testified to that and the check was shown in court.

I already went through a foreclosure on our home in Coventry and I am left with thousands of dollars worth of lawyer costs, not to mention doctor bills for the children, old heating bills etc.. I do not want to lose my car now either. I would like to get back on my feet and be able to care for my children, by providing for them a decent place to live,

CONFIDENTIAL

REDACTED

good schools, healthy food, and the necessities. I know my financial situation is only temporary until I can make a living full time. As I stated before in this letter it has been very difficult because of the cost of daycare for two preschoolers, and full time daycare for three children during the summer months. In the fall after school daycare for will cost $112.00 / week and that is just part time.

I stopped asking David to pay his half of the children's medical bills (as we are both responsible for 1/2 of unreimbursed medical on the children). I would always get cursed at and hung up on so I don't bother anymore. Attached please find a schedule of the medical bills I have paid and copies of medical bills that are still outstanding. I cannot afford to pay any of them at this time.

I would like to request payment of my arrearage amount as soon as possible(see attached) so I can get caught up on my bills. I feel I have been more than patient. If he does not agree to this I would like his license to be suspended, and a report made to the credit bureau.

I only want child support based on what he is truly making. There is good reason to investigate the wage history of both David and Terry Tilley. I am tired of struggling and have lost a home and my business in Coventry because of our divorce. I need a chance to get back on my feet, and provide a decent life for my children.

David is in contempt of court :

   1. Arrearage amount of $6, 439.70
   2. No income tax statement
   3. No payments on unreimbursed medical
   4. Notification of a raise within 30 days of receiving one

I am requesting the following:

   1. A copy of his 1995 Income Tax Statement
   2. 1/2 Half of all reimbursed medical (See Attached)
   3. A release form signed by him so I may acquire income tax statements yearly on my own from the IRS.
   4. A financial affidavit as to what his expenses are.
   5. A signed statement of his total gross weekly salary and all commissions/bonuses before any and all deductions.
   6. A wage statement on Terry Tilley
   7. The total amount of the arrearage amount paid in full within a reasonable amount of time.

I would also like to enforce the above orders by the following:

CONFIDENTIAL

Holidays

    Christmas        $ 350 x 3 children = $1,050
    (Tree and holiday activities)    $200

    Valentines Day        $ 35

    Easter        $ 75

    Holloween        $ 100
    (Costumes and Candy)

Total        $1460.00    $ 122/ month

Total for all Entertainment (not including Brownies or Daisy's)    $285.50/month

**CONFIDENTIAL**

**STATEMENT**

| ACCOUNT NO. | PAGE NO. |
|---|---|
| 287400 | 1 |

**BILLING DATE**
Charges Or Payments After Billing Date Will Appear On Next Statement

April 25, 1995

Dr. Daniel R. Woolwich
Dr. Harold Hutensky
351 Merline Road
Vernon, CT 06066-
(203) 875-5664

Susan Tilley
1105 Main St.
Coventry, CT 06238-

$ _____ Amount Remitted

☐ M/C    ☐ VISA    ☐ DISCOVER    ☐ AMEX

Signature _____ Date _____ Exp. Date _____

TO INSURE PROPER CREDIT PLEASE DETACH AND RETURN THIS PORTION OF THE STATEMENT WITH YOUR PAYMENT

| DATE | DESCRIPTION | REFERENCE | CHARGES | CREDITS |
|---|---|---|---|---|
| 02/24/95 | PREVIOUS BALANCE | | 27.53 | |

| CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | NEW BALANCE | | PLEASE PAY THIS AMOUNT |
|---|---|---|---|---|---|---|
| 9.71 | 0.00 | 0.00 | 17.82 | 27.53 | | 27.53 |

Drs. Woolwich & Hutensky

CONFIDENTIAL

FAMILY BALANCE FORWARD LEDGER

MR DAVID TILLEY FAMILY
6817 FISHERS FARM LN
UNIT B1
CHARLOTTE NC 28277

Dr. MALTZ
WILLIMANTIC, CT

DATE: 10/ 4/94

HOME PHONE: 742-5504

INSURANCE PLANS: PRIMARY: 881 PACER ELECTRONICS
SECONDARY: 0

FAMILY MEMBERS: MR DAVID TILLEY
REDACTED TILLEY
TILLEY

```
OWED BY FAMILY:       446.00    ON ACCOUNT:        .00
OWED BY INSURANCE:       .00
TOT FAMILY BALANCE:   (446.00)   MONTHLY PMT:       .00

ON HOLD   CURRENT   30-60    60-90    OVER 90   FINANCE
   .00       .00   446.00      .00       .00       .00
```

I could not afford to pay this. They called David numerouse times with no success in collecting it. I had to switch Dentists.

CONFIDENTIAL

```
12-26-95                    PO BOX 2309                                              PAGE 1
DATE RANGE: ALL             VERNON, CT                          06066
                            (203) 875-1795

RECORD OF PRESCRIPTIONS FOR:
     TILLEY                                          REDACTED
14 PILLSBURY HILL
VERNON, CT       06066

RX #     DATE       DC DATE    - - - - - - DRUG - - - - - - -    RPH    QTY RN/RA DYS
------   --------   --------   ----------------------------------   ---    --- ----- ---

500298   12-15-95              GENTAMICIN OPHTH SOLN               BG      5 00/00   3
GENERIC 00364-7388-53              G       6.09   DR.BUSH                 872817
499929   12-12-95              CALCIDRINE SYRUP                    NG    180 00/00  22
         00074-5763-16             L      15.00   DR.BUSH                 112045
499877   12-11-95              CEFACLOR 250MG/5ML SUSP             TW    150 00/00   8
GENERIC 00172-4610-23          250MG/ U   10.00   DR.BUSH                 389812
499876   12-11-95              GENTAMICIN OPHTH SOLN               TW      5 00/00   5
GENERIC 00364-7388-53              G       6.09   DR.BUSH                 138835
498157   11-25-95              AMPICILLIN 250MG CAPSULE            MC     20 00/00  20
GENERIC 00332-3111-09          250MG  C    8.84   DR.DISTEFANO             594125
495684   11-01-95              AMPICILLIN 250MG/5ML                NG    100 00/02  14
GENERIC 00378-0118-02          250MG  U    4.60   DR.DISTEFANO             026696
493750   10-12-95              AMPICILLIN 250MG/5ML                ME    200 00/00  10
GENERIC 00047-2302-20          250MG  U    6.70   DR.DISTEFANO             326050
491385    9-18-95              AMPICILLIN 250MG/5ML                TW    100 00/00   5
GENERIC 00378-0118-02          250MG  U    4.60   DR.DISTEFANO             733785
491069    9-14-95              SULFATRIM PED SUSP                  MC    480 00/02  25
GENERIC 00472-1285-16              L      10.00   DR.DISTEFANO             222005
486804    8-01-95              CEPHALEXIN 250MG/5ML SUSP           JC    200 00/00  10
GENERIC 00332-4177-36          250MG/ U   10.00   DR.BUSH                  203603
484851    7-11-95    8-01-95   CEPHALEXIN 250MG/5ML SUSP           BG    200 00/00  10
GENERIC 00332-4177-36          250MG/ U    9.96   DR.BUSH                  948612
484850    7-11-95              PHENAZOPYRIDINE 100MG TABLET        BG      6 00/00   2
GENERIC 00677-0575-01          100MG  T    2.97   DR.BUSH                  774547
483090    6-22-95              SULFATRIM PED SUSP                  TW    200 00/00  10
GENERIC 00472-1285-16              L       4.96   DR.BUSH                  801742
```

```
      TILLEY                          TW
14 PILLSBURY HILL   VERNON, CT 06066
   515604                       05/23/96
MACRODANTIN 25MG CAPSULE   #60
DR.DISTEFANO            COPAY  $15.00
REF# LDPKN9W            BILL   PD

VERNON DRUG, INC. • 435 HARTFORD TURNPIKE • VERNON, CT
```

```
      TILLEY                          RP
14 PILLSBURY HILL   VERNON, CT 06066
   511391                       04/08/96
SULFATRIM PED SUSP         #240
DR.DISTEFANO
  Is There new                 $10.45
     Inc.
VERNON DRUG, INC. • 435 HARTFORD TURNPIKE • VERNON, CT
```

(155.26) pd out of pocket

TOTAL FOR PRESCRIPTIONS LISTED:  (94.81 +) 35.00
                                        = $129.81
                                        + 25.45

**CONFIDENTIAL**

STATEMENT

KIDS STATION PEDIATRIC, P.C.
191 MAIN STREET
MANCHESTER, CT 06040
Telephone: (203) 643-7973

REDACTED

**ACCOUNT NUMBER** 3997F

**STATEMENT DATE** 051993

O:

MR DAVID TILLEY
PO BOX 582-1105 MAIN ST
COVENTRY, CT 06238

$ _____ AMOUNT ENCLOSED

┌─ PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT ─┐

| DIAGNOSIS CODE | SERVICE DATE | PROCEDURE CODE | PATIENT NAME | DOCTOR CODE | DESCRIPTION | CHARGES/PAYMENT/ADJ. PATIENT | INSURANCE |
|---|---|---|---|---|---|---|---|
| Patient Name | | | TILLEY | | Balance Carried Forward | 190.00 | 0.00 |
| | | | | | YOUR ACCOUNT IS 120 DAYS OVERDUE. A PYMT DUE 30 DAYS AVOID COLLECTION! | | |

| CURRENT | OVER 30 DAYS | OVER 60 DAYS | OVER 90 DAYS | OVER 120 DAYS | NEW BALANCE | PATIENT | INSURANCE |
|---|---|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 15.00 | 175.00 | | 190.00 | 0.0 |

| ACCOUNT NUMBER | | |
|---|---|---|
| 3997F | TILLEY | PATIENT IS RESPONSIBLE FOR "PATIENT NEW BALANCE" SHOWN |

KIDS STATION PEDIATRIC, P.C.
191 MAIN STREET
MANCHESTER, CT 06040
Telephone: (203) 643-7973

CONFIDENTIAL

| DIAG. CODE | DATE | OR NO | PATIENT NAME | SVC CODE | SERVICE RENDERED | AMOUNT |
|---|---|---|---|---|---|---|
| ICD-9 | | ACCOUNT NO. 01 0031293 | | CPT-4 | PREVIOUS BALANCE ▶ | |
| | | | BALANCE FORWARD | | | |
| | | | IF YOUR INSURANCE HAS CHANGED FOR SERVICES RENDERED IN 1996 PLEASE LET OUR OFFICE KNOW FOR PROPER BILLING | | | |

O--- EAST CENTER STREET
MANCHESTER, CT 06040

I CERTIFY THAT SERVICES LISTED BELOW HAVE BEEN RECEIVED AND I AUTHORIZE PAYMENT BE MADE TO MYSELF AND THE DOCTOR.

X_____ DATE _____

INSURANCE COMPANY
EMPLOYER
MARITAL STATUS  BIRTHDATE
DOES PATIENT HOLD OTHER COVERAGE?   JOB CONNECTED ILLNESS OR INJURY?   AUTO ACCIDENT?   DATE OF ONSET OR ACCIDENT   DATE FIRST CONSULT
POLICY OR MEDICARE NUMBER
IF ACCIDENT GIVE TIME AND PLACE

BALANCE DUE

## STATEMENT OF ACCOUNT
### THIS STATEMENT FOR INSURANCE PURPOSES
SEE REVERSE SIDE FOR INSTRUCTIONS TO FILE CLAIM

REDACTED

Account number: 04003

PEDIATRIC DENTAL ASSOCIATES PC
192 MAIN ST
MANCHESTER CT 06040

FORWARDING AND ADDRESS CORRECTION REQUESTED

| Date | Patient Name | | |
|---|---|---|---|
| 06/06/95 | Tilley | | |
| 06/07/95 | | BCBS of MA | |
| 06/27/95 | | BCBS of MA has paid | |
| 08/23/95 | | BCBS of MA | |
| 09/19/95 | Tilley | | |
| 10/05/95 | | BCBS of MA | |
| 10/05/95 | | BCBS of MA has paid | |
| 10/05/95 | Tilley | | |
| 10/24/95 | | BCBS of MA | |
| 10/05/95 | | BCBS of MA has paid | |
| 10/31/95 | | BCBS of MA | |
| 10/10/95 | | BCBS of MA | |
| 10/11/95 | | BCBS of MA | |
| 11/07/95 | | BCBS of MA | |
| 10/11/95 | | BCBS of MA has paid | |
| 10/11/95 | Tilley | | |
| 11/07/95 | | BCBS of MA | |
| 11/30/95 | | BCBS of MA has paid | |
| 12/31/95 | | | |
| 01/31/96 | | | |
| 02/29/96 | | | |

Statement Date 06/06/96
PLEASE CALL OFFICE ABOUT YOUR ACCOUNT!
Current Period
Over 30           5.47
Over 60           5.39
Over 90           5.24
Over 120          5.16
                354.19
PLEASE REMIT THIS AMOUNT -->  (375.45)
Continued on Next Page

Our telephone number is (203) 649-4655
FOR YOUR CONVENIENCE VISA AND MASTER
CARD ARE ACCEPTED FOR PAYMENT.
NAME
ACCOUNT NUMBER
EXPIRATION DATE

*I have PD out of my pocket & found previous visits*

CONFIDENTIAL

```
@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@
DISPLAY ACCOUNT INFORMATION                                01/11/96  1
PATIENT NAME: TILLEY,        REDACTED         MED REC NO: 00000020
         PROBE THE APPROPRIATE ACCOUNT OR KEY IN SELECTION
----------------------------------------------------------------
      ACCOUNT    PAT   FIN  MAIL CHCK   ADMIT     DISCHARGE
      NUMBER     TYPE  CLS  RTRN RTRN   DATE      DATE        BALANCE
 01   7535511    O     71               08/02/95  08/02/95      89.55
 02   2031797    O     72               09/12/91  09/12/91       0.00
 03   1972777    S     72               08/24/91  08/24/91       0.00
 04   1924521    S     72               08/09/91  08/09/91       0.00
 05    659318    I     71               08/14/90  08/15/90     620.00
 06    174623    I     71               03/23/90  03/27/90       0.00
 07
 08                                  ~~8/22/95~~
 09
 10                                  3/12/96            $147.01
 11
 12
SELECT ===>                          Total Due  (856.56)

                                          RE=REINQUIRE    MM=
SACTSEL1                                  FECKO, DONNA
@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@
```

CONFIDENTIAL

*MANCHESTER HOSPITAL*

```
@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@
DISPLAY ACCOUNT INFORMATION                              01/11/96
PATIENT NAME: TILLEY,        REDACTED           MED REC NO: 000000231

         PROBE THE APPROPRIATE ACCOUNT OR KEY IN SELECTION

     ACCOUNT    PAT  FIN  MAIL CHCK   ADMIT      DISCHARGE
     NUMBER     TYPE CLS  RTRN RTRN   DATE       DATE         BALANCE
 01  5556865    E    01              03/29/94   03/29/94        0.00
 02  5541552    E    07              03/24/94   03/24/94        0.00
 03  4608199    E    71              02/23/93   02/23/93        0.00
 04  3771656    E    71              12/18/92   12/18/92       (50.00)
 05  2029909    I    07              09/11/91   09/14/91       (50.00)
 06  1939230    I    71              08/16/91   08/20/91        0.00
 07                                                           (720.00)
 08
 09                                                    TOTAL DUE
 10                                                    $820.00
 11
 12

SELECT ===>


SACTSEL1                                         RE=REINQUIRE
                                                 FECKO, DONNA
@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@
```

Me

Susan Tilley

$1,009.12 Aug 91
102.00 Aug 91
161.00 March 90

(1272.12) TOTAL DUE

after Insurance

These bills are from the birth of our children at the time we were married. I was unemployed mom of three. I would like David to be responsible for 1/2 of these bills.

CONFIDENTIAL