| | |
|---|---|
| DOCKET NO. FA-92-0513362 S | : SUPERIOR COURT |
| SUSAN C. TILLEY | : J.D. OF HARTFORD |
| V. | : AT HARTFORD |
| DAVID G. TILLEY | : APRIL 19, 1999 |

## MOTION FOR MODIFICATION OF ORDERS AND ORDER TO SHOW CAUSE

The plaintiff in the above-captioned matter, hereby moves this Court to modify the Orders entered by Memorandum of Decision dated October 18, 1994, Santos, J. The plaintiff respectfully requests that the Court modify the aforementioned Orders in terms of child support amount, ability to claim children as dependents for IRS purposes and custody. These requests are based on significant changes in circumstances more specifically set forth below and evidence to which will be presented at the hearing on this Motion. In support of this Motion, plaintiff submits the following:

1. On October 18, 1994 the Court, Santos, J., issued a Memorandum of Decision in the above-captioned dissolution of marriage action. These Orders included joint custody to the parties of three minor children with child support of $260 per week to be paid to plaintiff by defendant and allowing defendant to claim all three children as dependents for IRS purposes. The Court further ordered that defendant pay half of any unreimbursed medical expenses for said children and that he pay $100 per week to the plaintiff in alimony for five years.

2. The circumstances which existed at the time of said orders have been significantly changed in that:

   a. As of October, 1999, defendant will no longer be paying $100 per week in alimony;

DEFENDANT'S EXHIBIT 16

b. The income claimed by defendant at the time of said orders was and is considerably less than his actual current income, numerous details to which shall be presented through evidence at the hearing on this Motion;

c. The defendant has filed bankruptcy and thereby discharged many debts that were claimed at the time of said orders, including his debts to the medical bills to which he had been ordered to pay half, for which plaintiff is now therefore the sole debtor.

d. The defendant has neither seen, attempted to visit, nor even contacted via telephone or any other means of communication, any of his three minor children since well before the date of said orders, more than six years.

e. The ages of the children have increased their expenses for basic needs.

f. Medical situations have arisen causing the cost of the childrens' medical care to dramatically increase.

WHEREFORE, the plaintiff respectfully moves that this Court modify the current orders in the following ways:

1. Award child support payments to the plaintiff in an amount appropriate to the circumstances and to defendant's actual current income and assets;

2. Allow plaintiff to claim the three minor children as dependents for IRS purposes;

3. Award plaintiff sole custody of the three minor children;

4. Take any other such action as the Court deems equitable and appropriate under the circumstances.

PLAINTIFF, SUSAN TILLEY,

BY_____
    Beth J. Rittenband
    40 Grand Street
    Hartford, CT 06106
    (860) 527-5111
    Fax (860) 527-5112
    Juris No. 410159
    Her Attorney

## ORDER

The foregoing motion for contempt having been heard, it is hereby ORDERED: GRANTED/DENIED and additionally:

1.

2.

3.

By the Court

_____
Judge/Clerk

ORDER TO SHOW CAUSE AND NOTICE

The foregoing motions having been presented to the Court, it is hereby ORDERED that a hearing be held thereon at the family relations session of this Court to be held within and for the Judicial District of Hartford at 95 Washington Street, Hartford, Connecticut on the 1st day of September, 1999 at 9:30 am/pm then and there for the defendant to show cause why the prior orders should not be modified as requested and why he should not be adjudged in contempt of this Court as requested in said motions and that the plaintiff give notice to the defendant of the pendency of said motions and this order and of the time and place where it will be heard by having a true and attested copy of the motions and this order served upon said defendant by some proper officer and summon him to appear at the time and place of the hearing for the purposes above stated in the manner prescribed by law on or before the 20th day of May, 1999.

Dated at Hartford, Connecticut this 21st day of April, 1999.

By The Court

*Carol Lundquist*
Judge/Clerk   DCOC