| | | |
|---|---|---|
| DOCKET NO. FA-92-0513362-S | : | SUPERIOR COURT |
| SUSAN C. TILLEY | : | J.D. OF HARTFORD |
| v. | : | AT HARTFORD |
| DAVID G. TILLEY | : | JUNE 30, 2000 |

## MOTION FOR MODIFICATION OF ORDERS

The plaintiff in the above-captioned matter, hereby moves that this Court to modify the orders entered by Memorandum of Decision dated October 18, 1994, Santos J. The plaintiff respectfully requests that the Court modify the aforementioned Orders in terms of child support amount, ability to claim children as dependents for IRS purposes and custody. These requests are based on significant changes in circumstances more specifically set forth below and evidence to which will be presented at the hearing on this motion. In support of this motion, plaintiff submits the following:

1. On October 18, 1994 the Court, Santos, J., issued a Memorandum of Decision in the above-captioned dissolution of marriage action. These orders included joint custody to the parties of three minor children with child support of $260.00 per week to be paid to plaintiff by defendant based upon his reported income at that time, and allowing defendant to claim all three children as dependants for IRS purposes. The Court further ordered that defendant pay half of any unreimbursed medical expenses for said children that the pay $100.00 per week to the plaintiff in alimony for five years.



ROBERT B. MUCHINSKY • ATTORNEY AT LAW • JURIS 101514
39 RUSS STREET • HARTFORD, CT 06106 • 360-297-0037 • FAX 360-297-0049

Page 2

2. The circumstances which existed at the time of the said orders have been significantly changed in the following ways:

- A. As of October 1999, defendant is no longer required to pay $100.00 per week in alimony.

- B. The income claimed by defendant at the time of said orders was and is considerably less than his actual current income, numerous details to which shall be presented through evidence at the hearing on this Motion. Since the time of said orders, defendant has concealed over $300,000 in income.

- C. The defendant has filed bankruptcy and thereby discharged many debts that were claimed at the time of said orders, including his debts to the medical bills to which he had been ordered to pay half for which plaintiff is now therefore the sole debtor.

- D. The defendant has neither seen, attempted to visit, nor ever contacted via telephone or any other means of communications, any of his three minor children since well before the date of said orders, and for a period of more than six years.

- E. The children are now six years older and their expenses and basic needs have increased.

- F. Medical situations have arisen causing the cost of the children's medical care has dramatically increase.

WHEREFORE the plaintiff respectfully moves that this Court modify the current orders in the following ways:

1. Award child support payments to the plaintiff in an amount appropriate to the circumstances and to defendant's actual current income and assets.

2. Allow plaintiff to claim the three minor children as dependents for IRS purposes;

3. Award plaintiff sole custody of the three minor children;

Page 3

4. Order arrearage payments in unreimbursed medical expenses;

5. Order arrearage payments of child support in accordance with defendant's actual income;

6. Costs of this action and attorneys fees;

7. Take any other such action as the Court deems equitable and appropriate under the circumstances.

        Plaintiff,
        SUSAN C. TILLEY

By: _____
        Robert Muchinsky
        39 Russ Street
        Hartford, CT 06001
        Telephone (860) 297-0037

Order

The foregoing Motion having been heard it is hereby ORDERED:

GRANTED/DENIED

        By the Court

        _____
        Judge/Clerk

Page 4

### Certification

I hereby certify that a copy of the foregoing has been mailed, postage prepaid to the following counsel and pro se parties of record on __7-7-00__, 2000.

**The Defendant**

Ceil Gersten, Atty.
10 North Main Street - Suite 204
West Hartford, CT 06107

_____
Robert B. Muchinsky