UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SUSAN C. TILLEY,<br><br>　　　　　Plaintiff,<br>v.<br><br>ANIXTER INCORPORATED,<br>PACER/ANIXTER INC. and<br>DAVID G. TILLEY,<br><br>　　　　　Defendants. | No. 3:02CV1312 (JCH)<br><br><br><br><br>MAY 6, 2005 |

## CORPORATE DEFENDANTS' LOCAL RULE 56(a)(2) STATEMENT

Pursuant to Rule 56(a)(2) of the Local Civil Rules of this Court, defendants Anixter Inc. and Pacer/Anixter, a Division of Anixter Inc. (collectively, the "Corporate Defendants"), hereby submit the following statement in opposition to the April 14, 2005 Local Rule 56(a)(1) Statement filed by plaintiff Susan Tilley (Dkt. #66, Attachment 2). In accordance with the Local Rule, two sections follow: The first section responds, paragraph by paragraph, to the allegations asserted by plaintiff in her Local Rule 56(a)(1) Statement; the second section sets forth material facts that preclude summary judgment for plaintiff.[1]

### Response to the Allegations Asserted in Plaintiff's Local Rule 56(a)(1) Statement

1. Corporate Defendants admit that plaintiff resides at 14 Pillsbury Hill in Vernon, Connecticut.

---

[1] Although Local Rule 56(a), suggests the title, "Disputed Issues of Material Fact," for this second section, because many of the facts precluding summary judgment for plaintiff are actually beyond dispute, we have entitled the section "Material Facts Precluding Summary Judgment for Plaintiff."

2. Corporate Defendants admit that Anixter Inc. is a duly authorized Delaware corporation doing business in Connecticut, with its principal place of business located at 2301 Patriot Boulevard, Glenview, Illinois.

3. Corporate Defendants admit that defendant David Tilley resides in Denver, North Carolina and is an employee of Anixter Inc.

4. Corporate Defendants admit that plaintiff sued certain parties in June 1998, in Connecticut Superior Court, No. CV-98-580678S. However, Corporate Defendants deny, in part, plaintiff's assertion as to which parties were sued. In fact, plaintiff at that time sued Pacer Electronics, Inc., Michael Rosa, Summit Partners, Inc. and Anixter Inc. (plaintiff has omitted the last two parties from her list here). Plaintiff did not sue Summit Investors III, L.P., Summit Ventures IV, L.P. or Anixter International, Inc. Ex. 29,[2] Verified Complaint and Temporary Injunction paperwork, <u>Susan Tilley v. Pacer Electronics, et al.</u>, Conn. Sup. Ct. 6/8/98, ¶ 12, Tab 4.[3] Although those entities were released by the June 17, 1998 Release with Ms. Tilley, Ex. 30, Release, 6/17/98, Tab 11, they were not defendants in the lawsuit.

5. Corporate Defendants admit that Susan Tilley signed a Release on June 17, 1998, in which, in return for payment of $10,000.00, she pledged to release Pacer Electronics, Inc. ("Pacer"), Anixter Inc., the parent corporation of Anixter Inc. and others not only from the fraud allegations alleged in the June 1998 Complaint, but also from a more general set of claims.

---

[2] References to "Ex. __" refer to the exhibits marked by the Corporate Defendants during depositions in this matter, unless otherwise indicated.

[3] Citations to "Tab __" refer to the attachments to Corporate Defendants' Local Rule 56(a)(1) Statement dated April 15, 2005 (Dkt. #68), unless otherwise indicated.

Rather than quoting selectively from the Release, at this stage of proceedings it is best to consider the document as a whole. It provides as follows:

> Susan Tilley of Vernon Connecticut[,] hereinafter designated as the Releasor, for and in consideration of the sum of Ten Thousand ($10,000.00) Dollars lawful Money of the United States of America, to the Releasor in hand paid by Pacer Electronics, Inc., Michael Rosa, Summit Intvestors III, L.P., Summit Ventures IV, L.P., and Anixter International, Inc., and their officers, directors, partners, predecessors, successors, parents, subsidiaries, affiliates and assigns (hereinafter collectively referred to as Releasees), the receipt whereof is hereby acknowledged, has remised, released, and forever discharged and by these Presents does forever remise, release and forever discharge the said Releasees of <u>and from all debts, obligations, suits, actions, causes of actions, trespasses, variances, judgments, extents, executions, damages, claims or demands, in law or in equity, which against the said Releasees the Releasor ever had, now has or hereafter can, shall, or may have, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of the date of these Presents.</u>
> More particularly all claims or demands in law or equity arising or asserted in or in connection with [the action then pending against Pacer, Anixter, Rosa, et al., in Superior Court], Docket No. CV-98-580678S.
> This Release is not intended to release claims Susan Tilley may have directly against David Tilley.

Ex. 30, Release, 6/17/98, Tab 11 (emphasis added). This release covers the claims pursued by plaintiff in the instant lawsuit, as explained in the accompanying memorandum of law.

6. Corporate Defendants admit that plaintiff, pursuant to a subpoena (which was issued by her own attorney in her divorce proceeding as part of a long-standing, deliberate litigation strategy concerning the alleged diversion of income by Corporate Defendants from David Tilley to his new wife – dating back to long before the start of the three-year limitations period preceding the July 30, 2002 filing of this suit[4]), received from Anixter Inc. in August of 1999

---

[4] <u>See, e.g.</u>, facts set forth in Corporate Defendants' Local Rule 56(a)(1) Statement, 4/15/05, ¶¶ 39-45, and evidence cited in support thereof, including: Rittenband/Deluco Dep. at 40-48, Tab 9; Ex. 15, Motion for Contempt and Order to Show Cause, 4/19/99, ¶¶ 2, 3, Tab 14; Ex. 16, Motion for Modification of Orders and Order to Show Cause, 4/19/99, ¶ 2(b), Tab 15; S. Tilley Dep. 10/6/04 at 49, 52, 53, 65, 66, Tab 6; Ex. 48, Notice of Deposition, 5/11/99, Tab 16;

3

certain payroll records concerning compensation paid to both David and his new wife, Terri Tilley. Notably, plaintiff does not present evidence that receipt of those records in August 1999 marked the start of Ms. Tilley's awareness of her claims concerning this alleged conduct, and Corporate Defendants would deny any such implication. In fact, plaintiff's knowledge of such claims long precedes this juncture, dating back not only to the April 1999 filing of motions in the divorce case raising these claims and the issuance of discovery pursuant thereto,[5] but all the way back to the time before the June 1998 action and the June 17, 1998 Release,[6] as described further below.

## Material Facts Precluding Summary Judgment for Plaintiff

The facts set forth in Corporate Defendants' Local Rule 56(a)(1) Statement dated April 15, 2005, ¶¶ 8-28 establish that Susan Tilley was aware of the claims raised in the instant action

---

Ex. 50, Letter from Beth Rittenband to Steven Ecker, 6/11/99, Tab 17; Ex. 51, Letter from Steven Ecker, 7/1/99, Tab 18; Ex. 17, Letter and Subpoena from Beth Rittenband to Steven Ecker, 8/2/99, Tab 19; Ex. 19, Letter from Steven Ecker to Beth Rittenband, 8/18/99, Tab 20.

[5] See, e.g., facts set forth in Corporate Defendants' Local Rule 56(a)(1) Statement, 4/15/05, ¶¶ 39-45, and the evidentiary sources cited in the previous footnote; see also Ex. 11, Letter from Susan Tilley to Support Enforcement Division of Connecticut Superior Court, 7/9/98, Tab 13 (Ms. Tilley stating in early July 1998: "His employer is masking his income, I am positive of it"); Support Enforcement Case Note, 12/1/98, Ex. 14 to Affidavit of Timothy Broderick, 2/10/05, Tab 12 (recording Ms. Tilley's statement in December 1998 that "RESP[ONDENT DAVID TILLEY] AND EMPLOYER (MIKE ROSA, CEO OF PACER 617-935-8330) ARE CONSPIRING TO DIVERT INCOME BY PAYING RESP[ONDENT DAVID TILLEY'S] CURRENT SPOUSE").

[6] In addition to the facts and evidence cited in the preceding two footnotes, see Corporate Defendants' Local Rule 56(a)(1) Statement, 4/15/05, ¶¶ 10-22, 25-26, and the evidence cited in support thereof, including: Rittenband/Deluco Dep. at 23-26, 11, 31, 34-35, 50-52 (on cross), 55-56, Tab 9; Ex. 29, Verified Complaint and Temporary Injunction paperwork, Susan Tilley v. Pacer Electronics, et al, Conn. Sup. Ct., 6/8/98, ¶¶ 36-38, 41-44, Tab 4; S. Tilley Dep. 10/6/04 at 66, Tab 6.

prior to her pursuit of the June 1998 action and the signing of the general release on June 17, 1998. These facts preclude summary judgment for plaintiff on Corporate Defendants' Counterclaim. Indeed, in light of the fact that Ms. Tilley presents no evidence that she lacked awareness of her claims prior to signing that release, the record establishes beyond dispute the applicability of the June 17, 1998 Release to the claims raised in the instant action. Accordingly, not only must summary judgment be denied to plaintiff on Corporate Defendants' Counterclaim, summary judgment for Corporate Defendants must be granted on the basis of the Release (among other grounds), as requested in Corporate Defendants' Motion for Summary Judgment dated April 15, 2005 (Dkt. #67).

For the convenience of the Court, the relevant facts are restated below.

1. By May, 1998, Susan Tilley believed she was owed an arrearage on her support payments because she had been paid less than the $360 per week ordered by the divorce court, dating back to the initiation of the garnishment. S. Tilley Dep. 10/6/04 at 25-26, Tab 6; Ex. 13, Letter from S. Tilley to Support Enforcement dated May 12, 1998, Tab 7; Ex. 29, Verified Complaint and Temporary Injunction paperwork, <u>Susan Tilley v. Pacer Electronics, et al</u>, Conn. Sup. Ct., 6/8/98, ¶ 12, Tab 4.

2. In or about May 1998, Susan Tilley began working with an attorney, Beth Rittenband, now known as Beth Deluco, seeking assistance in connection with the alleged arrearage. Rittenband/Deluco Dep. at 10, 23-24, 58, Tab 9;[7] Ex. 18, Fee Agreement, 5/29/98, Tab 10.

---

[7] Because Attorney Rittenband has changed her last name to Deluco since representing Ms. Tilley, to avoid confusion we refer herein to the transcript of her deposition as the "Rittenband/Deluco Dep."

5

3. Ms. Tilley communicated to Attorney Rittenband that the support payment arrearage had developed because Pacer, through Michael Rosa, was diverting some of David's compensation to his new wife, Terri. Rittenband/Deluco Dep. at 23-26, Tab 9.

4. Ms. Tilley had come to the belief that the arrearage was due to this alleged diversion of income by Pacer from David to Terri because "she had been researching and following the business and financial goings on and doings of her ex-husband and her ex-husband's new wife at the time." Rittenband/Deluco Dep. at 23, Tab 9.

5. According to Ms. Tilley's communications to her attorney in the May-June 1998 time frame, Pacer's diversion of income from David to Terri allowed David to take advantage of a provision of North Carolina law that bars garnishment for family support purposes of more than a certain percentage of the garnishee's income. Rittenband/Deluco Dep. at pp. 34-35, 50-52 (on cross), Tab 9.

6. On the strength of information provided by Ms. Tilley to her attorney concerning Pacer's alleged shielding of David's income, Attorney Rittenband prepared a lawsuit against Pacer, Michael Rosa, and Anixter Inc. among others. Rittenband/Deluco Dep. at pp. 26, 11, 55-56, Tab 9; Ex. 29, Verified Complaint and Temporary Injunction paperwork, Susan Tilley v. Pacer Electronics, et al, Conn. Sup. Ct., 6/8/98, Tab 4.

7. Based on this information, the complaint filed in June 1998 on Ms. Tilley's behalf asserted a fraud claim against Pacer and Rosa, charging them with, among other things, fraudulently violating the divorce court's orders and "willfully and wantonly defraud[ing] plaintiff out of money rightfully due her." Id. at ¶¶ 36-38, 41-44.

8. Ms. Tilley claimed that as a result of Pacer and Rosa's fraudulent conduct, she lacked sufficient money to provide for the care and well being of her children or pay for their basic living expenses or medical care, that she suffered the loss of her business, and that she sustained severe emotional distress. Id. at ¶¶ 22-26, 31-35, 40, 45.

9. According to Attorney Rittenband, Susan Tilley's allegation that Pacer was putting some of David's compensation into Terri's paychecks was the basis of the fraud claims in the 1998 Lawsuit. Rittenband/Deluco Dep. at pp. 26, 11, Tab. 9; Ex. 29, Verified Complaint and Temporary Injunction paperwork, Susan Tilley v. Pacer Electronics, et al, Conn. Sup. Ct., 6/8/98, Tab 4.

10. Attorney Rittenband believed that her communications with Susan Tilley and the information and documentation that she received from Ms. Tilley provided good grounds for the June 1998 action, generally, and, specifically, for the underlying claim that Pacer was improperly transferring income from David to Terri in order to avoid David's child support obligations. Rittenband/Deluco Dep. at 55, Tab 9.

11. Ms. Tilley cannot remember whether she gave Attorney Rittenband any documents as background material during the course of her representation. S. Tilley Dep. 10/6/04 at 66, Tab 6.

12. Ms. Tilley also does not recall seeing or reading the 1998 Complaint, notwithstanding that the June 1998 Complaint includes a Verification bearing the signature of "Susan C. Tilley" and stating that Ms. Tilley had read the entire Complaint. S. Tilley Dep. 10/6/04 at 114, 95-96, Tab 6; Ex. 29, Verified Complaint and Temporary Injunction paperwork, Susan Tilley v. Pacer Electronics, et al, Conn. Sup. Ct., 6/8/98, Verification page, Tab 4.

13. The 1998 action by Ms. Tilley against Pacer, Anixter Inc., Michael Rosa, et al. was initiated on or about June 8, 1998. Rittenband/Deluco Dep. at 11, 24, Tab 9; Ex. 29, Verified Complaint and Temporary Injunction paperwork, <u>Susan Tilley v. Pacer Electronics, et al</u>, Conn. Sup. Ct., 6/8/98, first page, Tab 4.

14. The action was initiated shortly before a planned acquisition of Pacer by Anixter (specifically, by Anixter International, Inc., the parent corporation of defendant Anixter Inc.). Rittenband/Deluco Dep. at 21, Tab 9. Concurrent with the filing of the Verified Complaint, Susan Tilley applied for a temporary injunction to stop the acquisition. <u>Id</u>. at 11-12, 21-22; Ex. 29, Verified Complaint and Temporary Injunction paperwork, <u>Susan Tilley v. Pacer Electronics, et al</u>, Conn. Sup. Ct., 6/8/98, Applic. for Temp. Inj., Tab 4. Plaintiff chose this time to sue because of defendants' vulnerability based on their desire to complete the acquisition on a timely basis. Rittenband/Deluco Dep. at 21-23, 28, Tab 9.

15. In filing the action at that time, Attorney Rittenband was following the lead of her client, Susan Tilley, who had been closely tracking the business and financial affairs of Pacer and Anixter, as well as her ex-husband and her ex-husband's new wife. Rittenband/Deluco Dep. at 23, Tab 9.

16. In fact, counsel for Pacer and Anixter advised Attorney Rittenband that plaintiff had indeed caught them at a vulnerable time, and the defendants quickly settled the matter with a $10,000 payment to plaintiff. <u>Id.</u> at 22, 29; Ex. 30, Release, 6/17/98, Tab 9.

17. In return for the settlement payment, Ms. Tilley released Pacer, Mr. Rosa, Summit Investors II, L.P., Summit Ventures IV, L.P., and Anixter International, Inc. (and related entities,

subsidiaries, etc., including defendant Anixter Inc.), through a signed Release dated June 17, 1998. Rittenband/Deluco Dep. at 29, Tab 9. That Release, by its terms, covered

> all debts, obligations, suits, actions, causes of actions, trespasses, variances, judgments, extents, executions, damages, claims or demands, in law or in equity, which against [Pacer, Anixter, et al.], the Releasor [Susan Tilley] ever had, now has or hereafter can, shall, or may have, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of the date of these Presents.
> More particularly all claims or demands in law or equity arising or asserted in or in connection with [the action then pending against Pacer, Anixter, Rosa, et al., in Superior Court.]

Ex. 30, Release, 6/17/98, Tab 11.

18. Prior to signing the Release, Susan Tilley had shared with Attorney Rittenband information about her allegation that Pacer had shifted income rightly payable to David and paid it instead to Terri Tilley, and about her allegation that David Tilley and Michael Rosa had misrepresented David's income during the divorce proceeding. Rittenband/Deluco Dep. at 31, Tab 9.

19. According to counsel for Susan Tilley at the time of the 1998 action and execution of the June 17, 1998 Release, the underlying claim in the 1998 action was that Pacer had shielded David's income by shifting pay from David to Terri, and that underlying claim, as to Pacer and Anixter, was settled and released through that Release. Rittenband/Deluco Dep. at 26, 34-35, 50-52 (on cross), Tab 9.

20. In her deposition testimony, Susan Tilley agreed that the Release provides for the release of Pacer and Anixter from all claims that she had against them at the time of her signing the Release. S. Tilley Dep. 10/6/04 at 111, Tab 6.

21. The June 17, 1998 Release did contain an explicit exception as to any claims by plaintiff against David Tilley, who was not a defendant in the 1998 Lawsuit. Ex. 30, 6/17/98 Release, Tab 11; Rittenband/Deluco Dep. at 37-38, Tab 9.

    DEFENDANTS
    ANIXTER INC. and PACER/ANIXTER, A
    DIVISION OF ANIXTER INC.

By: _____
    James R. Smart (ct20982)
    Steven D. Ecker (ct03762)
    Cowdery, Ecker & Murphy L.L.C.
    750 Main Street
    Hartford, CT 06103
    (860) 278-5555
    (860) 249-0012 Fax
    E-mail: jsmart@cemlaw.com

    -- Their Attorneys --

## CERTIFICATION

This is to certify that I caused a copy of the foregoing to be sent on May 6, 2005, via first-class mail, postage pre-paid to all counsel of record as follows:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106

William M. Bloss, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
P.O. Box 606
New Haven, CT 06503-0606

Robert A. Nagy, Esq.
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06106.

_____
James R. Smart