FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2005 JUN -6  P 4: 38

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| SUSAN C. TILLEY,<br>Plaintiff, | Civil Action No.<br>3:02cv1312(JCH) |
| v. | |
| ANIXTER INCORPORATED,<br>PACER/ANIXTER, INC.; and<br>DAVID G. TILLEY,<br>Defendants. | June 6, 2005 |

### AFFIDAVIT OF SUSAN C. TILLEY

1.  My name is Susan C. Tilley and I reside at 14 Pillsbury Hill, in Vernon, Connecticut. I am over the age of 18 and know the obligations of an oath.

2.  I am the plaintiff in civil action number 3:02cv1312.

3.  I was also the plaintiff in the matter entitled *Susan C. Tilley vs. Pacer Electronic, Inc. et al.*, docket number CV98-580578-S in Hartford Superior Court dated June 8, 1998. On October 18, 1994, the Superior Court required that David Tilley pay $260.00 per week in child support and $100.00 per week in alimony. In December of 1994, the court ordered a wage garnishment requiring Pacer to garnish David Tilley's wages in the amount of $360.00 per week to pay the court ordered amount. This case was brought to collect unpaid child support that had been withheld from me by the Defendant in that matter. The amount consisted of 81 consecutive weeks of child support in the amount of $48.54 per week.

Robert B. Muchinsky, Attorney at Law ~ Fed Bar No. CT12702
39 Russ Street, Hartford, CT 06106 ~ Tel: 860-297-0037 ~ Fax: 860-297-0040

4. Prior to our divorce in 1994, my ex-husband David Tilley (hereinafter "David") was working for IMS in Manchester, Connecticut. Edward Stephens was the President of IMS. On May 31, 1994, Mr. Stephens testified that he paid David's girlfriend, Theresa Stephenson, (hereinafter "Terri"), $15,000.00 by way of a 1099 form and that the income was actually David's income. The 1099 lists a false marketing company and contains David's then girlfriend, Terri Stephenson's social security number. (Tab 1 hereto).

5. In October of 1994, David Tilley and I were divorced. During this time I received payroll documents, which had been subpoena from David's employer, Pacer Electronics. Those documents included, David and Terri's hiring wages at Pacer from January 1994 (Tab 2 hereto), a financial affidavit of David stating his income of $800 per week (Tab 3 hereto) and pay stubs from February 18, 1994 to May 20, 1994. (Tab 4 hereto). These are the documents I gave Attorney Rittenband in 1998. These are the only documents that I received regarding the wages of David and Terri until 1999 when Attorney Beth Rittenband served the company with a subpoena for wage records. (Tab 5 hereto).

6. I was suspicious over the years that something strange was going on with my ex-husband's income because I knew what his capabilities were and how much money he was capable of earning. All of my efforts to find out the facts were frustrated by the lack of true information.

7. In May of 1998, Ed Stephens, the President of IMS, called me to tell me that Pacer was about to merge with Anixter Incorporated.

8. In May or June of 1998, I learned about North Carolina's maximum allowed deductions of forty (40%) percent from one's pay for child support. (Tab 6 hereto).

Page 2 of 5

Robert B. Muchinsky, Attorney at Law ~ Fed Bar No. CT12702
39 Russ Street, Hartford, CT 06106 ~ Tel: 860-297-0037 ~ Fax: 860-297-0040

9. I did not think that it was believable that my ex-husband was still earning the same amount of money that he was earning five years earlier but I had no knowledge that any diversion of income was taking place in 1998.

10. The 1998 lawsuit that I hired Attorney Beth Rittenband for had to do with the fact that the amount of $48.54 was deducted from my child support payments for 81 weeks. (Tab 7 and Tab 8 hereto). Instead of $360.00 per week. I had been paid $311.46 per week by Pacer Electronics, which was garnished from my ex-husband's wages. On June 17, 1998, I signed a release ending the case. (Tab 18 hereto).

11. I had never seen the complaint that was filed in the 1998 lawsuit. I do not recall signing the signature page, which looks different from the pages in the rest of the complaint. (Tab 10 hereto).

12. I did not have proof of any diversion of income (Tab 9 hereto) until the end of August or beginning of September, 1999 when Attorney Rittenband subpoenaed the wage documents of David and Terri from Anixter Incorporated (Tab 5 hereto). Anixter did not provide all of the information that Attorney Rittenband had requested in August of 1999. (Tab 19 hereto).

13. I did not receive other wage documents as requested by Attorney Rittenband in her subpoena of August 2, 1999 concerning David and Terri until November of 2004. (Tabs 11, 12, 13, 14 and 15 hereto).

14. I did call Support Enforcement on December 1, 1998 and made a statement about my ex-husband and his employer conspiring to divert income by paying Terri. I said this because Support Enforcement sent me a response in May of 1998 stating that I was receiving more than 40% of David's income. I found it hard to believe that after four and one-half years that David was still earning about $800 per week but I had no documents to prove this.

Robert B. Muchinsky, Attorney at Law ~ Fed Bar No. CT12702
39 Russ Street, Hartford, CT 06106 ~ Tel: 860-297-0037 ~ Fax: 860-297-0040

15. Eight months after the June 1998 release, and five days prior to the wage switch of February 22, 1999, Anixter sent a payroll document to North Carolina Support Enforcement that was false. (Tab 16 hereto). They also sent one in June of 1999 that was also false. (Tab 13 hereto).

16. I also found out in November 2004, that Anixter and David Tilley were trying to manipulate his income in other ways as well. (Tabs 11, 12, 13, 14 and 15 hereto).

17. I only hired Attorney Rittenband in 1998 to collect money from the wrongful withholding of my ex-husband's wage garnishment and the fee agreement dated May 29, 1998 clearly states this and does not say anything about a diverting of income. (Tab 7 hereto). There is also no mention of diverting income in the June 1998 Verified Complaint.

18. When I hired Attorney Rittenband to modify my child support orders on February 16, 1999, I showed her the same outdated information I showed to Support Enforcement on July 9, 1998. (Tab 17 hereto). I had received this information at the time of our divorce in 1994.

19. At the time of my bankruptcy I did not know how the claim was going to be filed against Anixter, I told Attorney Neil Ossen what the claim was pertaining to and he listed it on my bankruptcy as a "claim against ex-husband and ex-husband's employer for back child support". I did not fail or neglect to disclose my claim in my bankruptcy. (Tab 20 hereto).

20. Over the years I have been frustrated at attempting to provide for my children because of the fact that my husband's income had been switched with that of his wife and documents had been falsified and hidden from disclosure. This frustration has caused me much stress, that

Page 4 of 5

Robert B. Muchinsky, Attorney at Law ~ Fed Bar No. CT12702
39 Russ Street, Hartford, CT 06106 ~ Tel: 860-297-0037 ~ Fax: 860-297-0040

stress included chest pain, depression, anxiety, stomach problems and constant fear and worry about the ability to feed, cloth and house my family.

Susan C. Tilley

Sworn to before me this
6TH day of June 2005.

Notary Public
My Commission Expires: 10/31/05

Page 5 of 5

Robert B. Muchinsky, Attorney at Law ~ Fed Bar No. CT12702
39 Russ Street, Hartford, CT 06106 ~ Tel: 860-297-0037 ~ Fax: 860-297-0040