FILED

2005 JUN -6 P 4:38

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Susan C. Tilley, <br>     Plaintiff | : | Civil Action Number <br> 3:02cv1312(JCH) |
| v. | : | |
| Anixter Incorporated, <br> Pacer/Anixter, Inc., and <br> David G. Tilley, <br>     Defendants. | : | June 6, 2005 |

## LOCAL RULE 56(a) 2 STATEMENT

Pursuant to Rule 56(a) 2 of the Local Rules of Civil Procedure, Plaintiff, Susan C. Tilley submits her response to corporate defendants Rule 56(a) 1 Statement:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admit.

19. Denied.

20. Admit.

21. Admit.

22. Denied.

23. Admit.

24. Admit.

25. Deny first sentence of paragraph "25". Admit second sentence of paragraph "25".

26. Denied.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit that Plaintiff wrote the letter but she is not sure if she sent it to Support Enforcement. (Susan Tilley deposition at page 8).

32. Admit that plaintiff's July 9, 1998 letter stated "his employer is masking his income I'm positive of it".

33. Admit that plaintiff believed in 1998 that something unusual was going on with her ex-husband's income, however she had no proof of any diversion of income at that time other than the fact that her ex-husband's previous employer, IMS, had diverted $15,000 from David Tilley's earnings to Terri Stephenson.

34. Admit that plaintiff in her July 9, 1998 letter stated that "my child support has been based on his fraudulent misrepresentation of his wages for the past 7 years, through our separation, during and after the final divorce". Deny that plaintiff had any proof of her suspicions at the time.

35. Denied.

36. Admit that plaintiff communicated her suspicions to Support Enforcement Division of Connecticut Superior Court on December 1, 1998. However, deny that plaintiff had any proof of her suspicion until August of 1999.

37. Denied.

38. Admit.

39. Denied.

40. Admit.

41. Deny.

42. Admit that plaintiff had some difficulty at her deposition in remembering all the details of the April 19, 1999 motions.

43. Admit.

44. Admit the first sentence of paragraph "44". Deny the second sentence of paragraph "44".

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit that Ms. Tilley did not state in her bankruptcy petition that she possessed a claim for Intentional Infliction of Emotional Distress. Deny that she did not state in her petition that she had a claim against her ex-husband's employer. (Tilley Bankruptcy Petition 6/8/00 at

965 (Defendant's Tab 26)). Admit the second sentence of paragraph "52".

53. Admit that Ms. Tilley listed no claims for Emotional Distress. Deny the second sentence of paragraph "55". Admit that the claim was listed with a current market value of $1. Admit that Ms. Tilley listed the possible right to the tax refund of 1999.

54. Denied.

55. Admit.

56. Admit.

57. Admit.

57. Admit.

58. Admit.

59. Admit.

60. Admit.

61. Admit.

62. Denied.

63. Admit that Ms. Tilley made this statement in response to questioning in her deposition.

64. Admit that Ms. Tilley made this statement in response to questioning in her deposition.

## **DISPUTED ISSUES OF MATERIAL FACTS.**

(10) Denied that Ms. Tilley had told Attorney Rittenband that in the past Mr. Tilley had diverted his income to Terri Tilley when he was employed by IMS. She had suspicions but no specific information at that time. (Affidavit of Susan Tilley ¶4, ¶6).

(11) Denied. The discussion in Attorney Rittenband's deposition on page 23 had to do with how Attorney Rittenband found out about the merger that was about to take place between Anixter and Pacer. Plaintiff found out about the merger from Edward Stephens, the President of IMS, who called plaintiff and told her of the upcoming merger. (S. Tilley Aff. ¶7).

(12) Denied. Plaintiff learned about the maximum 40% allowed deduction from one's pay in North Carolina for child support garnishment in late May/June of 1998. However, she had no knowledge that the diversion of income was taking place at that time, but found it not credible that her ex-husband could still be earning the same amount of money as he was earning five years earlier. (S. Tilley Aff. ¶8).

(13) Denied. The 1998 lawsuit was about a monthly shortfall in the child support payments of $48.54 a week for 81 weeks. (Deposition of Attorney Beth Rittenband/Deluco at p. 49, S. Tilley Aff. ¶10).

(14)     Denied. The 1998 lawsuit was about a monthly shortfall in the child support payments of $48.54 a week for 81 weeks. (Deposition of Attorney Beth Rittenband/Deluco at p. 49, S. Tilley Aff. ¶10).

(15).    Denied. Plaintiff claimed in her 1998 complaint that she suffered severe emotional strain because of added pressure upon her to struggle to keep her business going and to raise funds necessary to support her children". (Paragraph 26 and 35 of the 1998 Complaint).

(16)     Denied. The 1998 lawsuit was about a shortfall of $48.54 for 81 weeks in child support payments. (Rittenband Depo. p. 49, Tilley Aff. ¶10).

(17)     Denied. The June 1998 actions have to do with the shortfall of weekly child support of $48.54 per week. (Rittenband Depo p. 49. Attorney Rittenband received documents from Ms. Tilley relating to her 1994 divorce. (Rittenband Depo. p. 49, S. Tilley Aff. ¶10).

(19)     Denied. Plaintiff denies ever having seen the complaint in the 1998 lawsuit. The signature page is of a different type in both size and style. (S. Tilley Aff. ¶11).

(22)     Denied. Michael Stephens, President of INS, told Plaintiff about the upcoming merger between Anixter and Pacer. (S. Tilley Aff. ¶7).

(25)     Denied. That plaintiff told Attorney Rittenband that $15,000 of her ex-

husband's earnings had been transferred to Terri Stephenson in 1993 while working at IMS. (S. Tilley Aff. ¶4).

(26)  Denied. Attorney Rittenband stated that the 1998 action was about a shortfall in the amount of $48.54 per week in child support payments. (Rittenband Depo pp. 49-51, Tilley Aff. ¶10).

(34)  Denied. Plaintiff did not have any proof of any diversion of income until the end of August 1999. (Tilley Aff. ¶12).

(35)  Denied. Plaintiff did not have any proof of any diversion of income until the end of August 1999. (Tilley Aff. ¶12).

(36)  Denied. Plaintiff did not have any proof of any diversion of income until the end of August 1999. (Tilley Aff. ¶12).

(37)  Denied. Neither the Motion for Contempt and Order to Show Cause nor the Motion for Modification of Orders and Order to Show Cause mentioned any thing about a diversion of income. (Tab 15 and 16 to Corporate Defendant's Rule 56(a) 1 Statement).

(39)  Deny. Neither the Motion for Contempt and Order to Show Cause dated April 19, 1999 or the Motion for Contempt of Orders and Order to Show Cause dated April 19, 1999 state anything about diversion of income. (Tab 15 and 16 to Corporate Defendant's Rule 56(a)1 Statement).

(41)     Denied. Admit that Attorney Rittenband stated in her deposition that she had good grounds for the claim and income was being transferred. However, Attorney Rittenband also stated in her deposition that the language of her motions dated April 19, 1999 was phrased broadly so that when she got to court she could argue whatever proof she came up with. Rittenband depo pg 52-53 (indicating that Attorney Rittenband did not have proof at the time of the filing of her motions). The information given to her by Ms. Tilley consisted of outdated information from 1994. (Tilley Aff. ¶4).

(44)     Denied. Attorney Rittenband's statement that this information was "essential" to the April 1999 motions that were currently pending. (Tab 17 to Corporate Defendants Rule 56(a) 1 Statement).

(52)     Deny that Ms. Tilley did not state a claim against her ex-husband's employer in her bankruptcy petition. (Tilley Bankruptcy Petition, Corporate Defendants Tab 26 at 965).

(53)     Denied that Ms. Tilley merely listed a claim arising out of her dissolution proceeding "for back child support". She also listed a claim against her ex-husband's employer. (Tilley Bankruptcy Petition, Corporate Defendants Tab 26 at 965).

(54)     Denied. Ms. Tilley's claim against her ex-husband's employer was

mistakenly listed as a claim for back child support. (Tilley Aff. ¶19).

(62) Denied. Ms. Tilley's 1998 action did not contain a claim for severe emotional distress. (Tilley Aff. Tab 10, Verified Complaint).

> Respectfully submitted,
> **The Plaintiff,**
> **Susan C. Tilley**
>
> By: _____
> Robert B. Muchinsky
> *HER ATTORNEY*
> 39 Russ Street
> Hartford, CT 06106
> Telephone: (860) 297-0037
> Federal Bar No. CT12702

## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing was mailed, postage pre-paid to the parties and counsel of record on June 6, 2005.

**Defendant,**
**Anixter Inc. & Pacer/Anixter**

Steven D. Ecker, Atty.
Cowdery, Ecker & Murphy, LLC
750 Main Street
Hartford, CT 06103
Federal Bar No. ct03762

**Defendant**
**David G. Tilley**

William M. Bloss, Esq.
Kosskoff, Kosskoff & Beider
PO Box 1661
Bridgeport, CT 06604

**Filing Location:**

Clerk of Court
U.S. District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
ROBERT B. MUCHINSKY